LAW OFFICES OF JAMES W. SPERTUS
James W. Spertus (SBN 159825)
Ezra D. Landes (SBN 253052)
Amy M. Hinkley (SBN 274571)
1990 South Bundy Dr., Suite 705
Los Angeles, California  90025
Telephone: (310) 826-4700
Facsimile:  (310) 826-4711
jim@spertuslaw.com
ezra@spertuslaw.com
amy@spertuslaw.com

Attorneys for Plaintiff Robert A. Rizzo

CONFORM

FILED
2012 MAY 18  PM 2: 53
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. RIZZO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a Pennsylvania corporation, and CHARTIS CLAIMS, INC., a Delaware corporation,<br><br>Defendants. | CV12 No. 04347 DMG  FMOx<br><br>COMPLAINT FOR:<br><br>(1) BREACH OF INSURANCE CONTRACT (DUTY TO DEFEND)<br><br>(2) BREACH OF INSURANCE CONTRACT (DUTY TO INDEMNIFY)<br><br>(3) BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (INSURANCE BAD FAITH)<br><br>(4) DECLARATORY RELIEF<br><br>DEMAND FOR A JURY TRIAL |

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA, 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

1   Comes now Plaintiff ROBERT A. RIZZO, and complains, avers and

2   alleges as follows:

### THE PARTIES

4   1.   Plaintiff ROBERT A. RIZZO ("Plaintiff" or "Mr. Rizzo") is, and at

5   all times material herein was, a resident of the State of California, County of Los

6   Angeles.

7   2.   Defendant THE INSURANCE COMPANY OF THE STATE OF

8   PENNSYLVANIA ("ICSOP") is, and at all times material herein was, a

9   Pennsylvania corporation, with its principal place of business located in the State

10  of New York.  ICSOP issued the insurance policies that are the subject of the

11  instant action.

12  3.   Defendant CHARTIS CLAIMS, INC. ("Chartis") is, and at all times

13  material herein was, a Delaware corporation with its principal place of business

14  located in the State of New York.  (ICSOP and Chartis will be referred to

15  collectively as "Defendants.").  Chartis is the claims administrator for the

16  policies that are the subject of the instant action.

17  4.   At all times material herein, each defendant was the agent, servant,

18  employee, representative, joint venturer and/or partner of each and every

19  remaining defendant, and the acts of such Defendants, and each of them, were

20  within the course and scope of said relationships.  At all times material herein,

21  the acts of such Defendants, and each of them, were authorized and ratified by

22  their co-defendants.

### JURISDICTION AND VENUE

24  5.   Jurisdiction over this action is founded upon 28 U.S.C. § 1332.

25  Complete diversity exists between Plaintiff and Defendants.  Plaintiff is a citizen

26  of the State of California.  Defendant ICSOP is a citizen of the State of

27  Pennsylvania, where it is incorporated, and is also a citizen of the State of New

28  York, where it maintains its principal place of business.  Defendant Chartis is a

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

1  citizen of the State of Delaware, where it is incorporated, and is also a citizen of
2  the State of New York, where it maintains its principal place of business. The
3  matter in controversy exceeds the sum or value of $75,000.

4          6.     This Court has personal jurisdiction over Defendants because
5  Defendants are, and at all times material herein were, engaged in substantial,
6  continuous and systematic activities within the State of California. Defendants
7  issue and administer insurance policies to and for entities and individuals in the
8  State of California. Defendants conduct business in California, direct their
9  advertising towards California residents, have an active website that targets
10 California residents, are registered with the California Secretary of State as
11 businesses conducting business in the State of California, and maintain agents for
12 service of process in California. Venue is proper under 28 U.S.C. § 1391(b), (c).

13                          **GENERAL ALLEGATIONS**

14         7.     In 1993, Mr. Rizzo became the Chief Administrative Officer
15 ("CAO") for the City of Bell, California, where he held that position until July
16 2010. Beginning in July 2006, ICSOP issued several Special Excess Liability
17 Policies for Public Entities to the City of Bell. The coverage was in effect from
18 July 1, 2006 to July 1, 2007 (Policy No. 8766699), and then for three annual
19 periods from July 1, 2008 to July 1, 2009 (Policy No. 7251852), from July 1,
20 2009 to July 1, 2010 (Policy No. 6907932), and from July 1, 2010 to July 1, 2011
21 (Policy No. 6907991) (collectively, the "Policies"). The latter two policies were
22 renewals of the July 1, 2008 to July 1, 2009 policy.

23         8.     According to Defendants, the Policies provide that only one policy
24 is triggered where tenders for coverage involve a series of related acts and,
25 according to Defendants, the only policy therefore triggered by the underlying
26 claims or suits in the instant action was the July 1, 2010 to July 1, 2011 policy
27 (Policy No. 6907991) (the "Policy").

28

9.      Under the Policy, the insured is the City of Bell and (1) "[t]hose individuals who were or now are elected or appointed officials of the [City of Bell], including members of its governing body or any other agencies, districts, authorities, committees, trustees, boards, commissions, or similar entity of the [City of Bell], while acting on behalf of the [City of Bell]" and (2) "[a]ny of [the City of Bell's] employees, servants, or volunteers while acting within the course and scope of their employment or duties as volunteers.

10.      The Policy contains the following agreements relevant to the matters alleged herein:

SECTION I. WHAT WE SHALL PAY ON YOUR BEHALF

A. INSURING AGREEMENTS . . .

2. ERRORS AND OMISSIONS LIABILITY
**We** shall pay **you**, or on **your** behalf, the **ultimate net loss**, in excess of the **retained limit**, that the **insured** becomes legally obligated to pay to compensate others for loss arising out of **your wrongful act** that takes place during the Policy Period and arises solely in performing or failing to perform duties of the **public entity**.

3. EMPLOYEE BENEFIT LIABILITY
**We** shall pay **you**, or on **your** behalf, the **ultimate net loss**, in excess of the **retained limit**, that the **insured** becomes legally obligated to compensate others for loss arising out of **your employee benefit wrongful act** that takes place during the Policy Period, in the **administration** of **your employee benefit program**.

B. DEFENSE AND DEFENSE COSTS

1. **We** shall have the right and duty to defend, investigate and settle any **claim** or **suit** seeking damages covered by the terms and conditions of this Policy when the applicable limits of insurance of the **underlying insurance** listed in the Schedule of **Underlying Insurance**, the limits of insurance of any other

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

4

Law Offices of James W. Spertus
1990 South Bundy Dr., Suite 705
Los Angeles, CA, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

**underlying insurance** providing coverage for **you**, or **your** self insured retention of the **retained limit** have been exhausted by payment to a third party of judgments, settlements, or defense costs, or by payment of **covered first party automobile expenses**.

2. When **we** assume the defense of any **claim** or **suit**:

a. **We** will defend any **claim** or **suit** against **you** seeking damages under this Policy even if such **claim** or **suit** is groundless, false, or fraudulent, but **we** have the right to investigate, defend, and settle the **claim** or suit as we deem necessary.

11. The Policy contains the following definitions relevant to the matters alleged herein:

A. **Administration** means:
1. Counseling **employees**, including their dependents and beneficiaries, with respect to the **employee benefit program**;
2. Handling records in connection with the **employee benefit program**; and/or
3. Effecting or terminating any **employee's** participation in a plan included in the **employee benefit program**.

D. **Claim(s)** means a demand for money.

H. **Employee benefit program** includes any employee benefit plan involving, but not limited to, the following:
Group life insurance, group accident or health insurance, profit sharing plans, pension plans and stock subscription plans provided that no one other than an **employee** may subscribe to such insurance or plans, unemployment insurance, social security benefits, workers' compensation and disability benefits.

I. **Employee benefit wrongful act** means any actual or alleged negligent act, error, or omission in the administration of the **employee benefit program**.

J. **Employment practice liability** shall mean any actual or alleged negligent error or omission resulting in loss to:

Law Offices of James W. Spertus
1990 South Bundy Dr., Suite 705
Los Angeles, CA, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1. A person arising out of any: . . .
   C. Employment related practices, policies, acts or omission,
   including, but not limited to, coercion, demotion, evaluation,
   **retaliation**, reassignment, discipline, defamation,
   harassment, failure to promote, humiliation, discrimination;

CC. **Retained limit** refers to the amount stated in the Declarations.
This amount may consist of a self insured retention, **underlying insurance**, or a combination thereof.  If there are policies of **underlying insurance** and they do not apply to the **occurrence**, **wrongful act**, and/or **employee benefit wrongful act**, **you** shall retain this amount as self-insurance as stated in the Declarations with respect to: . . .
   2. Each such **wrongful act** or series of continuous, repeated or related **wrongful acts**; or
   3. Each such **employee benefit wrongful act** or series of continuous, repeated, or related **employee benefit wrongful acts**.

The **retained limit**, with respect to a self-insured retention, shall include defense costs.

GG. **Suit** means a civil proceeding in which damages are alleged because of **bodily injury** or **property damage**, **wrongful act** or **employee benefit wrongful act** to which this insurance applies.

HH. **Ultimate net loss** means the sum actually paid or payable due to a **claim** or **suit** for which you are liable either by a settlement to which we agreed or a final judgment, and shall include defense costs. Such sum will include proper adjustments for recoveries and salvage.

MM. **Wrongful act** means:  Any actual or alleged error or misstatement, omission, negligent act, or breach of duty including misfeasance, malfeasance, and nonfeasance by **you**, including, but not limited to, those constituted by: . . .
   2. Any negligent ministerial act;
   3. Any faulty preparation or approval of maps, plans, reports, surveys, designs, bid documents, bid specifications, other specifications, or inaccuracies due to estimates of probable costs, but only if any of the afore listed services are provided by any **insured** for another **insured**; [or]
   4. **Employment practice liability**[.]

The terms "defend" and "defense costs" are not defined in the Policy.

12.     The Policy also contains the following exclusion relevant to the matters alleged herein:

> **We** will not defend or pay under this Policy for **claims** or **suits** against **you**:
>
> EE. For injunctions, equitable relief, or any other form of relief other than the payment of money damages[.]

13.     On September 15, 2010, the Attorney General of the State of California (the "AG") filed in the Los Angeles Superior Court a civil action against Mr. Rizzo, the City of Bell, and seven other city officials for the City of Bell (Los Angeles Superior Court ("LASC") Case No. BC445497) (the "Civil Action"). Mr. Rizzo and the other individual defendants were all sued "in their official and personal capacities." The Complaint alleged the following seven causes of action against Mr. Rizzo: (1) Waste of Public Funds under California Civil Procedure Code section 526a; (2) Negligence; (3) Negligence under California Civil Code section 1714(a); (4) Fraud; (5) Fraud under California Civil Code sections 1709 and 1711; (6) Conflict of Interest under California Government Code section 1090; and, (7) Breach of Fiduciary Duty and Violation of Public Trust.

14.     On November 4, 2010, Mr. Rizzo demurred to the Complaint, and the Court sustained the demurrer with leave to amend. On November 15, 2010, the AG filed a First Amended Complaint ("FAC"). The FAC consolidated the two negligence causes of action pled in the original Complaint, but otherwise did not change the claims.

15.     All of the allegations alleged in the Civil Action relate to conduct by Mr. Rizzo while Mr. Rizzo was acting on behalf of the City of Bell (Section

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

IV.B) or while acting within the course and scope of his employment by the City of Bell (Section IV.C).

16.     All of the allegations alleged in the Civil Action arise out of either: (1) alleged "wrongful acts," as that term is defined in the Policy, taking place during the Policy Period, and arising solely from Mr. Rizzo's performance or failure to perform his duties as CAO for the City of Bell, or (2) alleged "employee benefit wrongful acts," as that term is defined in the Policy, taking place during the Policy Period, and in the "administration" of the City of Bell's "employee benefit program," as those terms are defined in the Policy.  Each cause of action asserted by the AG in its FAC expressly refers to Mr. Rizzo's conduct while acting in his official capacity or alleges acts that only create liability if performed by a public official acting in his official capacity.

17.     The AG expressly alleged that damages were caused by Mr. Rizzo because of a "wrongful act" or "employee benefit wrongful act," as those terms are defined in the Policy, committed by Mr. Rizzo.  The AG's FAC sought the payment of money damages by Mr. Rizzo as a form of relief.  With regard to the AG's First Cause of Action for Waste of Public Funds, the AG expressly alleged that it was seeking to recover from Mr. Rizzo an amount of money equivalent to those funds that Mr. Rizzo allegedly "wastefully expended."

18.     With regard to the AG's Second Cause of Action for Negligence, the AG expressly alleged that: "The City and its citizens suffered, and continue to suffer, damages as a result of the defendants' breaches of their duties" and that "defendants are jointly and severally liable for damages to the City."

19.     With regard to the AG's Third and Fourth Causes of Action for Fraudulent Deceit, the AG expressly alleged that "defendants' action caused damages to the City and to its citizens."

COMPLAINT

20.    With regard to the AG's Fifth Cause of Action for Conflict of Interest under Govt. Code § 1090, the AG expressly alleged that Mr. Rizzo's "violation of section 1090 caused damages to the City and to its citizens."

21.    With regard to the AG's Sixth Cause of Action for Breach of Fiduciary Duty and Violation of Public Trust, the AG expressly alleged that: "The City and its citizens suffered damages as a result of defendants' violation of the public trust and breach of their fiduciary duties."

22.    With regard to all causes of action, in its prayer for relief, the AG sought orders requiring money to be paid by Mr. Rizzo for the damages alleged in the FAC, and exemplary damages to be paid by Mr. Rizzo.

23.    On September 20, 2010 the Los Angeles District Attorney's Office ("DA") filed a complaint against Mr. Rizzo (LASC Case No. BA376026) (the "Criminal Action"). On February 4, 2011, an amended felony complaint was filed charging Mr. Rizzo with 54 counts in violation of three statutes: (1) Penal Code § 424(a) (Misappropriation of Public Funds); (2) Government Code § 1090 (Conflict of Interest); and (3) Government Code § 6200(c) (Falsification of Public Records by an Official Custodian). On October 20, 2010, the DA filed a second complaint against Mr. Rizzo (LASC Case No. BA377197), charging Mr. Rizzo with one count of violation of section 1090 and one count of violation of section 424(a). On March 29, 2011, the DA filed a third complaint against Mr. Rizzo (LASC Case No. BA382701), charging Mr. Rizzo with eight counts in violation of four statutes: (1) Penal Code § 182(a)(1) (Conspiracy to Misappropriate Public Funds (§ 424(a)); (2) Government Code § 1097; (3) Government Code § 6200; and (4) Penal Code § 424(a). Some charges and/or issues in the Criminal Action overlapped with claims and/or issues in the Civil Actions, while other charges, claims and/or issues are exclusive to each of the respective actions.

Law Offices of James W. Spertus
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

9

24.   On October 15, 2010, in the Civil Action, Mr. Rizzo filed a Cross-complaint for declaratory relief against the City of Bell.  Mr. Rizzo stated three causes of action against the City of Bell for a defense and indemnification in the Civil Action and Criminal Action based on his employment contract with the City of Bell and his statutory rights pursuant to California Government Code section 995 and California Labor Code section 2802.  Mr. Rizzo was required to file his Cross-complaint against the City in order to mitigate Mr. Rizzo's (and potentially Defendants') liability and costs in connection with the Civil Action.

25.   On November 24, 2010, in the Civil Action, the City of Bell filed a cross-complaint against Mr. Rizzo.  The City 's cross-complaint alleged the following causes of action: (1) Intentional Misrepresentation; (2) Constructive Fraud; (3) Breach of Fiduciary Duty; (4) Negligence; (5) Violation of Government Code § 1090; (6) Declaratory Relief; and, (7) Unjust Enrichment. The City subsequently amended their Cross-complaint three times after demurrers filed by Mr. Rizzo were sustained with leave to amend.  (The City's original cross-complaint and its amended versions are collectively referred to as the "City's Cross-complaint."  The AG's Civil Action, Mr. Rizzo's Cross-complaint and the City's Cross-complaint are collectively referred to as the "Civil Actions.")

26.   All of the allegations alleged in the City's Cross-complaint relate to conduct by Mr. Rizzo while Mr. Rizzo was acting on behalf of the City of Bell (Section IV.B) or while acting within the course and scope of his employment by the City of Bell (Section IV.C).

27.   All of the allegations alleged in the City's Cross-complaint arise out of either:  (1) alleged "wrongful acts," as that term is defined in the Policy, taking place during the Policy Period, and arising solely from Mr. Rizzo's performance or failure to perform his duties as CAO for the City of Bell, or (2) alleged "employee benefit wrongful acts," as that term is defined in the

Law Offices of James W. Spertus
1990 South Bundy Dr., Suite 705
Los Angeles, CA, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

10

1   Policy, taking place during the Policy Period, and in the "administration" of the

2   City of Bell's "employee benefit program," as those terms are defined in the

3   Policy.  Each cause of action asserted by the City in its Cross-complaint

4   expressly refers to Mr. Rizzo's conduct while acting in his official capacity or

5   alleges acts that only create liability if performed by a public official acting in his

6   official capacity.

7       28.    The City's Cross-complaint expressly alleged that damages were

8   caused by Mr. Rizzo because of a "wrongful act" or "employee benefit wrongful

9   act," as those terms are defined in the Policy, committed by Mr. Rizzo.  The

10  City's Cross-complaint expressly seeks to recover from Mr. Rizzo general,

11  special, incidental, consequential, and punitive damages.

12      29.    On or about November 16, 2010, Mr. Rizzo tendered the Civil

13  Action to Defendants for coverage.

14      30.    On December 16, 2010, Defendant Chartis informed Mr. Rizzo in

15  writing that Defendant ICSOP will defend Mr. Rizzo against the Civil Action,

16  including Mr. Rizzo's cross-complaint against the City of Bell, and Mr. Rizzo's

17  defense of the City's Cross-complaint against Mr. Rizzo.  In a coverage

18  determination letter sent to Mr. Rizzo's counsel, dated December 16, 2010,

19  Defendant Chartis expressly stated:

20
21      ICSOP will defend Rizzo against the Attorney General Action and the
        cross-complaint filed by the City.  ISCOP will also include in its
22      defense the cross-claim filed by Rizzo against the City to the extent it
        relates to the civil lawsuit.  This defense is being provided under
23      policy no. 6907991 (the 2010-2011 policy) and under a full reservation
24      of rights as we explain below.  This agreement to defend is also
        subject to the $250,000 retained limit in the policy, which includes
25      defense costs. . . .
26
27      ICSOP agrees to pay reasonable and necessary costs incurred
        defending against the Attorney General Action from date of tender,
28      upon satisfaction of the policy's $250,000 retention.  Because of the

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

reservation of rights that ICSOP is asserting, Rizzo is entitled to select his own counsel pursuant to Calif. Civil Code § 2860.  We understand Rizzo has selected counsel. . . .  ICSOP will pay the rates it usually pays in defense of similar actions in the community to which this claim arose or is being defended.  We request that defense counsel submit bills directly to the undersigned.

The counsel selected by Mr. Rizzo, pursuant to Civil Code section 2860, was the Law Offices of James W. Spertus.  Attorney James W. Spertus has significant experience handling complex civil and criminal matters, similar to the matters at issues in the underlying actions, and has special expertise in handling criminal matters for which there could also be civil liability and vice versa.  The Law Offices of James W. Spertus has eight employees, including five attorneys, and has substantial overhead costs, unlike a solo practitioner who would be unqualified to handle the volume of work raised in the underlying litigation.

31.     At the time that Mr. Rizzo tendered the Civil Action, Mr. Rizzo also tendered the Criminal Action to Defendants.  In his communications with Defendants, Mr. Rizzo's coverage counsel clarified for Defendants that Mr. Rizzo was not asking Defendants to defend him against the Criminal Action independent of the Civil Actions.  Rather, Mr. Rizzo was seeking payment of defense costs incurred by Mr. Rizzo in defense of the Criminal Action, as a necessary expense incurred by Mr. Rizzo as part of his defense of the Civil Actions.  Due to the overlap between the Criminal Action and the Civil Actions with respect to certain charges, claims and/or issues, Mr. Rizzo's successful defense of the Civil Actions is in part dependent on his successful defense of the Criminal Action.

32.     In the December 16, 2010 coverage determination letter, Defendants informed Mr. Rizzo that Defendants would not defend Mr. Rizzo against the Criminal Action on the ground that the "Criminal Action is not a 'claim' or 'suit' as those terms are defined in the policies."  Defendants ignored Mr. Rizzo's

1  position that the defense of the Criminal Action qualifies as defense costs

2  necessary for the Civil Action and would not provide Mr. Rizzo's with a basis

3  for denying these defense costs that was responsive to Mr. Rizzo's position.

4      33.    With regard to those defense costs associated with the Civil Actions

5  that Defendants agreed to provide, in or about February 2011, Defendants

6  informed Mr. Rizzo's counsel that it would only pay Mr. Rizzo's attorneys' fees

7  at a rate of $190 per hour.  Mr. Rizzo's counsel informed Defendants that the rate

8  of $190 was not reasonable because it did not represent a rate comparable to the

9  rates charged by competent and qualified lawyers in the community handling

10  defenses of similar actions, was far lower that Mr. Rizzo's counsel's standard

11  hourly rates, and was far lower than the rates Mr. Rizzo is obligated to pay under

12  his retainer agreement with his counsel.  In March 2011, Mr. Rizzo's counsel

13  agreed to accept the rate of $190 per hour subject to Mr. Rizzo's counsel's own

14  reservation of rights to resolve the issue at a later date.  At the time, Mr. Rizzo's

15  counsel expressly informed Defendants that his acceptance of any payments from

16  Defendants at the $190 per hour rate did not constitute satisfaction of payment

17  owed by Defendants, and Mr. Rizzo's counsel reserved his right to assert claims

18  in the future to receive full payment from Defendants.

19      34.    In addition to agreeing only to pay Mr. Rizzo's counsel $190 per

20  hour, Defendants also refused to pay the hourly rate charged by Mr. Rizzo's

21  counsel to Mr. Rizzo during the period of time between the tender to Defendants

22  and the time when Defendants gave notice to Mr. Rizzo's counsel that it would

23  defend Mr. Rizzo using the $190 per hour rate.  Defendants only paid $190 per

24  hour for attorneys' fees incurred by Mr. Rizzo during this period of time.  The

25  Policy does not contain any provisions supporting the position taken by

26  Defendants and is contrary to the law.

27      35.    With regard to the $250,000 self-insured retention required to be

28  paid for defense costs prior to Defendants providing coverage, Defendants

Law Offices of James W. Spertus
1990 South Bundy Dr., Suite 705
Los Angeles, CA, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

determined that Mr. Rizzo was responsible for paying the full $250,000 despite the fact that, on information and belief, some, if not all, of Mr. Rizzo's co-defendants in the Civil Action also tendered the Civil Action to Defendants for coverage. Defendants rejected Mr. Rizzo's position that he was only responsible for paying a pro rata portion of the self-insured retention. To the extent that Mr. Rizzo's co-defendants made tenders after the $250,000 retention was satisfied by Mr. Rizzo, Defendants have not provided Mr. Rizzo with any reimbursements based on other parties to the Civil Action being required to pay their equal shares of the retention. Separately, it was Defendants position that the $250,000 could only be satisfied based on the $190 per hour rate calculation and not the rates that Mr. Rizzo in fact paid to his counsel for the successful defense provided by Mr. Rizzo's counsel. The Policy does not contain any provisions supporting the positions taken by Defendants and is contrary to the law.

36. On April 28, 2011, Defendants then sent a letter to Mr. Rizzo's counsel withdrawing coverage for the Civil Actions. Defendants withdrew coverage based on "Exclusion EE" of the Policy, which provides: "We will not defend or pay under this Policy for claims or suits against you: . . . For injunctions, equitable relief, or any other form of relief other than payment of money damages[.]" The Policy does not define the terms "equitable relief" or "money damages." Defendants April 28, 2011 letter set forth the following coverage determination:

> ICSOP agreed to defend Robert Rizzo pursuant to a full reservation of rights in connection with . . . the "Attorney General Action[.]" See our letter of December 16, 2010. . . .

> Since communicating that decision, it has come to our attention that the State has explained that it is not seeking money or damages from Rizzo; all of the State's claims are for equitable relief including restitution. Therefore, the State's claims cannot be covered by the ICSOP policy and there is no duty to defend. . . .

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

1
2
3

On November 30, 2010, Rizzo filed a demurrer to the State's First Amended Complaint. The State filed an Opposition on January 21, 2011. Rizzo filed a reply on January 27, 2011. . . .

4
5
6
7
8

The State, in responding to Rizzo's [demurrer] made it clear that it does not seek to recover damages. The State explained that: "The claims alleged in the complaint are not claims for money or damages subject to the Tort Claims Act . . . " State's Opposition at p. 9:21-24. "[T]he People are seeking restitution of excessive and wasteful compensation and other relief not subject to the presentation of a tort claim." *Id.* at p. 10:23-27. . . .

9
10
11

The State's statements in opposition to Rizzo's demurrer clearly indicate the State currently has no claim that would be covered by the ICSOP policy, regardless of whether the Court sustains or overrules the demurrer.

12   Defendants' April 28, 2011 coverage withdrawal letter provided no explanation

13   of why Defendants were withdrawing coverage for Mr. Rizzo's Cross-complaint

14   against the City of Bell and Mr. Rizzo's defense against the City's Cross-

15   complaint, which expressly alleged that it was seeking to recover money

16   damages from Mr. Rizzo.

17        37.    As set forth in paragraphs 17 through 22 above, and contrary to

18   Defendants' April 28, 2011 letter, the AG expressly alleged in its FAC that it

19   was seeking payment of money damages from Mr. Rizzo. The AG's FAC

20   alleged as part of its damage claim that it was seeking payment of money

21   damages from Mr. Rizzo for compensation paid to others that was allegedly

22   "approved" of by Mr. Rizzo. Regardless of the label applied by the AG, such

23   sums of money could never be classified as "restitution damages," since the AG

24   was seeking to recover from Mr. Rizzo an amount equivalent to those funds that

25   Mr. Rizzo allegedly "wastefully expended." The AG was not attempting to

26   recover through the Civil Action specific money or property in Mr. Rizzo's

27   possession that unjustly enriched Mr. Rizzo, and the damages sought by the AG

28

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

1  were therefore improperly labeled "restitution." Restitution is the return of

2  specific funds in defendant's possession in which plaintiff has a "vested

3  interest." The money that the AG sought Mr. Rizzo to pay was not funds in

4  which the AG (or any third party) had a vested interest, and it was not money

5  that could be "returned" by Mr. Rizzo since any money that was allegedly

6  "wastefully expended" by Mr. Rizzo when he "approved" compensation to be

7  paid to others was in the possession of others. The AG's FAC sought a judgment

8  against Mr. Rizzo for "money damages." The arguments raised by the AG in its

9  opposition to Mr. Rizzo's demurrer represented an attempt by the AG to argue

10 that it was not subject to the claim presentation requirement of the Tort Claims

11 Act (Cal. Govt. Code § 905) because the "restitution" it was seeking to recover

12 from Mr. Rizzo did not qualify as "'money or damages' as that phrase is used in

13 the Act." (In the underlying Civil Action, the AG was not exempt from the claim

14 presentation requirement as a government entity under section 905(i), pursuant to

15 the exception to section 905(i) created by the section 935). The AG, and

16 subsequently Defendants, ignored the clear authority set forth in Mr. Rizzo's

17 demurrer and reply, pleadings which were both referenced by Defendants in their

18 April 28, 2011 coverage withdrawal letter, rejecting the arguments asserted by

19 the AG and confirming that actions for restitution or reimbursement do constitute

20 claims for "money or damages" under the Tort Claims Act. In the course of

21 disregarding this clear authority, the AG attempted to argue that it qualified for

22 an exception to section 905 created for plaintiffs seeking the return of specific

23 property held by a bailee. In his reply brief, Mr. Rizzo provided clear authority,

24 of which Defendants were aware, establishing that the AG did not qualify for this

25 narrow exception that pertained to bailees only.

26       38.    Defendants' April 28, 2011 withdrawal letter ignored all

27 contradictory allegations in the AG's FAC establishing that the Civil Action was

28 "a suit which *potentially* seeks damages within the coverage of the policy" (*Gray*

*v. Zurich Ins. Co.*, 65 Cal.2d 263, 275 (1966)) and instead, citing to a statement in the AG's opposition to Mr. Rizzo's demurrer, took the position, in bad faith, that the AG's "complaint can *by no conceivable theory raise a single issue* which could bring it within the policy coverage," which under *Gray* and its progeny is the only basis for denying coverage in these circumstances. *Id.* Defendants' April 28, 2011 withdrawal letter, in bad faith, ignored the clear authority provided by Mr. Rizzo in his demurrer and reply establishing that the Civil Action was "a suit which *potentially* seeks damages within the coverage of the policy" and the existence of, at the very least, a "conceivable theory" under which the Civil Action could be brought within the policy coverage.

39.     Separate and apart from the AG's mischaracterization of the allegations in its own complaint, Defendants knowingly and intentionally ignored clear legal authority establishing that restitution is neither exclusively equitable nor exclusively legal, and that suits for payment of money by way of restitution are treated as actions at law and not equity. Defendants, in bad faith, ignored this clear legal authority, and determined that any claim for "restitution" falls within the undefined term "equitable relief" that is found in "Exclusion EE" of the Policy, which does not specifically refer to "restitution." Even if the AG's claims asserted in its opposition to Mr. Rizzo's demurrer had merit, the AG's FAC still would not fall within "Exclusion EE" based on the clear legal authority regarding the treatment of restitution claims as actions at law and not equity. Separately, as set forth in paragraph 37 above, Defendants ignored clear legal authority establishing that the damages sought by the AG were improperly labeled "restitution" in any event. Moreover, Defendants' withdrawal of coverage relied, in bad faith, on an exclusion in the Policy that is not plain and clear as required by law.

40.     Separate and apart from the AG's own mischaracterization of the allegations in its own complaint, Defendants' April 28, 2011 withdrawal letter

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

1  does not address the fact that the AG's FAC was also seeking payment of money

2  damages in the form of punitive damages.  In correspondence with Mr. Rizzo's

3  counsel, Defendants asserted the position that as a matter of law there is no

4  coverage for punitive damages, however, Defendants never identified any

5  provision in the Policy to this effect and never identified any provision in the

6  Policy excusing Defendants from fulfilling their duty to defend Mr. Rizzo

7  against an action that seeks "payment of money damages" from Mr. Rizzo in the

8  form of punitive damages, regardless of whether or not Defendants were

9  obligated to indemnify Mr. Rizzo for those punitive damages.  The claim for

10  punitive damages alone, defeated Defendants' basis for denying coverage under

11  "Exclusion EE" and Defendants, in bad faith, ignored this fact.

12      41.    On May 2, 2011, after the coverage was withdrawn, the Court

13  sustained without leave to amend Mr. Rizzo's demurrer to the AG's FAC with

14  respect to the First through Fourth and Sixth Causes of Action and sustained with

15  leave to amend Mr. Rizzo's demurrer to the Fifth Cause of Action.  The AG

16  elected not to amend the Fifth Cause and, on July 26, 2011, the Court dismissed

17  the AG's FAC in its entirety.  The claims for which Defendants refused to

18  provide coverage could not even be stated by the AG after multiple attempts to

19  file such a claim.

20      42.    On September 26, 2011, the AG filed a Notice of Appeal of the July

21  26, 2011 Order of Dismissal of the FAC.  On September 28, 2011, Mr. Rizzo's

22  counsel tendered the appeal to Defendants for coverage.  Defendants were made

23  aware that Mr. Rizzo would need to defend against the AG's appeal in order to

24  avoid a reversal of the order of dismissal that would result in the AG's dismissed

25  claims against Mr. Rizzo being revived.

26      43.    On October 7, 2011, Defendants sent a letter to Mr. Rizzo's counsel,

27  informing Mr. Rizzo's counsel that Defendants would not defend the appeal.

28  Defendants' October 7, 2011 letter stated:

The State's appeal, if successful, could revive some or all of the claims in its First Amended Complaint. I[C]SOP has evaluated those claims and the policy and has concluded that the claims made by the State are not potentially covered by the policy. The State clarified the nature of its claims in its Opposition to the defendants' demurrers, making clear that the claims are for restitution and not for damages.

44.    On May 8, 2011, Mr. Rizzo's counsel sent Defendants a bill for work performed during the period of time for which Defendants agreed to provide coverage. The bill was for fees owed after Mr. Rizzo paid the full $250,000 self-insured retention to his counsel, and the bill was calculated at a billing rate of $190 per hour. Mr. Rizzo's counsel submitted the bill under a full reservation of rights including, but not limited to, Mr. Rizzo's right to challenge Defendants' breach of contract and bad faith, the $190 per hour rate paid to Mr. Rizzo's counsel, the $190 per hour rate applied to the $250,000 retention, the $190 per hour rate paid during the period of time that the Civil Action was tendered and when Defendants agreed to defend Mr. Rizzo, and the percentage of the $250,000 retention charged to Mr. Rizzo. After receiving the bill, Defendants refused to pay all but a small fraction of the amount owed.

## FIRST CAUSE OF ACTION

### (BREACH OF INSURANCE CONTRACT – DUTY TO DEFEND)

45.    Mr. Rizzo re-alleges and incorporates herein by this reference each and every allegation set forth in paragraphs 1 through 44 of this Complaint as though set forth fully herein.

46.    A valid written insurance contract exists between Mr. Rizzo and Defendants, for which Mr. Rizzo was an "insured," as that term is defined in the insurance contract (Sections IV.B and IV.C).

47.    Mr. Rizzo timely tendered the Civil Action filed against him, along with his Cross-complaint against the City of Bell, the City's Cross-complaint against Mr. Rizzo, and the Criminal Action against Mr. Rizzo.

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

48.     Defendants had, and continue to have, a duty to defend Mr. Rizzo against the AG's Civil Action and the City's Cross-complaint.  Defendants' duty to defend Mr. Rizzo arises from multiple sources, separate and apart from Defendants' duty to defend under the implied covenant of good faith and fair dealing.  First, Defendants have an express obligation to defend and indemnify Mr. Rizzo pursuant to Sections I.A.2 and I.A.3 of the Policy and, under the Policy, the duty to indemnify "shall include defense costs."  Second, Defendants separately have an express obligation to defend Mr. Rizzo pursuant to Section I.B.1 of the Policy.  Third, Defendants separately have an implied obligation by law to defend Mr. Rizzo, pursuant to *Gray v. Zurich Ins. Co.*, 65 Cal.2d 263, 275 (1966) and its progeny.

49.     Defendants breached their insurance contract with Mr. Rizzo when they refused to defend him against the AG's Civil Action and the City's Cross-complaint.  Defendants' breach includes, but is not limited to, all proceedings in connection with the Civil Actions (the AG's Civil Action, the City's Cross-complaint, and Mr. Rizzo's Cross-complaint), the appeal of the Court's dismissal of the AG's Civil Action and all subsequent proceedings whether the dismissal is affirmed or reversed, and the Criminal Action against Mr. Rizzo.

50.     Defendants' breach also includes: (1) Defendants' failing to pay Mr. Rizzo's counsel the rates normally charged by competent and qualified lawyers in the community handling defenses of similar actions, and instead agreeing to pay, for a brief period of time, only $190 per hour, which sum is inadequate given the complexity of the cases; (2) Defendants failing to pay the hourly rate charged by Mr. Rizzo's counsel to Mr. Rizzo during the period of time between the tender to Defendants and the time when Defendants gave notice to Mr. Rizzo's counsel that it would defend Mr. Rizzo using the $190 per hour rate, and only paying $190 per hour for attorney's fees incurred by Rizzo during this period of time; (3) Defendants holding Mr. Rizzo responsible for the full

1  $250,000 self-insured retention, even though, on information and belief, some, if

2  not all, of Mr. Rizzo's co-defendants in the Civil Action also tendered the Civil

3  Action to Defendants for coverage, and then not reimbursing any money to Mr.

4  Rizzo based on any tenders made by others subsequent to Mr. Rizzo's

5  satisfaction of the full $250,000 retention; (4) Defendants' applying a rate of

6  $190 per hour when calculating Mr. Rizzo's satisfaction of the $250,000

7  retention, instead of calculating satisfaction of the retention based on the hourly

8  rates that Mr. Rizzo in fact paid to his counsel; (5) Defendants unilaterally

9  withdrawing coverage for Mr. Rizzo's defense against the AG's Civil Action and

10  the City's Cross-complaint despite the existence of facts establishing that the

11  AG's Civil Action was "a suit which *potentially* seeks damages within the

12  coverage of the policy" and the existence of, at the very least, a "conceivable

13  theory" under which the AG's Civil Action and the City's Cross-complaint could

14  be brought within the policy coverage; (6) Defendants unilaterally withdrawing

15  coverage for Mr. Rizzo's Cross-complaint without providing any basis for

16  withdrawing that coverage, despite the necessity for Mr. Rizzo to prevail on his

17  Cross-complaint as part of his defense to the Civil Action, as acknowledged by

18  Defendants' initial determination to provide coverage for Mr. Rizzo's Cross-

19  complaint; (7) Defendants refusing to defend Mr. Rizzo against the Criminal

20  Action, despite the necessity for Mr. Rizzo to prevail in the Criminal Action as

21  part of his defense to the Civil Actions; and, (8) Defendants failing to pay the

22  entire amount owed, even when calculated at the $190 per hour rate, for work

23  performed by Mr. Rizzo's counsel during the period of time for which

24  Defendants agreed to provide coverage.

25        51.    Defendants' breach of the Policy has directly and proximately

26  caused Mr. Rizzo to suffer damages.  Mr. Rizzo has incurred and will continue to

27  incur substantial defense costs, including, but not limited to, attorney's fees that

28  Defendants are responsible for paying.  Mr. Rizzo's damages also include any

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

1  amounts for which Mr. Rizzo becomes liable to any parties to the Civil Actions

2  because Mr. Rizzo's liability is a proximate and foreseeable result of Defendants'

3  breach of their duty to defend and indemnify Mr. Rizzo.  Without a defense, Mr.

4  Rizzo will not prevail against the claims made against him in the Civil Actions.

5  Mr. Rizzo's damages are in an amount to be proven at trial, exceeding the sum or

6  value of $75,000.

7  　　　　WHEREFORE, Mr. Rizzo prays for judgment against all Defendants, and

8  each of them, as more fully set forth below.

9  ### SECOND CAUSE OF ACTION

10  ### (BREACH OF INSURANCE CONTRACT – DUTY TO INDEMNIFY)

11  　　　　52.　　Mr. Rizzo re-alleges and incorporates herein by this reference each

12  and every allegation set forth in paragraphs 1 through 51 of this Complaint as

13  though set forth fully herein.

14  　　　　53.　　A valid written insurance contract exists between Mr. Rizzo and

15  Defendants, for which Mr. Rizzo was an "insured," as that term is defined in the

16  insurance contract (Sections IV.B and IV.C).

17  　　　　54.　　Mr. Rizzo timely tendered the Civil Action filed against him, along

18  with his Cross-complaint against the City of Bell, the City's Cross-complaint

19  against Mr. Rizzo, and the Criminal Action against Mr. Rizzo.

20  　　　　55.　　Pursuant to Sections I.A.2 and I.A.3 of the Policy, Defendants had,

21  and continue to have, a duty to indemnify Mr. Rizzo against the AG's Civil

22  Action and the City's Cross-complaint.  Pursuant to the express terms of the

23  Policy, Defendants' duty to indemnify Mr. Rizzo "shall include defense costs."

24  Defendants' breach of their duty to indemnify Mr. Rizzo therefore includes, but

25  is not limited to, all proceedings in connection with the Civil Actions (the AG's

26  Civil Action, the City's Cross-complaint, and Mr. Rizzo's Cross-complaint), the

27  appeal of the Court's dismissal of the AG's Civil Action and all subsequent

28

1  proceedings whether the dismissal is affirmed or reversed, and the Criminal

2  Action against Mr. Rizzo.

3      56.    Defendants breached their insurance contract with Mr. Rizzo when

4  they refused to indemnify him against the AG's Civil Action and the City's

5  Cross-complaint. Defendants' breach also includes: (1) Defendants failing to

6  pay Mr. Rizzo's counsel the rates normally charged by competent and qualified

7  lawyers in the community handling defenses of similar actions, and instead

8  agreeing to pay, for a brief period of time, only $190 per hour, which sum is

9  inadequate given the complexity of the cases; (2) Defendants failing to pay the

10 hourly rate charged by Mr. Rizzo's counsel to Mr. Rizzo during the period of

11 time between the tender to Defendants and the time when Defendants gave notice

12 to Mr. Rizzo's counsel that it would defend Mr. Rizzo using the $190 per hour

13 rate, and only paying $190 per hour for attorney's fees incurred by Rizzo during

14 this period of time; (3) Defendants holding Mr. Rizzo responsible for the full

15 $250,000 self-insured retention, even though, on information and belief, some, if

16 not all, of Mr. Rizzo's co-defendants in the Civil Action also tendered the Civil

17 Action to Defendants for coverage, and then not reimbursing any money to Mr.

18 Rizzo based on any tenders made by others subsequent to Mr. Rizzo's

19 satisfaction of the full $250,000 retention; (4) Defendants' applying a rate of

20 $190 per hour when calculating Mr. Rizzo's satisfaction of the $250,000

21 retention, instead of calculating satisfaction of the retention based on the hourly

22 rates that Mr. Rizzo in fact paid to his counsel; (5) Defendants unilaterally

23 withdrawing coverage for Mr. Rizzo's defense against the AG's Civil Action and

24 the City's Cross-complaint despite the existence of facts establishing that the

25 AG's Civil Action was "a suit which *potentially* seeks damages within the

26 coverage of the policy" and the existence of, at the very least, a "conceivable

27 theory" under which the AG's Civil Action and the City's Cross-complaint could

28 be brought within the policy coverage; (6) Defendants unilaterally withdrawing

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

23

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

1  coverage for Mr. Rizzo's Cross-complaint without providing any basis for

2  withdrawing that coverage, despite the necessity for Mr. Rizzo to prevail on his

3  Cross-complaint as part of his defense to the Civil Action, as acknowledged by

4  Defendants' initial determination to provide coverage for Mr. Rizzo's Cross-

5  complaint; (7) Defendants refusing to defend Mr. Rizzo against the Criminal

6  Action, despite the necessity for Mr. Rizzo to prevail in the Criminal Action as

7  part of his defense to the Civil Actions; and, (8) Defendants failing to pay the

8  entire amount owed, even when calculated at the $190 per hour rate, for work

9  performed by Mr. Rizzo's counsel during the period of time for which

10  Defendants agreed to provide coverage.

11      57.    Defendants' breach of the Policy has directly and proximately

12  caused Mr. Rizzo to suffer damages. Mr. Rizzo has incurred and will continue to

13  incur substantial defense costs, including, but not limited to, attorney's fees that

14  Defendants are responsible for paying. Mr. Rizzo's damages also include any

15  amounts for which Mr. Rizzo becomes liable to any parties to the Civil Actions

16  because Mr. Rizzo's liability is a proximate and foreseeable result of Defendants'

17  breach of their duty to defend and indemnify Mr. Rizzo. Without a defense, Mr.

18  Rizzo will not prevail against the claims made against him in the Civil Actions.

19  Mr. Rizzo's damages are in an amount to be proven at trial, exceeding the sum or

20  value of $75,000.

21      WHEREFORE, Mr. Rizzo prays for judgment against all Defendants, and

22  each of them, as more fully set forth below.

23  //

24  //

25  //

26  //

27  //

28  //

**THIRD CAUSE OF ACTION**

**(BREACH OF IMPLIED COVENANT OF GOOD FAITH**

**AND FAIR DEALING – INSURANCE BAD FAITH)**

58.     Mr. Rizzo re-alleges and incorporates herein by this reference each and every allegation set forth in paragraphs 1 through 57 of this Complaint as though set forth fully herein.

59.     A valid written insurance contract exists between Mr. Rizzo and Defendants, for which Mr. Rizzo was an "insured," as that term is defined in the insurance contract (Sections IV.B and IV.C).

60.     Mr. Rizzo timely tendered the Civil Action filed against him, along with his Cross-complaint against the City of Bell, the City's Cross-complaint against Mr. Rizzo, and the Criminal Action against Mr. Rizzo.

61.     Defendants had, and continue to have, a duty to defend and indemnify Mr. Rizzo against the AG's Civil Action and the City's Cross-complaint, and a duty to act in good faith and deal fairly with Mr. Rizzo with respect to the purposes and objectives of the insurance contract.  Defendants' duty to defend and indemnify Mr. Rizzo arises from multiple sources.  First, Defendants have an express obligation to defend and indemnify Mr. Rizzo, pursuant to Sections I.A.2 and I.A.3 of the Policy and, under the Policy, the duty to indemnify "shall include defense costs."  Second, Defendants separately have an express obligation to defend Mr. Rizzo pursuant to Section I.B.1 of the Policy.  Third, Defendants separately have an obligation implied by law to defend Mr. Rizzo, pursuant to *Gray v. Zurich Ins. Co.*, 65 Cal.2d 263, 275 (1966) and its progeny.  Separately, Defendants had and continue to have a duty implied by law to act in good faith and deal fairly with Mr. Rizzo with respect to these express and implied obligations to defend and indemnify Mr. Rizzo under the insurance contract.

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

62.     Defendants breached the implied covenant of good faith and fair dealing by unreasonably, without proper cause, and in bad faith withholding policy benefits due to Mr. Rizzo and by wrongfully refusing to defend and indemnify Mr. Rizzo against the AG's Civil Action and the City's Cross-complaint.  Defendants' breach includes, but is not limited to, all proceedings in connection with the Civil Actions (the AG's Civil Action, the City's Cross-complaint, and Mr. Rizzo's Cross-complaint), the appeal of the Court's dismissal of the AG's Civil Action and all subsequent proceedings whether the dismissal is affirmed or reversed, and the Criminal Action against Mr. Rizzo.

63.     Defendants' breach also includes: (1) Defendants' unreasonably, without proper cause, and in bad faith failing to pay Mr. Rizzo's counsel the rates normally charged by competent and qualified lawyers in the community handling defenses of similar actions, and instead agreeing to pay, for a brief period of time, only $190 per hour, which sum is inadequate given the complexity of the cases; (2) Defendants' unreasonably, without proper cause, and in bad faith failing to pay the hourly rate charged by Mr. Rizzo's counsel to Mr. Rizzo during the period of time between the tender to Defendants and the time when Defendants gave notice to Mr. Rizzo's counsel that it would defend Mr. Rizzo using the $190 per hour rate, and only paying $190 per hour for attorney's fees incurred by Rizzo during this period of time; (3) Defendants unreasonably, without proper cause, and in bad faith, holding Mr. Rizzo responsible for the full $250,000 self-insured retention, even though, on information and belief, some, if not all, of Mr. Rizzo's co-defendants in the Civil Action also tendered the Civil Action to Defendants for coverage, and then not reimbursing any money to Mr. Rizzo based on any tenders made by others subsequent to Mr. Rizzo's satisfaction of the full $250,000 retention; (4) Defendants' unreasonably, without proper cause, and in bad faith applying a rate of $190 per hour when calculating Mr. Rizzo's satisfaction of the $250,000 retention, instead of calculating

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

26

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

satisfaction of the retention based on the hourly rates that Mr. Rizzo in fact paid to his counsel; (5) Defendants unreasonably, without proper cause, and in bad faith unilaterally withdrawing coverage for Mr. Rizzo's defense against the AG's Civil Action and the City's Cross-complaint despite the existence of facts establishing that the AG's Civil Action was "a suit which *potentially* seeks damages within the coverage of the policy" and the existence of, at the very least, a "conceivable theory" under which the AG's Civil Action and the City's Cross-complaint could be brought within the policy coverage; (6) Defendants unreasonably, without proper cause, and in bad faith unilaterally withdrawing coverage for Mr. Rizzo's Cross-complaint without providing any basis for withdrawing that coverage, despite the necessity for Mr. Rizzo to prevail on his Cross-complaint as part of his defense to the Civil Action, as acknowledged by Defendants' initial determination to provide coverage for Mr. Rizzo's Cross-complaint; (7) Defendants unreasonably, without proper cause, and in bad faith refusing to defend Mr. Rizzo against the Criminal Action, despite the necessity for Mr. Rizzo to prevail in the Criminal Action as part of his defense to the Civil Actions; and, (8) Defendants unreasonably, without proper cause and in bad faith failing to pay the entire amount owed, even when calculated at the $190 per hour rate, for work performed by Mr. Rizzo's counsel during the period of time for which Defendants agreed to provide coverage.

64. Defendants' breach of the implied covenant of good faith and fair dealing has directly and proximately caused Mr. Rizzo to suffer damages. Mr. Rizzo has incurred and will continue to incur substantial defense costs, including, but not limited to, attorney's fees that Defendants are responsible for paying. Mr. Rizzo's damages also include any amounts for which Mr. Rizzo becomes liable to any parties to the Civil Actions because Mr. Rizzo's liability is a proximate and foreseeable result of Defendants' bad faith breach of their duty to defend and indemnify Mr. Rizzo. Without a defense, Mr. Rizzo will not prevail

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

1  against the claims made against him in the Civil Actions.  Mr. Rizzo has also lost

2  valuable property as a result of Defendants' breach.  Mr. Rizzo has also suffered

3  emotional distress damages as a result of Defendants' breach.  Additionally, Mr.

4  Rizzo has incurred additional attorneys' fees and costs as a result of Defendants'

5  tortious refusal to pay amounts due under the Policy and the efforts required to

6  compel Defendants to pay amounts due under the Policy, including, but not

7  limited to, attorneys' fees and costs incurred in connection with the instant

8  action.  Defendants' bad faith conduct is malicious, oppressive and fraudulent

9  conduct for which Mr. Rizzo is entitled to an award of punitive damages.  Mr.

10  Rizzo's damages are in an amount to be proven at trial, exceeding the sum or

11  value of $75,000.

12      WHEREFORE, Mr. Rizzo prays for judgment against all Defendants, and

13  each of them, as more fully set forth below.

## FOURTH CAUSE OF ACTION

## (DECLARATORY RELIEF AGAINST ALL DEFENDANTS)

16      65.    Mr. Rizzo re-alleges and incorporates herein by this reference each

17  and every allegation set forth in paragraphs 1 through 64 of this Complaint as

18  though set forth fully herein.

19      66.    There is an actual controversy between Mr. Rizzo and Defendants

20  that justifies a declaration of Mr. Rizzo's and Defendants' rights and duties under

21  the insurance contract.

22      67.    Mr. Rizzo faces an imminent injury absent a declaration from the

23  Court that Mr. Rizzo is entitled to a defense and indemnity from Defendants

24  against the Civil Actions (including, the AG's Civil Action, the City's Cross-

25  complaint, and Mr. Rizzo's Cross-complaint), the appeal of the Court's dismissal

26  of the AG's Civil Action and all subsequent proceedings whether the dismissal is

27  affirmed or reversed, and the Criminal Action against Mr. Rizzo.

28

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

68.    Mr. Rizzo is also entitled to a declaration of Mr. Rizzo's and Defendants' rights and duties with regard to:  (1) The amount of the hourly rate to be paid by Defendants to Mr. Rizzo's counsel for past and future attorneys' fees incurred by Mr. Rizzo (or, in the alternative, Mr. Rizzo is entitled to an Order compelling arbitration pursuant to California Civil Code section 2860 to resolve the issue concerning the amount of the hourly rate to be paid to Mr. Rizzo's counsel for past and future attorneys' fees incurred by Mr. Rizzo); (2) the amount of the hourly rate to be paid by Defendants to Mr. Rizzo's counsel for attorney's fees incurred by Mr. Rizzo during the period of time between the tender to Defendants and the time when Defendants gave notice to Mr. Rizzo's counsel that it would defend Mr. Rizzo using the $190 per hour rate; (3) the percentage of the $250,000 self-insured retention paid in full by Mr. Rizzo that Mr. Rizzo was responsible for paying and the amount he is now entitled to receive from Defendants as a reimbursement; (4) the amount of the hourly rate to be applied to the $250,000 self-insured retention; and, (5) the amount owed by Defendants for attorneys' fees incurred by Mr. Rizzo during the period of time for which Defendants agreed to provide coverage.  Mr. Rizzo is also entitled to a declaration that the AG's Civil Action and the City's Cross-complaint are suits that potentially and/or do seek damages within the coverage of the policy and/or that there exists at least a conceivable theory under which the AG's Civil Action and the City's Cross-complaint could be brought within the Policy coverage.

69.    A declaration of Mr. Rizzo's and Defendants' rights and duties is necessary at this time so that Mr. Rizzo can receive the funds to which he is entitled and so that Mr. Rizzo can make informed decisions regarding his finances and his defense and/or settlement of the Civil and Criminal Actions. Mr. Rizzo will be prejudiced when making those decisions unless there is a

declaration from the Court establishing Mr. Rizzo's and Defendants' rights and duties.

WHEREFORE, Mr. Rizzo prays for judgment against all Defendants, and each of them, as more fully set forth below.

## PRAYER FOR RELIEF

Wherefore, Mr. Rizzo prays for judgment against all Defendants, and each of them, as follows:

## FIRST CAUSE OF ACTION

## (BREACH OF INSURANCE CONTRACT – DUTY TO DEFEND)

1.    For compensatory damages and other special, general, and consequential damages in an amount according to proof;

2.    For an award of costs as authorized by law;

3.    For an award of interest, including prejudgment interest, at the legal rate of interest;

4.    For such other and further relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION

## (BREACH OF INSURANCE CONTRACT – DUTY TO INDEMNIFY)

1.    For compensatory damages and other special, general, and consequential damages in an amount according to proof;

2.    For an award of costs as authorized by law;

3.    For an award of interest, including prejudgment interest, at the legal rate of interest;

4.    For such other and further relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION

## (BREACH OF IMPLIED COVENANT OF GOOD FAITH
## AND FAIR DEALING – INSURANCE BAD FAITH)

1.    For compensatory damages and other special, general, and consequential damages in an amount according to proof;

Law Offices of James W. Spertus
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

2.    For mental and emotional distress, including pain and suffering;

3.    For punitive and exemplary damages;

4.    For an award of reasonable attorneys' fees and costs incurred by Mr. Rizzo in connection with Mr. Rizzo's Complaint and in connection with Mr. Rizzo's efforts to obtain his Policy benefits;

5.    For an award of interest, including prejudgment interest, at the legal rate of interest;

6.    For such other and further relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION

### (DECLARATORY RELIEF AGAINST ALL DEFENDANTS)

1.    For a declaration from the Court that Mr. Rizzo is entitled to a defense and indemnity from Defendants against the Civil Actions (including, the AG's Civil Action, the City's Cross-complaint, and Mr. Rizzo's Cross-complaint), the appeal of the Court's dismissal of the AG's Civil Action and all subsequent proceedings whether the dismissal is affirmed or reversed, and the Criminal Action against Mr. Rizzo;

2.    For a declaration from the Court establishing the amount of the hourly rate to be paid by Defendants to Mr. Rizzo's counsel for past and future attorneys' fees incurred by Mr. Rizzo, or, in the alternative, an Order compelling arbitration pursuant to California Civil Code section 2860 to resolve the issue concerning the amount of the hourly rate to be paid to Mr. Rizzo's counsel for past and future attorneys' fees incurred by Mr. Rizzo;

3.    For a declaration from the Court establishing the amount of the hourly rate to be paid by Defendants to Mr. Rizzo's counsel for attorney's fees incurred by Mr. Rizzo during the period of time between the tender to Defendants and the time when Defendants gave notice to Mr. Rizzo's counsel that it would defend Mr. Rizzo using the $190 per hour rate;

Law Offices of James W. Spertus
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

4.     For a declaration from the Court establishing the percentage of the $250,000 self-insured retention paid in full by Mr. Rizzo that Mr. Rizzo was responsible for paying and the amount he is now entitled to receive from Defendants as a reimbursement;

5.     For a declaration from the Court establishing the amount of the hourly rate to be applied to the $250,000 self-insured retention;

6.     For a declaration from the Court establishing the amount still owed by Defendants for attorneys' fees incurred by Mr. Rizzo during the period of time for which Defendants agreed to provide coverage;

7.     For a declaration from the Court confirming that the AG's Civil Action and the City's Cross-complaint are suits that potentially and/or do seek damages within the coverage of the policy and/or that there exists at least a conceivable theory under which the AG's Civil Action and the City's Cross-complaint could be brought within the Policy coverage;

8.     For an award of costs as authorized by law;

9.     For an award of interest, including prejudgment interest, at the legal rate of interest;

10.    For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. Rizzo hereby demands a jury trial.

Dated:   May 18, 2012                    LAW OFFICES OF JAMES W. SPERTUS

By:   _____
                                          James W. Spertus
                                          Ezra D. Landes
                                          Amy M. Hinkley
                                          Attorneys for Plaintiff Robert A. Rizzo

COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

## CV12- 4347 DMG (FMOx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)         NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
LAW OFFICES OF JAMES W. SPERTUS
James W. Spertus (SBN 159825)
1990 South Bundy Drive, Ste. 705
Los Angeles, California 90025
Tel: (310) 826-24700; Fax: (310) 826-4711

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ROBERT A. RIZZO, an individual,

PLAINTIFF(S)

v.

THE INSURANCE COMPANY OF THE STATE OF
PENNSYLVANIA, a Pennsylvania corporation, and
CHARTIS CLAIMS, INC., a Delaware corporation,

DEFENDANT(S).

CASE NUMBER

**CV12  04347 DMG FMOx**

**SUMMONS**

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _James W. Spertus_____, whose address is _1990 South Bundy Drive, Suite 705, Los Angeles, California 90025_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: May 18, 2012_____

By: _____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>Robert A. Rizzo | DEFENDANTS<br>The Insurance Company of the State of Pennsylvania<br>Chartis Claims, Inc. |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Law Offices of James W. Spertus<br>1990 S. Bundy Dr., Ste. 705<br>Los Angeles, California 90025, Tel: (310) 826-4700 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff      ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No      ☒ MONEY DEMANDED IN COMPLAINT: $ exceeding $75,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Breach of Insurance Contract (Duty to Defend & Duty to Indemnify); Breach of Implied Covenant of Good Faith & Fair Dealing (Insurance Bad Faith); Declaratory Relief

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☒ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 540 Mandamus/ Other | BANKRUPTCY | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | ☐ 290 All Other Real Property | | | |

## CV12 04347

FOR OFFICE USE ONLY:      Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
   ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles (pursuant to 28 U.S.C. sec. 1391(c)(2)) | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date May 18, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |