Sara M. Thorpe (SBN: 146529)
Daniel T. Balmat (SBN: 230504)
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant
THE INSURANCE COMPANY OF
THE STATE OF PENNSYLVANIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. RIZZO, an Individual,<br><br>               Plaintiff,<br><br>  vs.<br><br>THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a Pennsylvania corporation, and CHARTIS CLAIMS, INC., a Delaware corporation,<br><br>               Defendants. | Case No.: CV-12-04347 DMG (FMOx)<br><br>ANSWER OF DEFENDANT THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA<br><br>Complaint filed: May 18, 2012 |

Defendant THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA ("ICSOP") hereby answers Plaintiff ROBERT A. RIZZO's ("RIZZO") Complaint and alleges affirmative defenses as follows:

## THE PARTIES

1. Answering Paragraph 1 of the Complaint, Defendant is without sufficient information to admit or deny the allegations of Paragraph 1 and, on that basis, denies each and every remaining allegation in that paragraph.

2. Answering Paragraph 2 of the Complaint, Defendant admits ICSOP is a Pennsylvania corporation with its principal place of business in New York and admits ICSOP issued the four insurance policies plaintiff refers to in this lawsuit.

3. Answering Paragraph 3 of the Complaint, Defendant admits CHARTIS is a Delaware corporation with its principal place of business in New York and the claims administrator for plaintiff's claims under the four insurance policies plaintiff refers to in this lawsuit.

4. Answering Paragraph 4 of the Complaint, the allegations constitute argument and legal conclusions to which no response is required.

## JURISDICTION AND VENUE

5. Answering Paragraph 5 of the Complaint, Defendant admits this Court has jurisdiction over this matter pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332 and that the amount in controversy exceeds the jurisdictional limits of this Court.

6. Answering Paragraph 6 of the Complaint, Defendant admits venue in this District is proper under 28 U.S.C. § 1391(b), (c).

## GENERAL ALLEGATIONS

7. Answering Paragraph 7 of the Complaint, Defendant admits ICSOP issued Special Excess Liability insurance policies nos. 876699, 7251852, 6907932, and 6907991 to the City of Bell, for the periods July 1, 2006 to July 1, 2007, July 1, 2008 to July 1, 2009, July 1, 2009 to July 1, 2010, and July 1, 2010 to July 1, 2011, respectively. Defendant further admits the policies for the latter two periods were renewals of policy no. 7251852. Defendant is without sufficient information to admit or deny the remaining allegations of Paragraph 7 and, on that basis, denies each and every remaining allegation.

8. Answering Paragraph 8 of the Complaint, Defendant admits that each of the ICSOP policies provides that all "wrongful acts" or "employee benefit wrongful acts" arising out of continuous, repeated or related "wrongful acts" or "employee benefit wrongful acts" are treated as one "wrongful act" or one "employee benefit wrongful act" and that the policy in effect when the first claim or suit is made and reported to the company is the policy that applies. Thus, the

**Gordon & Rees LLP**
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

policy implicated by plaintiff's claims was policy no. 6907991 (hereafter referred to as the "Policy").  Defendant is without sufficient information to admit or deny the remaining allegations of Paragraph 8 and, on that basis, denies each and every remaining allegation.

  9. Answering Paragraph 9 of the Complaint, Defendant admits the City of Bell is the named insured under the Policy and the Policy is a written document that speaks for itself.

  10. Answering Paragraph 10 of the Complaint, Defendant admits the Policy contains the quoted language but does not admit those are the only relevant policy provisions.  The Policy is a written document that speaks for itself.

  11. Answering Paragraph 11 of the Complaint, Defendant admits the Policy contains the quoted language but does not admit those are the only relevant policy provisions.  The Policy is a written document that speaks for itself.

  12. Answering Paragraph 12 of the Complaint, Defendant admits the Policy contains the quoted language but does not admit the quoted language is the only relevant policy exclusions.  The Policy is a written document that speaks for itself.

  13. Answering Paragraph 13 of the Complaint, Defendant is informed and believes the allegations to be true.  The Complaint is a written document that speaks for itself.

  14. Answering Paragraph 14 of the Complaint, Defendant is informed and believes the allegations to be true that RIZZO demurred to the Attorney General's ("AG") civil complaint on November 4, 2010, the court sustained the demurrer with leave to amend, and on November 14, 2010 the AG filed an amended complaint.  Defendant is without sufficient information to admit or deny the remaining allegations of Paragraph 14 and, on that basis, denies each and every remaining allegation.

  15. Answering Paragraph 15 of the Complaint, Defendant is without

sufficient information to admit or deny the allegations of Paragraph 15 and, on that basis, denies each and every remaining allegation.

16. Answering Paragraph 16 of the Complaint, the allegations constitute legal conclusions to which no response is required. To the extent these allegations do not constitute legal conclusions, Defendant is without sufficient information to admit or deny whether the allegations alleged in the Civil Action "arise out of" alleged "wrongful acts" or whether the conduct by RIZZO was in his official capacity, and on that basis denies each and every remaining allegation contained in Paragraph 16.

17. Answering Paragraph 17 of the Complaint, Defendant admits the complaint in the Civil Action alleged the AG sought to recover for RIZZO's allegedly wasteful expenditures. Defendant denies the remaining allegation that "the AG expressly alleged that damages were caused by Mr. Rizzo because of a 'wrongful act' or 'employee benefit wrongful act' as those terms are defined in the Policy, committed by Mr. Rizzo" since the complaint in the Civil Action does not contain any such express allegations.

18. Answering Paragraph 18 of the Complaint, Defendant admits the quoted language appears in the AG's complaint. The Complaint is a written document that speaks for itself.

19. Answering Paragraph 19 of the Complaint, Defendant admits the quoted language appears in the AG's complaint. The Complaint is a written document that speaks for itself.

20. Answering Paragraph 20 of the Complaint, Defendant admits the quoted language appears in the AG's complaint. The Complaint is a written document that speaks for itself.

21. Answering Paragraph 21 of the Complaint, Defendant admits the quoted language appears in the AG's complaint. The Complaint is a written document that speaks for itself.

ICSOP'S ANSWER TO COMPLAINT

22. Answering Paragraph 22 of the Complaint, Defendant admits the complaint in the Civil Action sought, *inter alia*, declaratory relief and an order that RIZZO "make restitution" to various entities and for an award of exemplary damages against RIZZO. Defendant denies each and every remaining allegation in Paragraph 22. The Complaint is a written document that speaks for itself.

23. Answering Paragraph 23 of the Complaint, upon information and belief, Defendant believes the allegations to be true. The Complaint is a written document that speaks for itself.

24. Answering Paragraph 24 of the Complaint, upon information and belief, Defendant believes it to be true that RIZZO filed a Cross-Complaint against the City of Bell on October 15, 2010 stating the causes of action described by plaintiff. Defendant is without sufficient information to admit or deny the remaining allegations of Paragraph 24 and, on that basis, denies each and every remaining allegation.

25. Answering Paragraph 25 of the Complaint, upon information and belief, Defendant believes the allegations to be true.

26. Answering Paragraph 26 of the Complaint, the allegations constitute argument, legal conclusion, and the very issues the Court is being asked to decide and, therefore, no response is required. Defendant denies the remaining allegations in the Paragraph.

27. Answering Paragraph 27 of the Complaint, the allegations constitute argument, legal conclusion, and the very issues the Court is being asked to decide and, therefore, no response is required. Defendant denies the remaining allegations in the Paragraph.

28. Answering Paragraph 28, the allegations constitute argument, legal conclusion, and the very issues the Court is being asked to decide and, therefore, no response is required. Defendant denies the remaining allegations in the Paragraph.

29. Answering Paragraph 29 of the Complaint, Defendant admits the allegations.

30. Answering Paragraph 30 of the Complaint, Defendant admits it sent a letter to RIZZO dated December 16, 2010 that contains the language quoted in Paragraph 30. Defendant is informed and believes that RIZZO retained James Spertus as his counsel pursuant to Civil Code § 2860. Defendant is without sufficient information to admit or deny the remaining allegations of Paragraph 30 and, on that basis, denies each and every remaining allegation contained therein. The letter is a written document that speaks for itself.

31. Answering Paragraph 31 of the Complaint, Defendant admits RIZZO tendered the Criminal Action at approximately the same time he tendered the Civil Action. Defendant is without sufficient information to admit or deny the remaining allegations of Paragraph 31 and, on that basis, denies each and every remaining allegation.

32. Answering Paragraph 32 of the Complaint, Defendant admits it denied any duty to defend RIZZO against the Criminal Action and admits the quoted language appears in the December letter to RIZZO's counsel. Defendants denies each and every remaining allegation contained in Paragraph 32. The letter is a written document that speaks for itself.

33. Answering Paragraph 33 of the Complaint, Defendant admits that in connection with ICSOP's initial agreement to defend pursuant to a reservation of rights, Defendant agreed to pay $190 per hour to RIZZO's counsel for time spent on the matter, after the $250,000 retained limit in the Policy had been satisfied. Defendant admits RIZZO's counsel disputed the $190 per hour rate. Defendant admits on or about March 22, 2011 RIZZO's counsel sent an invoice in connection with work performed in the Civil Action, which RIZZO contended exceeded the $250,000 retained limit. Defendant admits counsel advised that he was reserving certain rights. Defendant is without sufficient information to admit or deny the

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

remaining allegations of Paragraph 33 and, on that basis, denies each and every remaining allegation.

34. Answering Paragraph 34 of the Complaint, Defendant admits ICSOP initially agreed, pursuant to a reservation of rights, to pay RIZZO's counsel $190 per hour to defend the Civil Action. Defendant denies that the Policy and law do not support the positions Defendant has taken regarding payment of RIZZO's attorney fees. Defendant is without sufficient information to admit or deny the remaining allegations of Paragraph 34 and, on that basis, denies each and every remaining allegation contained therein.

35. Answering Paragraph 35 of the Complaint, Defendant is informed and believes RIZZO, through counsel, claimed the $250,000 retention should be paid pro rata among all insureds who tendered the Civil Action. Defendant admits RIZZO was told he would have to satisfy the retained limit before ICSOP would pay any defense costs. Upon information and believe, Defendant believes no other insured under the Policy has contributed to or satisfied the retention. Defendant admits ICSOP has not reimbursed RIZZO any portion of the retained limit "based on other parties to the Civil Action being required to pay their equal shares of the retention." Defendant denies the allegation that the Policy and law do not support Defendant's position. Defendant is without sufficient information to admit or deny the remaining allegations of Paragraph 35 and, on that basis, denies each and every remaining allegation.

36. Answering Paragraph 36 of the Complaint, Defendant admits to sending a letter dated April 28, 2011 to counsel for RIZZO that contained the quoted language and admits Defendant withdrew coverage for the Civil Action based on certain exclusions in the Policy, including Exclusion EE. Defendant admits the Policy does not define "equitable relief" or "money damages" but in so admitting does not admit any definition was needed. Defendant denies the remaining allegations of Paragraph 36. The letter is a written document that

speaks for itself.

38. Answering Paragraph 37 of the Complaint, the allegations constitute argument, legal conclusions, and the very issues the Court is being asked to decide and, therefore, no response is required. Defendant denies the remaining allegations in Paragraph 37.

38. Answering Paragraph 38 of the Complaint, Defendant denies the April 28, 2011 letter contains the language quoted. The allegations of Paragraph 38 constitute argument, legal conclusions, and the very issues the Court is being asked to decide and, therefore, no response is required. Defendant denies the remaining allegations in Paragraph 38.

39. Answering Paragraph 39 of the Complaint, the allegations constitute argument, legal conclusions, and the very issues the Court is being asked to decide and, therefore, no response is required. Defendant denies the remaining allegations in Paragraph 39.

40. Answering Paragraph 40 of the Complaint, Defendant admits it took the position there is no coverage for punitive damages under the Policy. Defendant admits the April 28, 2011 letter did not cite any Policy provision excluding coverage for punitive damages, because California public policy bars indemnification of punitive damages awards. *PPG Industries, Inc. v. Transamerica Ins. Co*. (1999) 20 Cal.4th 310, 317-318. The remaining allegations constitute argument, legal conclusions, and the very issues the Court is being asked to decide and, therefore, no response is required. Defendant denies the remaining allegations in Paragraph 40.

41. Answering Paragraph 41 of the Complaint, upon information and belief, Defendant believes the court sustained RIZZO's demurrer as indicated and the AG did not amend and the AG's complaint was dismissed. The allegation that "The claims for which Defendants refused to provide coverage could not even be stated by the AG after multiple attempts to file such a claim[]" constitutes

1 argument or a legal conclusion to which no response is required.

2     42. Answering Paragraph 42 of the Complaint, upon information and
3 believe, Defendant believes an appeal was filed. Defendant admits the appeal was
4 tendered. The remaining allegations are argument and denied.

5     43. Answering Paragraph 43 of the Complaint, Defendant admits the
6 allegations. The letter is a written document that speaks for itself.

7     44. Answering Paragraph 44 of the Complaint, Defendant admits on or
8 about May 8, 2011, counsel for RIZZO sent a bill for work purportedly performed
9 during the period of time for which ICSOP agreed to defend under reservation of
10 rights. Defendant admits RIZZO's counsel represented these were amounts
11 incurred over and above the $250,000 retained limit. Defendant admits ICSOP
12 paid the amount ICSOP calculated to be owed. Defendant denies all remaining
13 allegations in Paragraph 44.

14 ## FIRST CAUSE OF ACTION

15     45. Answering Paragraph 45 of the Complaint, Defendant incorporates by
16 reference the responses of Paragraphs 1 through 44, above.

17     46. Answering Paragraph 46 of the Complaint, the allegation constitutes
18 argument, legal conclusion, and the very issue the Court is being asked to decide
19 and, therefore, no response is required. Whether RIZZO is an insured under the
20 Policy depends on whether the allegations against him were based on RIZZO
21 acting on the City of Bell's behalf. Defendant denies the remaining allegations in
22 the Paragraph.

23     47. Answering Paragraph 47 of the Complaint, Defendant admits RIZZO
24 tendered the Civil Action and the Criminal Action on or about November 16, 2010,
25 and tendered his Cross-Complaint against the City and the City's Cross-Complaint
26 on or about November 29, 2010. The remaining allegations constitute argument,
27 legal conclusion, and the very issue the Court is being asked to decide and,
28 therefore, no response is required. Defendant denies the remaining allegations in

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

the Paragraph.

48. Answering Paragraph 48 of the Complaint, the allegation constitutes argument, legal conclusion, and the very issue the Court is being asked to decide and, therefore, no response is required.  Defendant admits the Policy provides a duty to defend under certain circumstances, but denies any duty to defend RIZZO against the Civil Action and the City's Cross-Complaint, including on the grounds that the Civil Action did not seek money damages covered by the Policy.

49. Answering Paragraph 49 of the Complaint, the allegation constitutes argument, legal conclusion, and the very issues the Court is being asked to decide and, therefore, no response is required.  Defendant denies any breach of any duty to RIZZO.

50. Answering Paragraph 50 of the Complaint, the allegation constitutes argument, legal conclusion, and the very issues the Court is being asked to decide and, therefore, no response is required.  Defendant denies the remaining allegations the Paragraph.

51. Answering Paragraph 51 of the Complaint, the allegation constitutes argument, legal conclusion, and the very issue the Court is being asked to decide and, therefore, no response is required.  Defendant denies RIZZO has suffered any damages as a result of any acts or omissions by Defendant.

## SECOND CAUSE OF ACTION
### (BREACH OF INSURANCE CONTRACT – DUTY TO INDEMNIFY)

52. Answering Paragraph 52 of the Complaint, Defendant incorporates by reference the responses of Paragraphs 1 through 51, above.

53. Answering Paragraph 53 of the Complaint, the allegation constitutes argument, legal conclusion, and the very issues the Court is being asked to decide and, therefore, no response is required.  Defendant denies the remaining allegations in the Paragraph.

54. Answering Paragraph 54 of the Complaint, Defendant admits RIZZO

tendered the Civil Action and the Criminal Action on or about November 16, 2010, and tendered his Cross-Complaint against the City and the City's Cross-Complaint on or about November 29, 2010. The remaining allegations constitute argument, legal conclusion, and the very issue the Court is being asked to decide and, therefore, no response is required. Defendant denies the remaining allegations in the Paragraph.

55. Answering Paragraph 55 of the Complaint, Defendant admits the Policy provides a duty to indemnify under certain circumstances, but denies any duty to indemnify RIZZO against the Civil Action and the City's Cross-Complaint. Defendant denies the Policy has a duty to indemnify defense costs. The remaining allegations constitute argument, legal conclusion, and the very issues the Court is being asked to decide and, therefore, no response is required. Defendant denies the remaining allegations in the Paragraph.

56. Answering Paragraph 56 of the Complaint, Defendant denies any breach of the duty to indemnify RIZZO. Refusal to pay defense counsel's hourly rate does not constitute a breach of any duty to indemnify. The remaining allegations constitute argument, legal conclusion, and the very issues the Court is being asked to decide and, therefore, no response is required. Defendant denies the remaining allegations in the Paragraph.

57. Answering Paragraph 57 of the Complaint, Defendant denies RIZZO has suffered any damages as a result of any acts or omissions by Defendant. The remaining allegations constitute argument, legal conclusion, and the very issue the Court is being asked to decide and, therefore, no response is required.

### THIRD CAUSE OF ACTION
### (BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING – INSURANCE BAD FAITH)

58. Answering Paragraph 58 of the Complaint, Defendant incorporates by reference the responses of Paragraphs 1 through 57, above.

59. Answering Paragraph 59 of the Complaint, the allegations constitute argument, legal conclusion, and the very issues the Court is being asked to decide and, therefore, no response is required. Defendant denies the remaining allegations in the Paragraph.

60. Answering Paragraph 60 of the Complaint, Defendant admits RIZZO tendered the Civil Action and the Criminal Action on or about November 16, 2010, and tendered his Cross-Complaint against the City and the City's Cross-Complaint on or about November 29, 2010. The remaining allegations constitute argument, legal conclusion, and the very issues the Court is being asked to decide and, therefore, no response is required. Defendant denies the remaining allegations in the Paragraph.

61. Answering Paragraph 61 of the Complaint, Defendant denies any duty to defend or indemnify RIZZO against the Civil Action and the City's Cross-Complaint, including on the grounds that the lawsuits did not seek money damages covered by the Policy. The remaining allegations constitute argument, legal conclusion, and the very issues the Court is being asked to decide and, therefore, no response is required. Defendant denies the remaining allegations in the Paragraph.

62. Answering Paragraph 62 of the Complaint, Defendant denies breaching any duty of good faith to RIZZO. All of Defendant's actions were reasonable and taken with proper cause. The remaining allegations constitute argument, legal conclusion, and the very issues the Court is being asked to decide and, therefore, no response is required. Defendant denies the remaining allegations in the Paragraph.

63. Answering Paragraph 63 of the Complaint, Defendant denies breaching any duty of good faith to RIZZO. All of Defendant's actions were reasonable and taken with proper cause. The remaining allegations constitute argument, legal conclusion, and the very issues the Court is being asked to decide

1  and, therefore, no response is required.  Defendant denies the remaining allegations
2  in the Paragraph.

3      64.    Answering Paragraph 64 of the Complaint, the allegations constitute
4  argument, legal conclusion, and the very issues the Court is being asked to decide
5  and, therefore, no response is required.  Defendant denies RIZZO suffered any
6  damages as a result of acts or omissions by Defendant.

## FOURTH CAUSE OF ACTION
## (DECLARATORY RELIEF AGAINST ALL DEFENDANTS)

9      65.    Answering Paragraph 65 of the Complaint, Defendant incorporates by
10  reference the responses of Paragraphs 1 through 64, above.

11      66.    Answering Paragraph 66 of the Complaint, Defendant admits the
12  allegations.

13      67.    Answering Paragraph 67 of the Complaint, Defendant is without
14  sufficient information to admit or deny the allegations of Paragraph 67 and, on that
15  basis, denies each and every allegation.

16      68.    Answering Paragraph 68 of the Complaint, Defendant admits
17  arbitration pursuant to California Civil Code section 2860 is appropriate if there is
18  any duty to pay RIZZO's defense costs and a legitimate dispute as to the amount
19  owed.  The remaining allegations constitute argument, legal conclusion, and the
20  very issues the Court is being asked to decide and, therefore, no response is
21  required.  Defendant denies the remaining allegations in the Paragraph.

22      69.    Answering Paragraph 69 of the Complaint, Defendant denies RIZZO
23  is owed any amounts.  The remaining allegations constitute argument, legal
24  conclusion, and the very issues the Court is being asked to decide and, therefore,
25  no response is required.  Defendant denies the remaining allegations in the
26  Paragraph.

## PRAYER FOR RELIEF

28      Defendant denies RIZZO is entitled to judgment for damages or the

*Gordon & Rees LLP*
*633 West Fifth Street, 52nd Floor*
*Los Angeles, CA  90071*

declaratory relief alleged in his Prayer for Relief, as to any of the causes of action.

## AFFIRMATIVE DEFENSES

Unless otherwise specifically provided, ICSOP raises each of the following affirmative defenses to each and every cause of action asserted against ICSOP. ICSOP hereby alleges the following affirmative defenses without assuming the burden of proof for such where the burden of defense is not by law upon ICSOP.

### FIRST AFFIRMATIVE DEFENSE
### [Failure to State a Cause of Action]

Plaintiff's Complaint and each and every cause of action fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### [Statute of Limitations]

Plaintiff's causes of action are barred by the applicable statute of limitations including, but not limited to, California Code of Civil Procedure §§ 335, 337, 338, 340 and/or 343.

### THIRD AFFIRMATIVE DEFENSE
### [Failure to Perform Conditions Precedent]

Plaintiff's claims are barred, in whole or part, to the extent plaintiff failed to perform conditions precedent.

### FOURTH AFFIRMATIVE DEFENSE
### [Excused or Prevented Performance]

Plaintiff's claims are barred in whole or in part because performance under the Policy was excused or prevented by the conduct, acts, and omissions of other parties, including but not limited to plaintiff.

### FIFTH AFFIRMATIVE DEFENSE
### [Terms Preclude Coverage]

Plaintiff's claims are barred, in whole or in part, by the terms, conditions, definitions, limitations, and exclusions contained in the policies issued by ICSOP,

*Gordon & Rees LLP*
*633 West Fifth Street, 52nd Floor*
*Los Angeles, CA 90071*

and/or by public policy or express provision of law.

## SIXTH AFFIRMATIVE DEFENSE
### [Pre-Tender Defense Fees and Costs]

To the extent Defendant had any duty to defend, which duty Defendant expressly denies, Defendant had no liability for defense fees or expenses plaintiff incurred prior to tendering the claim.

## SEVENTH AFFIRMATIVE DEFENSE
### [Reasonable or Necessary Defense Costs]

Plaintiff's claims are barred, in whole or in part, to the extent the defense costs incurred by plaintiff are not reasonable or necessary and/or were not for defense.

## EIGHTH AFFIRMATIVE DEFENSE
### [Proximate Cause]

The acts alleged to have been committed by ICSOP were not the cause in fact, proximate cause, or legal cause of any damages of which plaintiff complains.

## NINTH AFFIRMATIVE DEFENSE
### [Superseding, Intervening Cause]

Plaintiff's claims are barred, in whole or in part, to the extent plaintiff and/or other superseding and intervening persons, entities, or incidents, and not ICSOP, are the cause of plaintiff's damages (if any).

## TENTH AFFIRMATIVE DEFENSE
### [Waiver and Estoppel]

Plaintiff, by statements, conduct, acts, omissions, and acquiescence, has waived and/or is estopped from seeking any recovery or remedy alleged in his Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE
### [Doctrine of Unclean Hands]

Plaintiff's claims are barred due to plaintiff's unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

### [Failure to Mitigate]

To the extent plaintiff suffered any damage, any recovery should be barred or limited by the failure on the part of plaintiff to minimize such damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

### [Credit or Off-Set]

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs received reimbursement of defense costs and had other amounts paid from others, and National Union is entitled to a credit or off-set for amounts Plaintiffs already received.

### FOURTEENTH AFFIRMATIVE DEFENSE

### [Reasonable Conduct]

All the acts by ICSOP were performed fairly, in good faith, and for a lawful purpose, and were in compliance with the explicit and implied terms of the policies issued by ICSOP.

### FIFTEENTH AFFIRMATIVE DEFENSE

### [Genuine Dispute Doctrine]

Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is barred, in whole or in part, because there was a genuine dispute.

### SIXTEENTH AFFIRMATIVE DEFENSE

### [Punitive Damages]

Plaintiff's claim for exemplary or punitive damages fails to state facts entitling an award of such damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### [Punitive Damages]

Plaintiff's claim for exemplary or punitive damages pursuant to California Civil Code § 3294 violates ICSOP's right to procedural due process guaranteed by the Fourteenth Amendment to the United States Constitution and Constitution of

the State of California, ICSOP's right to protection from excessive fines guaranteed by the Eighth Amendment of the United States Constitution and Article I, section 17, of the Constitution of the State of California, and ICSOP's right to substantive due process guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and Constitution of the State of California, and therefore fails to state a cause of action supporting the claims for such damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### [Right to Raise Additional Defenses]

To the extent plaintiff has failed to describe the causes of action with sufficient particularity to enable ICSOP to determine all of its legal, contractual and equitable rights, ICSOP reserves the right to amend and/or supplement its answer and affirmative defenses and assert any and all pertinent defenses ascertained through investigation and discovery in this action.

Having answered plaintiff's Complaint, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by way of his Complaint against Defendant;
2. That Defendant may recover costs and expenses as allowed by law; and
3. For such and further relief as the Court deems just and equitable.

Dated: June 13, 2012                         GORDON & REES LLP

                                             By:   /s/ *Sara M. Thorpe*
                                                   Sara M. Thorpe
                                                   Daniel T. Balmat
                                                   Attorneys for Defendant
                                                   THE INSURANCE COMPANY
                                                   OF THE STATE OF
                                                   PENNSYLVANIA