**SARA M. THORPE (SBN: 146529)**
**VANESSA O. BEARY (SBN: 225699)**
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant
THE INSURANCE COMPANY OF
THE STATE OF PENNSYLVANIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. RIZZO, an Individual, | Case No.: CV-12-04347 DMG (FMOx) |
| Plaintiff, | THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT |
| vs. | |
| THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a Pennsylvania corporation, and CHARTIS CLAIMS, INC., a Delaware corporation, | |
| Defendants. | Accompanying Papers: Memorandum of Points and Authorities; Separate Statement of Uncontroverted Material Facts and Conclusions of Law; Request for Judicial Notice; Declaration of Michelle Duluc; Stipulation of Undisputed Material Facts*; [Proposed] Order |
| | Date: September 21, 2012 |
| | Time: 2:00 p.m. |
| | Courtroom: 7 |
| | Judge: Hon. Dolly M. Gee |
| | Complaint filed: May 18, 2012 |

ICSOP'S NOTICE OF MOTION & MOTION FOR SUMMARY JUDGMENT
* Being filed by Plaintiff Robert Rizzo                                  Case No.: CV-12-04347 DMG (FMOx)

**TO THIS HONORABLE COURT, TO ALL PARTIES, AND TO THEIR RESPECTIVE COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on September 21, 2012 at 2:00 p.m. or as soon thereafter as this matter may be heard in Courtroom 7 of the United States District Court for the Central District of California, located at 312 North Spring Street Los Angeles, CA 90012, defendant The Insurance Company of the State Of Pennsylvania ("ICSOP") will and hereby does respectfully move this Honorable Court for summary judgment or, in the alternative, partial summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure on the grounds that no triable issue of material fact exists and that defendant is entitled to judgment as matter of law as follows:

1. ICSOP has no duty to defend plaintiff Robert Rizzo ("Rizzo") against the claims alleged by the State of California ("State") and the City of Bell ("City") for three independent reasons: (a) the State's and City's allegations against Rizzo arise from acts which were contrary to the City's interests and for Rizzo's own personal financial gain and, therefore, Rizzo is not an insured under the ICSOP policy issued to the City; (b) the civil actions brought by the State and City do not seek "damages," as defined in the ICSOP policy; and (c) the claims against Rizzo are excluded under Exclusions O and P in the ICSOP policy.

2. ICSOP has no duty to defend Rizzo against the criminal actions because Rizzo does not qualify as an insured under the ICSOP policy, criminal actions are neither "claims" nor "suits," criminal actions do not seek "damages," and imposing a defense of these criminal actions would violate Insurance Code § 533.5, California Civil Code § 1668, and California public policy.

3. Because there is no duty to defend, there is no duty indemnify Rizzo, there has not been a breach of the insurance contract, and there cannot

1  be any breach of the implied covenant of good faith and fair dealing.
2  For these reasons, summary judgment can be entered dismissing all claims Rizzo
3  asserts against ICSOP.

4  Alternatively, even if there were a duty to defend Rizzo against any aspect
5  of the actions against him at any time, Rizzo's claim for breach of the covenant of
6  good faith and fair dealing and punitive damages cannot be maintained because
7  ICSOP's coverage position is supported by a reasonable, good faith argument.

8  This Motion is based on this Notice of Motion and Motion, and
9  accompanying Memorandum of Points and Authorities, Separate Statement of
10 Uncontroverted Facts and Conclusions of Law, Stipulation of Undisputed Material
11 Facts (filed by counsel for Rizzo), Declaration of Michelle Duluc, Request for
12 Judicial Notice, the files and records in this lawsuit, and upon such other matters as
13 may be presented to the Court prior to and at the time of the hearing.

Dated: August 24, 2012           GORDON & REES LLP

                                  By:   /s/ *Sara M. Thorpe*
                                        Sara M. Thorpe
                                        Vanessa O. Beary
                                  Attorneys for Defendant
                                  THE INSURANCE COMPANY OF
                                  THE STATE OF PENNSYLVANIA