LAW OFFICES OF JAMES W. SPERTUS
James W. Spertus (SBN 159825)
Ezra D. Landes (SBN 253052)
Amy M. Hinkley (SBN 274571)
1990 South Bundy Dr., Suite 705
Los Angeles, California  90025
Telephone: (310) 826-4700
Facsimile:  (310) 826-4711
jim@spertuslaw.com
ezra@spertuslaw.com
amy@spertuslaw.com

Attorneys for Plaintiff Robert A. Rizzo

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. RIZZO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a Pennsylvania corporation, and CHARTIS CLAIMS, INC., a Delaware corporation.<br><br>Defendants. | Case No. CV-12-04347-DMG (FMOx)<br><br>Hon. Dolly M. Gee<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW, FILED BY PLAINTIFF ROBERT A. RIZZO IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Law Offices of James W. Spertus
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

TO THIS HONORABLE COURT, ALL PARTIES AND TO THEIR

ATTORNEYS OF RECORD:

Pursuant to Central District of California Local Rule 56-1, Plaintiff Robert

A. Rizzo ("Plaintiff" or "Mr. Rizzo") submits this Statement of Uncontroverted

Facts and Conclusions of Law in support of his concurrently filed Motion for

Partial Summary Judgment.

| UNCONTROVERTED FACTS: | PLAINTIFF'S SUPPORTING EVIDENCE: |
|---|---|
| 1. In 1993, Mr. Rizzo became the Chief Administrative Officer ("CAO") for the City of Bell, California (the "City"), and held that position until July 2010. | 1. Stipulation of Undisputed Material Facts in Support of Cross-Motions for Partial Summary Judgment ("Stipulation"), ¶ 1. |
| 2. At all times relevant to this Motion there was a valid and enforceable insurance contract between the City and Defendant The Insurance Company of the State of Pennsylvania ("ICSOP"). | 2. Stipulation, ¶ 2. |
| 3. The policy triggered by the underlying tenders in the instant action is Policy No. 6907991, dated July 1, 2010 to July 1, 2011 (the "Policy"), which is a renewal of previously issued policies. | 3. Stipulation, ¶ 2. |

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

2

*ROBERT A. RIZZO'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| UNCONTROVERTED FACTS: | PLAINTIFF'S SUPPORTING EVIDENCE: |
|---|---|
| 4. Under the Policy, the insured is the City and (1) "[t]hose individuals who were or now are elected or appointed officials of the [City], including members of its governing body or any other agencies, districts, authorities, committees, trustees, boards, commissions, or similar entity of the [City], while acting on behalf of the [City]" and (2) "[a]ny of [the City's] employees . . . while acting within the course and scope of their employment." | 4. Stipulation, Ex. A (Policy) at p.12, Sections IV.B, IV.C (defining "insured"). |
| 5. Mr. Rizzo was an appointed official and employee of the City. | 5. Stipulation, ¶ 1. |
| 6. There are allegations against Mr. Rizzo in both the Civil and Criminal Actions that relate to conduct by Mr. Rizzo while Mr. Rizzo was acting within the course and scope of his employment by the City. | 6. Stipulation, Ex. B (AG's Complaint, ¶¶ (1, 10, 23, 93, 104, 125, 127, 132-34); Ex. C (AG's FAC), ¶¶ (1, 10, 23, 93, 104, 126, 128, 133-35); Ex. D (City's Cross-Complaint), ¶¶ (3, 23, 31, 34, 38, 40, 44); Ex. E (City's FACC), ¶¶ (3, 23, 31, 34, 38, 40, 44, 56); Ex. F (City's SACC), ¶¶ (3, 28, 33, 41); Ex. G (City's TACC), ¶¶ 3, 19, 34, 36, 40, 56, 65; Ex. I (DA's first complaint), ¶¶ 1-53; Ex. J (DA's first Complaint (amended)), ¶¶ 1-54; Ex. K (DA's second Complaint), ¶¶ 1-2; Ex. L (DA's third Complaint), ¶¶ 1-8. |

*ROBERT A. RIZZO'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW*

| UNCONTROVERTED FACTS: | PLAINTIFF'S SUPPORTING EVIDENCE: |
|---|---|
| 7.   Under the Policy, ICSOP must defend its insured against any claims or suits alleging (1) a "wrongful act" by the insured, which includes an "error or misstatement, omission, negligent act, or breach of duty including misfeasance, malfeasance, and nonfeasance," or (2) any "employee benefit wrongful acts," which includes a "negligent act, error, or omission in the administration of" an employee benefit program. ICSOP must defend the claim or suit "even if such claim or suit is groundless, false or fraudulent." | 7.  Stipulation, Ex. A at p.1, Sections I.A.2 and I.A.3 (insuring agreements); p.1-2, Section I.B.1 (defense and defense costs); p.3, Section II.A (defining "administration"); p.3, Section II.D (defining "claim"); p.3, Section II.H (defining "employee benefit program"); p.4, Section II.I (defining "employee benefit wrongful acts"); p.4, Section II.J (defining "employment practice liability"); p.8, Section II.GG (defining "suit"); p.8, Section II.HH (defining "ultimate net loss"); p.9, Section II.MM (defining "wrongful act"). |
| 8.   The Policy contains the following exclusion: "We will not defend or pay under this Policy for claims or suits against you: . . .  EE. For injunctions, equitable relief, or any other form of relief other than the payment of money damages[.]" | 8.  Stipulation, Ex. A, p.13, 18, Section V.EE. |
| 9.   The Policy does not contain any exclusions disclaiming ICSOP's duty to defend against covered allegations seeking punitive or exemplary damages. | 9.  Stipulation, *see generally* Ex A. |

Law Offices of James W. Spertus
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

4

*ROBERT A. RIZZO'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| UNCONTROVERTED FACTS: | PLAINTIFF'S SUPPORTING EVIDENCE: |
|---|---|
| 10.   On September 15, 2010, the Attorney General of the State of California (the "AG") filed in Los Angeles Superior Court ("LASC") a civil action against Mr. Rizzo, the City of Bell, and seven other city officials for the City of Bell (LASC Case No. BC445497) (the "Civil Action"). | 10.  Stipulation, ¶ 3. |
| 11.   Mr. Rizzo and the other individual defendants were all sued "in their official and personal capacities." | 11.  Stipulation, Ex. B (AG's Complaint), ¶¶ 10-17; Ex. C (AG's FAC), ¶¶ 10-17. |
| 12.   On November 4, 2010, Mr. Rizzo demurred to the Complaint, and the trial court sustained the demurrer with leave to amend.  On November 15, 2010, the AG filed a First Amended Complaint ("FAC"). The FAC consolidated two negligence causes of action pled in the original Complaint, but otherwise did not change the claims. | 12.  Stipulation, ¶ 3. |

*ROBERT A. RIZZO'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| UNCONTROVERTED FACTS: | PLAINTIFF'S SUPPORTING EVIDENCE: |
|---|---|
| 13. The FAC alleged the following six causes of action against Mr. Rizzo: (1) Waste of Public Funds under California Civil Procedure Code section 526a; (2) Negligence; (3) and (4) Fraudulent Deceit; (5) Conflict of Interest under California Government Code section 1090; and (6) Breach of Fiduciary Duty and Violation of Public Trust. | 13. Stipulation, ¶ 3, Ex. C. |
| 14. On November 24, 2010, in the Civil Action, the City of Bell filed a Cross-Complaint against Mr. Rizzo.  The City's Cross-Complaint alleged the following causes of action: (1) Intentional Misrepresentation; (2) Constructive Fraud; (3) Breach of Fiduciary Duty; (4) Negligence; (5) Violation of Government Code § 1090; (6) Declaratory Relief; and (7) Unjust Enrichment.  The City subsequently amended its Cross-Complaint three times after demurrers filed by Mr. Rizzo were each sustained with leave to amend.  (The City's original Cross-Complaint and its amended versions are collectively referred to as the "City's Cross-Complaint."). | 14. Stipulation, ¶ 5, Exs. D, E, F, G. |

*ROBERT A. RIZZO'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| UNCONTROVERTED FACTS: | PLAINTIFF'S SUPPORTING EVIDENCE: |
|---|---|
| 15. There are allegations in the AG's FAC and the City's Cross-complaint that arise out of "wrongful acts" or "employee benefit wrongful acts." | 15. Stipulation, Ex. C (AG's FAC), ¶¶ 1-3, 41, 49, 58, 88, 94-99, 103-04, 106-08, 116, 128, 132-34, 136; Ex. D (City's Cross-Complaint), ¶¶ 34, 39, 40-42. *See also* UF Nos. 39 through 69. |
| 16. The AG's FAC sought payment of money damages by Mr. Rizzo. | 16. Stipulation, Ex. C, ¶¶ 93, 98, 106, 109, 117, 124, 130, 137. |
| 17. With regard to the AG's First Cause of Action for Waste of Public Funds, the AG alleged that it was seeking to hold Mr. Rizzo personally liable to pay an amount of money "to be proven at trial" that Mr. Rizzo allegedly "wastefully expended" when Mr. Rizzo approved "excess compensation to [City of Bell employees] Spaccia and Adams." | 17. Stipulation, Ex. C, ¶¶ 93, 98. |
| 18. With regard to the AG's Second Cause of Action for Negligence, the AG expressly alleged that "Rizzo failed to exercise due care and reasonable diligence in approving the employment contracts of Spaccia and Adams," and that Mr. Rizzo is personally "liable for damages to the City" as a result of his alleged approval of these expenditures. | 18. Stipulation, Ex. C, ¶¶ 106, 109. |

7

*ROBERT A. RIZZO'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| UNCONTROVERTED FACTS: | PLAINTIFF'S SUPPORTING EVIDENCE: |
|---|---|
| 19.  With regard to the AG's Third through Sixth Causes of Action, the AG alleged that Mr. Rizzo's actions caused damages to the City and to its citizens. | 19.  Stipulation, Ex. C, ¶¶ 117, 124, 130, 137. |
| 20.  With regard to all causes of action, in its prayer for relief, the AG sought "[a]n order requiring defendants, jointly and severally, to make restitution to the City for compensation they approved and/or accepted, and which was in excess of what was reasonable and appropriate, in an amount to be proven at trial." | 20.  Stipulation, Ex C, p.20. |
| 21.  The AG's FAC also sought "exemplary damages" to be paid by Mr. Rizzo. | 21.  Stipulation, Ex C, p.21. |
| 22.  The City's Cross-Complaint expressly seeks to recover from Mr. Rizzo general, special, incidental, consequential, and punitive damages. | 22.  Stipulation, Ex. D, p.10; Ex. E, p.10; Ex. F, p.10; Ex. G, p.16. |

8

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| UNCONTROVERTED FACTS: | PLAINTIFF'S SUPPORTING EVIDENCE: |
|---|---|
| 23. On October 15, 2010, in the Civil Action, Mr. Rizzo filed a Cross-Complaint for declaratory relief against the City. Mr. Rizzo asserted three causes of action against the City for a defense of the Civil and Criminal Actions based on his employment contract with the City and his statutory rights pursuant to California Government Code section 995 and California Labor Code section 2802. | 23. Stipulation, Ex. H. |
| 24. On September 20, 2010, October 20, 2010, and March 29, 2011, the Los Angeles District Attorney's Office ("DA") filed complaints against Mr. Rizzo (LASC Case Nos. BA376026, BA377197 and BA382701) (the "Criminal Actions"). The September 20, 2010 complaint was amended on February 4, 2011. | 24. Stipulation, ¶¶ 9, 11, 12, 13, Exs. I, J, K, L. |

*ROBERT A. RIZZO'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW*

| UNCONTROVERTED FACTS: | PLAINTIFF'S SUPPORTING EVIDENCE: |
|---|---|
| 25. The Criminal Actions allege violations of: (1) Penal Code § 424(a) (Misappropriation of Public Funds); (2) Government Code §§ 1090 and 1097 (Conflict of Interest); (3) Government Code § 6200(c) (Falsification of Public Records by an Official Custodian); and (4) Penal Code § 182(a)(1) (Conspiracy to Misappropriate Public Funds (§ 424(a))). | 25. Stipulation, Exs. I, J, K, L. |
| 26. Most of the claims asserted against Mr. Rizzo in the Criminal Actions are based on the same facts asserted by the AG and/or the City in the Civil Actions. | 26. Stipulation, Ex. B, ¶¶ 22, 72-77, 86-90, 93-94, 126-29; Ex. C, ¶¶ 22, 44-49, 72-77, 86-90, 93-94, 127-30; Ex. D, ¶¶ 10, 12-15, 17, 33, 45; Ex. E, ¶¶ 10, 12-15, 17, 33, 45; Ex. F, ¶¶ 7, 10-11, 13-17, 19-26, 28, 34; Ex. G, ¶¶ 9, 14-17, 20-23, 26-28, 34, 37, 42-44, 47; Ex. I, ¶¶ 1-53; Ex. J, ¶¶ 1-54; Ex. L, ¶¶ 1-2, 5. |
| 27. Of the 64 claims asserted against Mr. Rizzo in the Criminal Actions, 57 claims are based on the same facts asserted by the AG and/or the City in the Civil Actions. | 27. Stipulation, Ex. B, ¶¶ 22, 72-77, 86-90, 93-94, 126-29; Ex. C, ¶¶ 22, 44-49, 72-77, 86-90, 93-94, 127-30; Ex. D, ¶¶ 10, 12-15, 17, 33, 45; Ex. E, ¶¶ 10, 12-15, 17, 33, 45; Ex. F, ¶¶ 7, 10-11, 13-17, 19-26, 28, 34; Ex. G, ¶¶ 9, 14-17, 20-23, 26-28, 34, 37, 42-44, 47; Ex. J, ¶¶ 1-54; Ex. L, ¶¶ 1-2, 5. |

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

*ROBERT A. RIZZO'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| UNCONTROVERTED FACTS: | PLAINTIFF'S SUPPORTING EVIDENCE: |
|---|---|
| 28.  Mr. Rizzo tendered the AG's Civil Action, the City's Cross-Complaint, and the DA's first complaint to ICSOP for a defense.  Mr. Rizzo also tendered his own Cross-Complaint to ICSOP.  The parties agree that whether and when Mr. Rizzo tendered the DA's second and third complaints to ICSOP is not a disputed issue of material fact, and the Court may treat the Criminal Actions as tendered for purposes of ruling on the duty to defend. | 28.  Stipulation, ¶¶ 4, 6, 8, 10, 14. |
| 29.  On December 16, 2010, ICSOP informed Mr. Rizzo in writing that ICSOP would defend Mr. Rizzo against the Civil Actions, including Mr. Rizzo's Cross-Complaint against the City.  ICSOP informed Mr. Rizzo that ICSOP would not defend Mr. Rizzo against the Criminal Actions. | 29.  Stipulation, ¶ 15, Ex. M. |
| 30.  On April 28, 2011, ICSOP withdrew its agreement to defend the AG's Civil Action based on "Exclusion EE" of the Policy. | 30.  Stipulation, ¶ 19. |

*ROBERT A. RIZZO'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW*

| UNCONTROVERTED FACTS: | PLAINTIFF'S SUPPORTING EVIDENCE: |
|---|---|
| 31. ICSOP informed Mr. Rizzo that the AG, in responding to Mr. Rizzo's demurrer to the AG's FAC, asserted that "[t]he claims alleged in the complaint are not claims for money or damages subject to the Tort Claims Act" since the AG is "seeking restitution of excessive and wasteful compensation." | 31.  Stipulation, ¶ 19, Ex. Q (April 28, 2011 letter); *see also generally* Stipulation, Ex. N (Mr. Rizzo's Demurrer), Ex. O (AG's Opposition), Ex. P (Mr. Rizzo's Reply). |
| 32. ICSOP took the position that the AG's "statements in opposition to Rizzo's demurrer clearly indicate the State has no claim that would be covered by the ICSOP policy" since "all of the State's claims are for equitable relief including restitution." | 32.  Stipulation, Ex. Q. |
| 33. ICSOP's April 28, 2011 withdrawal letter provided no explanation for withdrawing coverage for the defense against the City's Cross-Complaint and Mr. Rizzo's Cross-Complaint against the City. | 33.  Stipulation, Ex. Q. |

Law Offices of James W. Spertus
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

12

*ROBERT A. RIZZO'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| UNCONTROVERTED FACTS: | PLAINTIFF'S SUPPORTING EVIDENCE: |
|---|---|
| 34.   On May 2, 2011, the trial court sustained without leave to amend Mr. Rizzo's demurrer to the AG's FAC with respect to the First through Fourth and Sixth Causes of Action, and sustained with leave to amend Mr. Rizzo's demurrer to the Fifth Cause of Action.  The AG elected not to amend the Fifth Cause of Action and, on July 26, 2011, the trial court dismissed the AG's FAC in its entirety. | 34.  Stipulation, ¶ 20. |
| 35.   On September 26, 2011, the AG filed a Notice of Appeal of the July 26, 2011 Order of Dismissal of the FAC. | 35.  Stipulation, ¶ 21. |
| 36.   On September 28, 2011, Mr. Rizzo's counsel separately tendered the appeal to ICSOP for a defense of the appeal.  On October 7, 2011, ICSOP sent a letter to Mr. Rizzo's counsel, denying a defense for the appeal. | 36.  Stipulation, ¶ 22, Ex. R (October 7, 2011 letter). |
| 37.   On June 6, 2012, the AG filed its opening brief on appeal. | 37.  Stipulation, ¶ 23, Ex. S (opening brief on appeal). |

*ROBERT A. RIZZO'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| UNCONTROVERTED FACTS: | PLAINTIFF'S SUPPORTING EVIDENCE: |
|---|---|
| 38.   On July 27, 2012, ICSOP changed its prior determination and informed Mr. Rizzo that, although ICSOP maintains that there is no duty to defend the AG's Civil Action or the appeal, ICSOP would nonetheless, under a full reservation of rights, defend the AG's appeal. | 38. Stipulation, ¶ 24, Ex. T (July 27, 2012 letter). |

| UNCONTROVERTED FACTS FROM THE CIVIL ACTIONS: | PLAINTIFF'S SUPPORTING EVIDENCE: |
|---|---|
| 39.   The AG'S FAC expressly alleged: "The People bring this action against certain officers and employees of the City of Bell (the City), challenging their conduct both intentional **and negligent**, that enriched themselves at the expense of the City and its citizens whom they assumed an obligation to faithfully serve." | 39.  Stipulation, Ex. C, ¶ 1 (emphasis added). |

14

*ROBERT A. RIZZO'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW*

| UNCONTROVERTED FACTS FROM THE CIVIL ACTIONS: | PLAINTIFF'S SUPPORTING EVIDENCE: |
|---|---|
| 40.  The AG'S FAC expressly alleged: "Among other things, the city council members and Chief Administrative Officer (Robert Rizzo) awarded to themselves and certain other City officers and employees, and took great pains to conceal, salaries and benefits that grossly exceeded **what were reasonable and commensurate with their respective offices and duties**, all in blatant disregard of the public trust confided in them." | 40.  Stipulation, Ex. C, ¶ 2 (emphasis added). |
| 41.  The AG'S FAC expressly alleged: "Robert Rizzo dictated the terms of the employment contracts for the City officers and employees, and council members **negligently** approved those contracts without ever reviewing or even seeking to learn the terms of the contracts." | 41.  Stipulation, Ex. C, ¶ 3 (emphasis added). |
| 42.  The AG'S FAC expressly alleged: "Defendant Robert A. Rizzo was the Chief Administrative Officer of the City from May 1993 through at least July 2010.  **Rizzo is named both in his official and personal capacities**." | 42.  Stipulation, Ex. C, ¶ 10 (emphasis added). |

Law Offices of James W. Spertus
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

*ROBERT A. RIZZO'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW*

| UNCONTROVERTED FACTS FROM THE CIVIL ACTIONS: | PLAINTIFF'S SUPPORTING EVIDENCE: |
| --- | --- |
| 43.   The AG'S FAC expressly alleged: "Upon information and belief, Rizzo authorized Spaccia's 2008 employment contract **without giving it the requisite deliberation, consideration, or due care** as to the appropriate compensation that was commensurate with her duties and responsibilities." | 43.  Stipulation, Ex. C, ¶ 41 (emphasis added). |
| 44.   The AG'S FAC expressly alleged: "Upon information and belief, Rizzo entered into Adams' 2009 employment agreement on behalf of the City **without giving the contract the requisite deliberation, consideration, or due care** as to the appropriate compensation that was commensurate with his duties and responsibilities." | 44.  Stipulation, Ex. C, ¶ 49 (emphasis added). |
| 45.   The AG'S FAC expressly alleged: "Rizzo approached Council Member defendants and proposed that the City become a charter city." | 45.  Stipulation, Ex. C, ¶ 58. |
| 46.   The AG'S FAC expressly alleged: "Rizzo and Spaccia modified the benefits under the Plan and also the amount of the City's contribution to the Plan based solely upon when they expected to retire." | 46.  Stipulation, Ex. C, ¶ 88. |

Law Offices of James W. Spertus
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

16

*ROBERT A. RIZZO'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW*

| UNCONTROVERTED FACTS FROM THE CIVIL ACTIONS: | PLAINTIFF'S SUPPORTING EVIDENCE: |
|---|---|
| 47.   The AG'S FAC expressly alleged: "Code of Civil Procedure section 526a provides that an action to obtain a judgment, restraining and preventing any illegal expenditure of, waste of, injury to, the estate, funds, or other properties of a county, town, city or city and county of a state, may be maintained against **any officer** thereof, or any agent, or other person, acting in its behalf." | 47.  Stipulation, Ex. C, ¶ 93 (emphasis added). |
| 48.   The AG'S FAC expressly alleged: "As set forth above, the compensation to all defendants beyond what was commensurate with their duties and responsibilities, and beyond what cities in the Los Angeles region with comparable populations were paying their officers and employees, was a waste of the public funds of the City and was illegally expended." | 48.  Stipulation, Ex. C, ¶ 94. |
| 49.   The AG'S FAC expressly alleged: "The excess compensation paid to defendants was authorized by City ordinances and/or defendants' employment contracts." | 49.  Stipulation, Ex. C, ¶ 95. |

*ROBERT A. RIZZO'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW*

Law Offices of James W. Spertus
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

| UNCONTROVERTED FACTS FROM THE CIVIL ACTIONS: | PLAINTIFF'S SUPPORTING EVIDENCE: |
|---|---|
| 50.   The AG'S FAC expressly alleged: "The excess compensation paid to Council Member defendants, Rizzo, and Spaccia (from 2003 to June 2008), was authorized by the Council Member defendants. The authorization of excess compensation to defendants was unreasonable, arbitrary, and a clear abuse of discretion by Council Member defendants, and was ultra vires." | 50.  Stipulation, Ex. C, ¶ 96. |
| 51.   The AG'S FAC expressly alleged: "The acceptance of such excess compensation was also unreasonable, arbitrary, and a clear abuse of discretion by the respective defendants." | 51.  Stipulation, Ex. C, ¶ 97. |
| 52.   The AG'S FAC expressly alleged: "The excess compensation paid to Spaccia (after June 2008) and Adams was authorized by Rizzo. **The authorization of excess compensation to Spaccia and Adams was unreasonable, arbitrary, and a clear abuse of discretion by Rizzo, and was ultra vires**." | 52.  Stipulation, Ex. C, ¶ 98 (emphasis added). |

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

*ROBERT A. RIZZO'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| UNCONTROVERTED FACTS FROM THE CIVIL ACTIONS: | PLAINTIFF'S SUPPORTING EVIDENCE: |
|---|---|
| 53.   The AG'S FAC expressly alleged: "The acceptance of such excess compensation was also **unreasonable**, arbitrary, and a clear abuse of discretion by the respective defendants." | 53.  Stipulation, Ex. C, ¶ 99 (emphasis added). |
| 54.   The AG'S FAC expressly alleged: **"Council Member defendants and Rizzo were negligent in authorizing the wasteful expenditures of public funds**." | 54.  Stipulation, Ex. C, ¶ 103 (emphasis added). |
| 55.   The AG'S FAC expressly alleged: "As public officers and employee of the City, Council Member defendants and Rizzo **have a duty to use due care and reasonable diligence in authorizing the expenditure of public funds**." | 55.  Stipulation, Ex. C, ¶ 104 (emphasis added). |
| 56.   The AG'S FAC expressly alleged: "Similarly, and as set forth above, defendant **Rizzo failed to exercise due care and reasonable diligence in approving the employment contracts of Spaccia and Adams**.  Rizzo failed to determine whether the terms of the contracts were reasonable, appropriate, and commensurate with their respective duties and responsibilities." | 56.  Stipulation, Ex. C, ¶ 106 (emphasis added). |

19

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| UNCONTROVERTED FACTS FROM THE CIVIL ACTIONS: | PLAINTIFF'S SUPPORTING EVIDENCE: |
|---|---|
| 57.    The AG'S FAC expressly alleged: "Council Member defendants and **Rizzo breached their duties of due care in authorizing the employment contracts, causing wasteful expenditures of the City's public funds**.  As a result of defendants' **breaches of their duties**, the authorization of the employment contracts was arbitrary and **unreasonable**, resulting in excessive and wasteful compensation." | 57.  Stipulation, Ex. C, ¶ 107 (emphasis added). |
| 58.    The AG'S FAC expressly alleged: "The City and its citizens suffered, and continue to suffer, damages as a result of the defendants' breaches of their duties." | 58.  Stipulation, Ex. C, ¶ 108. |
| 59.    The AG'S FAC expressly alleged: "Upon information and belief, Rizzo participated in this plan to defraud the public **by assisting in the drafting of Ordinance No. 1158**." | 59.  Stipulation, Ex. C, ¶ 116 (emphasis added). |

*ROBERT A. RIZZO'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW*

| UNCONTROVERTED FACTS FROM THE CIVIL ACTIONS: | PLAINTIFF'S SUPPORTING EVIDENCE: |
|---|---|
| 60.   The AG'S FAC expressly alleged: "Rizzo, Spaccia, and other defendants **directed the modification of the City's Supplemental Retirement Plan in their official capacities and** had a cognizable financial interest in the Plan above and beyond other members of the Plan." | 60.  Stipulation, Ex. C, ¶ 128 (emphasis added). |
| 61.   The AG'S FAC expressly alleged: "Council members and other officers and employees of a city are charged with holding and preserving a public trust, and **owe a fiduciary duty to the City and its citizens**, and must act in the interest and for the benefit of the people they serve." | 61.  Stipulation, Ex. C, ¶ 132 (emphasis added). |
| 62.   The AG'S FAC expressly alleged: "**Defendants, as officers and employees of the City**, violated the public trust and **breached their fiduciary duties to the City and its citizens** when they awarded themselves and each other excessive and wasteful compensation that were not commensurate with their respective duties and responsibilities." | 62.  Stipulation, Ex. C, ¶ 133 (emphasis added). |

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

*ROBERT A. RIZZO'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW*

| UNCONTROVERTED FACTS FROM THE CIVIL ACTIONS: | PLAINTIFF'S SUPPORTING EVIDENCE: |
| --- | --- |
| 63.   The AG'S FAC expressly alleged: "**Defendants, as officers and employees of the City**, also violated the public trust and **breached their fiduciary duties to the City and its citizens** when they accepted the excessive and wasteful compensation that they awarded to themselves and to each other." | 63.  Stipulation, Ex. C, ¶ 134 (emphasis added). |
| 64.   The AG'S FAC expressly alleged: "Upon information and belief, each defendant intentionally violated the public trust and **breached his or her fiduciary duty to the City and its citizen**s, and actively encouraged and participated in the other defendants' violation of public trust and breach of their fiduciary duties." | 64.  Stipulation, Ex. C, ¶ 136 (emphasis added). |
| 65.   The City's Cross-Complaint expressly alleged:  "The conduct that is described at paragraphs 17 and 33 constitute a **breach of fiduciary duty on the part of Rizzo**.  Based on those actions, **Rizzo has violated his fiduciary duties owed to the City**, and, as a result of that breach, the City has **suffered millions of dollars in damages**." | 65.  Stipulation, Ex. D, ¶ 34 (emphasis added). |

*ROBERT A. RIZZO'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW*

Law Offices of James W. Spertus
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

| UNCONTROVERTED FACTS FROM THE CIVIL ACTIONS: | PLAINTIFF'S SUPPORTING EVIDENCE: |
|---|---|
| 66.  The City's Cross-Complaint expressly alleged:  "**Rizzo breached his duties** by engaging in the actions described in paragraphs 17 and 33 and in addition, **he breached his duties by preparing and failing to correct Ordinance No. 1158** . . . ." | 66.  Stipulation, Ex. D, ¶ 39 (emphasis added). |
| 67.  The City's Cross-Complaint expressly alleged:  "The above-described actions by Rizzo constitute a **breach of his duty** to perform his Chief Administrator Officer duties and to the standards required of a similarly situated Chief Administrative Officer." | 67.  Stipulation, Ex. D, ¶ 40 (emphasis added). |
| 68.  The City's Cross-Complaint expressly alleged:  "**As a result of the breach of these duties, Rizzo is liable for negligence**." | 68.  Stipulation, Ex. D, ¶ 41 (emphasis added). |
| 69.  The City's Cross-Complaint expressly alleged:  "**As a legal and proximate result of this negligence, the City of Bell has suffered monetary losses in excess of millions of dollars**." | 69.  Stipulation, Ex. D, ¶ 42 (emphasis added). |

## CONCLUSIONS OF LAW

1.  An insurer "must defend a suit which *potentially* seeks damages within the coverage of the policy."  *Gray v. Zurich Ins. Co.*, 65 Cal.2d 263, 275 (1966).  A defense is excused only when "the third party complaint can *by no conceivable*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

*theory raise a single issue* which could bring it within the policy." *Id.* at 275 n.15.

2. "[C]ourts do not examine only the pleaded word but the potential liability created by the suit." *Id.* at 276 (holding that "duty to defend manifest at the outset" where "action presented the potentiality of a judgment based upon nonintentional conduct [i.e. negligent conduct] . . . [which] would fall within the indemnification coverage").

3. "[T]he duty to defend is so broad that as long as the complaint contains language creating the potential of liability under an insurance policy, the insurer must defend an action against its insured even though it has independent knowledge of facts not in the pleadings that establish that the claim is not covered." *CNA Casualty of Cal. v. Seaboard Surety Co.*, 176 Cal.App.3d 598, 606 (1986).

4. "It is settled that 'the insured need only show that the underlying claim may fall within policy coverage; the insurer must prove it *cannot.*'" *Mirpad, LLC v. Cal. Ins. Guarantee Assn.*, 132 Cal.App.4th 1058, 1068 (2005) (quoting *Montrose Chem. Corp. v. Super. Ct.*, 6 Cal.4th 287, 289 (1993)).

5. "Any doubt as to whether the facts establish the existence of the defense duty must be resolved in the insured's favor." *Id.* at 299-300; *see also Horace Mann Ins. Co. v. Barbara B.*, 4 Cal.4th 1076, 1081 (1993); *B & E Convalescent Center v. State Compensation Ins. Fund*, 8 Cal.App.4th 78, 99-100 (1992) ("If the coverage provisions in any policy of insurance are unclear or the exclusions are ambiguous, so that a reasonable purchaser of the policy would not realize that the risk is excluded and thus would reasonably expect the insurer to furnish a defense, a defense is required.").

6. The duty to defend even extends to those situations where "the complaint might be amended to give rise to a liability that would be covered under the

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

*ROBERT A. RIZZO'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW*

policy." *Id.* at 299. "[A] bare 'potential' or 'possibility' of coverage [is] the trigger of a defense duty." *Id.* at 300.

7. "Although insurers and insured routinely speak of the insurer's duty to 'indemnify and defend' as if the duties were coextensive, it is well settled that the duty to defend is broader than the duty to indemnify." *Cal. Ins. Guarantee Assn. v. Wood*, 217 Cal.App.3d 944, 947 (1990). A bar on indemnification does not affect the insurer's obligation to provide a defense to such claims. *Downey Venture v. LMI Ins. Co.*, 66 Cal.App.4th 478, 487 (1998).

8. Even though "California public policy bars *indemnification* against punitive damage awards . . . the insurer's obligation to *defend* extends to punitive damage claims, provided the policy does not conspicuously disclaim this duty." *J.B. Aguerre, Inc. v. Am. Guarantee & Liability Ins. Co.*, 59 Cal.App.4th 6, 14 (1997).

9. The claims for which there is potential coverage need not predominate to trigger the insurer's duty to defend. *Id.* at 1084 ("We look not to whether noncovered acts predominate in the third party's action, but rather to whether there is *any* potential for liability under the policy.").

10. If even a single claim in a multi-count complaint is potentially covered, the insurer must defend the entire action. *Buss v. Super. Ct. (Transamerica Ins. Co.)*, 16 Cal.4th 35, 48-49 (1997) ("To defend meaningfully, the insurer must defend immediately. To defend immediately, it must defend entirely. It cannot parse the claims, dividing those that are at least potentially covered from those that are not.").

11. "[W]here the palpable facts are substantially undisputed, such issues can become questions of law which may be properly decided by summary judgment." *Braxton-Secret v. A.H. Robins Co.*, 769 F.2d 528, 531 (9th Cir. 1985). *See also Caliber One Indem. Co. v. Wade Cook Fin. Corp.*, 491 F.3d

*ROBERT A. RIZZO'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

1079, 1085 (9th Cir. 2007) ("Summary judgment is appropriate where, as here, the undisputed evidence supports only one reasonable inference.").

12. On a motion for summary judgment on the insurer's duty to defend, the insurer must negate coverage as a matter of law. *Md. Casualty Co. v. Nat. Am. Ins. Co.*, 48 Cal.App.4th 1822, 1832 (1996) ("Once a prima facie showing is made that the underlying action fell within coverage provisions, an insurer may defeat a motion for summary judgment only by producing undisputed extrinsic evidence conclusively eliminating the potential for coverage under the policy. Evidence that merely 'placed in dispute whether the insured's actions would eventually be determined not to constitute an occurrence or fall within one or more exclusions contained in the policies' is insufficient to defeat the insured's right to summary judgment.")

13. An insured is entitled to defense costs associated with any parallel proceedings if they "amount to a reasonable and necessary effort to avoid or at least minimize liability." *Aerojet-General Corp. v. Transport Indem. Co.*, 17 Cal.4th 38, 61 (1997) (duty to defend extended to insured's site investigation expenses undertaken to minimize liability); *see also NextG Networks, Inc. v. One Beacon Am. Ins. Co.*, 2012 WL 440885 (N.D. Cal. Feb. 10, 2012) (holding that *Aerojet-General Corp.* extends to "legal fees" incurred for plaintiff's participation in parallel administrative investigation, which involved appearances at public hearings and replying to commission's specific questions, because the investigation would determine appropriate remedies for proven violations, and rejecting insurer's argument "that because the CPUC proceeding is not a 'suit' for 'damages' under the terms of the policy, it is not covered even though it 'shares facts' with civil actions for which a defense has been tendered").

14. The test for determining whether the costs incurred are "reasonable and necessary" is whether the "expenses would be incurred against liability by a

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

26

*ROBERT A. RIZZO'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

reasonable insured under the same circumstances." *Aerojet-General Corp.*, 17 Cal.4th at 63.

15.  California Code of Civil Procedure section 526a creates a cause of action for waste "against any *officer* thereof . . . *acting in its behalf*." *See* Cal. Civ. Proc. Code § 526a (2012) (emphasis added).

16.  A cause of action for conflict of interest under Government Code section 1090 can only be sustained if a *city officer* became "financially interested in any contract *made by them in their official capacity* . . . ." *See* Cal. Gov. Code § 1090 (2012) (emphasis added).

17.  California Government Code section 1090 can only be violated if a city officer becomes "financially interested in any contract *made by them in their official capacity* . . . ." *See* Cal. Gov't Code § 1090 (2012) (emphasis added).

18.  California Penal Code section 424(a) only applies to public officials. *See* Cal. Penal Code § 424(a) (2012) (emphasis added) ("[E]ach *officer* of this state, or of any county, city, town or district of this state, and every other person charged with the receipt, safekeeping, transfer or disbursement of public moneys . . . .").

19.  California Government Code section 1090 requires that a city officer become financially interested in any contract *made by them in their official capacity*. *See* Cal. Gov't Code § 1090 (2012) (emphasis added).

20.  California Government Code section 6200(c) only applies to "*an officer* having custody of a record, map . . . ." *See* Cal. Gov't Code § 6200(c) (2012) (emphasis added).

21.  "Even tortious conduct that violates an employee's official duties or disregards the employer's express orders can be within the scope of employment." *Mary M. v. City of Los Angeles*, 54 Cal.3d 202, 209, 221 (1991); *see also White v. County of Orange*, 166 Cal.App.3d 566, 571 (1985) (where a

1  police officer was charged with rape and the court held that "[t]he officer's

2  method of dealing with this authority is certainly incidental to his duties; indeed,

3  it is an integral part of them").

4  22.  "In assessing whether an employee's wrongful act was required by or

5  incidental to his duties, the law defines the occupational duties *broadly*." *Alma*

6  *W. v. Oakland Unified Sch. Dist.*, 123 Cal.App.3d 133, 139 (1981).

7  23.  Restitution is the return of specific funds in defendant's possession in

8  which plaintiff has an "ownership interest" or a "vested interest." *Korea Supply*

9  *Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1149 (2003) ("[P]laintiff

10 described its requested remedy as 'restitution.'  This term does not accurately

11 describe the relief sought by plaintiff. . . .  The object of restitution is to restore

12 the status quo by <u>returning</u> to plaintiff funds in which he or she has an ownership

13 interest. . . . The remedy sought by plaintiff in this case is not restitutionary

14 because plaintiff does not have an ownership interest in the money it seeks to

15 recover from defendants.").

16 24.  "A public official "may be held personally liable to repay expended funds

17 . . . if he failed to exercise due care in authorizing the expenditure of the funds."

18 *Stanson v. Mott*, 17 Cal.3d 206, 226-27 (1976).

19 //

20 //

21 //

22 //

23 //

24 //

25 //

26 //

27 //

28

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

28

*ROBERT A. RIZZO'S STATEMENT OF UNCONTROVERTED FACTS AND
CONCLUSIONS OF LAW*

25.  [R]estitution is neither exclusively equitable nor exclusively legal, and suits for payment of money by way of restitution are treated as actions at law and not equity.  *Jogani v. Super. Ct.*, 165 Cal.App.4th 901, 909-10 (2008) ("The courts of this state have repeatedly explained that '[t]he fact that equitable principles are applied in the action does not necessarily identify the resultant relief as equitable.'"); *see also id.* ("[R]estitution can be a legal, as opposed to equitable remedy.").

Dated:   August 24, 2012          LAW OFFICES OF JAMES W. SPERTUS


                                By:   /S_____
                                     James W. Spertus
                                     Ezra D. Landes
                                     Amy M. Hinkley
                                     Attorneys for Plaintiff Robert A. Rizzo

Law Offices of James W. Spertus
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

29

*ROBERT A. RIZZO'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW*