LAW OFFICES OF JAMES W. SPERTUS
James W. Spertus (SBN 159825)
Ezra D. Landes (SBN 253052)
Amy M. Hinkley (SBN 274571)
1990 South Bundy Dr., Suite 705
Los Angeles, California  90025
Telephone: (310) 826-4700
Facsimile:  (310) 826-4711
jim@spertuslaw.com
ezra@spertuslaw.com
amy@spertuslaw.com

Attorneys for Plaintiff Robert A. Rizzo

Law Offices of James W. Spertus
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. RIZZO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a Pennsylvania corporation, and CHARTIS CLAIMS, INC., a Delaware corporation.<br><br>Defendants. | Case No. CV-12-04347-DMG (FMOx)<br><br>Hon. Dolly M. Gee<br><br>**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT, FILED BY PLAINTIFF ROBERT A. RIZZO IN OPPOSITION TO DEFENDANT THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:        September 21, 2012<br>Time:        2:00 p.m.<br>Crtrm:      7 |

Law Offices of James W. Spertus
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

TO THIS HONORABLE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Pursuant to Central District of California Local Rule 56-2, Plaintiff Robert A. Rizzo ("Plaintiff" or "Mr. Rizzo") submits this Statement of Genuine Disputes of Material Fact in opposition to Defendant The Insurance Company of the State of Pennsylvania's ("ICSOP") Motion for Summary Judgment.

| ICSOP'S ALLEGED UNCONTROVERTED FACTS: | MR. RIZZO'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| 1.  Robert Rizzo, at the times at issue in the lawsuits referenced here, was an appointed official and an employee of the City of Bell. | 1.  Undisputed. |
| 2.  The Attorney General ("the State") filed a civil action against Rizzo (the "Civil Action"). The Civil Action was initially filed on September 15, 2010.  A First Amended Complaint ("FAC") was filed on November 15, 2010. The FAC asserts causes of action against Rizzo for Waste of Public Funds/Illegal Expenditure of Public Funds (Code Civ. Proc. § 526a); Fraudulent Deceit; Conflict of Interests (Gov. Code § 1090); and Breach of Fiduciary Duty and Violation of Public Trust.  In its prayer, the State seeks orders requiring restitution, precluding Rizzo from receiving retirement benefits, appointing a receiver, and prohibiting the City from | 2.  Disputed.<br><br>First, the AG's FAC also asserts a Cause of Action for Negligence. (Stipulation of Undisputed Material Facts (Doc. No. 20), Ex. C, ¶¶ 102-09; *see also* Stipulation, ¶ 3).<br><br>Second, the AG seeks money damages improperly labeled as "restitution." (Stipulation, Ex C (AG's FAC), ¶¶ 93, 98, 106, 109, p.20, lns.2-4; *see also* Stipulation, Ex. O (AG's Opposition), p.19, ln.19-p.20, ln.2; Ex. S (AG's Opening Brief on Appeal), p.37-38); *see also Los Osos Cmty. Servs. Dist. v. Am. Alternative Ins. Corp.*, 585 F. Supp. 2d 1195, 1205-06 (C.D. Cal. 2008); *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1149 (2003)). |

| ICSOP'S ALLEGED UNCONTROVERTED FACTS: | MR. RIZZO'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| paying excess salaries, making retirement contributions or disbursing benefits.  The State also seeks declarations (including that Rizzo's employment contract is null and void), costs, and punitive damages. | |
| 3.  The City filed a Cross-Complaint against Rizzo.  The initial Cross-Complaint was filed on November 24, 2010, and amended three times.  The operative Cross-Complaint is the Third Amended Cross-Complaint which states causes of action for Intentional Misrepresentation, Breach of the Covenant of Good Faith and Fair Dealing, Conflict of Interest (Gov. Code § 1090), Recission, Restitution, and Declaratory Relief. | 3.  Undisputed. |
| 4.  On October 15, 2010, Rizzo filed a Cross-Complaint against the City, alleging three causes of action for declaratory relief regarding the City's alleged obligation to defend and indemnify him in both the civil and criminal actions. | 4.  Undisputed. |
| 5.  The Los Angeles District Attorney ("DA") filed several criminal complaints against Rizzo and others (the "Criminal | 5.  Undisputed. |

*ROBERT A. RIZZO'S STATEMENT OF*
*GENUINE DISPUTES OF MATERIAL FACT*

Law Offices of James W. Spertus
1990 South Bundy Dr.., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| ICSOP'S ALLEGED UNCONTROVERTED FACTS: | MR. RIZZO'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| Actions"). The first was a Felony Complaint for Arrest Warrant filed on September 20, 2010, which included 53 counts against Rizzo, charging him with misappropriation of public funds (Penal Code § 424(a)), conflict of interest (Gov. Code § 1090), and falsification of public records by the official custodian (Gov. Code § 6200(c)). An amended Felony Complaint was filed on February 4, 2011 adding a 54th count against Rizzo for "public officer crime" (Penal Code § 424(a)). On October 20, 2011, the DA filed a second criminal action against Rizzo asserting one count each of conflict of interest and misappropriation of public funds. A grand jury proceeding resulted in March 29, 2011 Indictment in a third criminal action. This Indictment includes eight additional charges against Rizzo for misappropriation of public funds (Penal Code § 424(a)), conspiracy to misappropriate funds (Penal Code § 182(a)(1)), conflict of interest (Gov. Code § 1097), and secretion and falsification of official records (Gov. Code § 6200). The "Criminal Actions" collectively refers to the three complaints and the amended complaint filed by the DA | |

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

4

*ROBERT A. RIZZO'S STATEMENT OF*
*GENUINE DISPUTES OF MATERIAL FACT*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR.., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| ICSOP'S ALLEGED UNCONTROVERTED FACTS: | MR. RIZZO'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| against Rizzo. | |
| 6.  On November 30, 2011, Rizzo filed a demurrer to the FAC in the State's Civil Action, which the State opposed. | 6.  Undisputed.  However, the correct date is November 30, 2010. (Stipulation, ¶ 16, Ex. N). |
| 7.  On May 2, 2011 the Court sustained without leave to amend Rizzo's demurrer to the State's FAC with respect to the First through Fourth and Sixth Causes of Action, and granted leave as to the Fifth Cause of Action. The State's Civil Action was dismissed on July 26, 2011. | 7.  Undisputed. |
| 8.  On September 26, 2011, the State filed a Notice of Appeal of the dismissal of its FAC, in which appeal the State filed an Opening Brief. | 8.  Undisputed. |
| 9.  ICSOP issued to the City of Bell policy no. 6907991, in effect from July 1, 2010 to July 1, 2011 (the "Policy").  In relevant part, the Policy provides coverage for the City of Bell with limits of $10,000,000 per occurrence/wrongful act and in the aggregate, subject to a $250,000 retained limit for each occurrence/wrongful act. | 9.  Undisputed.  However, Mr. Rizzo objects to the phrase "[i]n relevant part." |
| 10.  Under Section I, "What We Shall Pay On Your Behalf," the policy | 10.  Undisputed. |

5

*ROBERT A. RIZZO'S STATEMENT OF*
*GENUINE DISPUTES OF MATERIAL FACT*

| ICSOP'S ALLEGED UNCONTROVERTED FACTS: | MR. RIZZO'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| provides:<br><br>**A.    INSURING AGREEMENTS**<br><br>    1.    **BODILY INJURY** AND **PROPERTY DAMAGE** LIABILITY<br><br>**We** shall pay **you**, or on **your** behalf, the **ultimate net loss**, in excess of the retained limit, that the **insured** becomes legally obligated to pay by reason of liability imposed by law or assumed under an **insured contract** because of **bodily injury** or **property damage** arising out of an **occurrence** during the policy period.<br><br>    2.    ERRORS AND OMISSIONS LIABILITY<br><br>**We** shall pay **you**, or on **your** behalf, the **ultimate net loss**, in excess of the retained limit, that the **insured** becomes legally obligated to pay to compensate others for loss arising out of **your wrongful act** that takes place during the Policy Period and arises solely in performing or failing to perform duties of the **public entity**. | |

*ROBERT A. RIZZO'S STATEMENT OF*
*GENUINE DISPUTES OF MATERIAL FACT*

Law Offices of James W. Spertus
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| ICSOP'S ALLEGED UNCONTROVERTED FACTS: | MR. RIZZO'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| **3.    EMPLOYEE BENEFIT LIABILITY**<br><br>**We** shall pay **you**, or on **your** behalf, the **ultimate net loss**, in excess of the retained limit, that the **insured** becomes legally obligated to compensate others for loss arising out of **your employee benefit wrongful act** that takes place during the Policy Period, in the **administration** of **your employee benefit program.** | |
| 11.    The Policy provides under "Defense and Defense Costs":<br><br>**We** shall have the right and duty to defend, investigate and settle any **claim** or **suit** seeking damages covered by the terms and conditions of this Policy when the applicable limits of insurance of the **underlying insurance** listed in the Schedule of **Underlying Insurance**, the limits of insurance of any other **underlying insurance** providing coverage to **you**, or **your**self insured retention of the **retained limit** have been exhausted by payment to a third party of judgments, settlements, or defense costs, or by payment of covered first party automobile expenses. | 11.  Undisputed. |

7

*ROBERT A. RIZZO'S STATEMENT OF*
*GENUINE DISPUTES OF MATERIAL FACT*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR.., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| ICSOP'S ALLEGED UNCONTROVERTED FACTS: | MR. RIZZO'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| 12.   Under Section, IV, "Who Is An Insured," the policy provides: Insured means each of the following:<br><br>A.   The Named Insured designated in the Declarations;<br><br>B.   Those individuals who were or now are elected or appointed officials of the Named Insured, including members of its governing body or any other agencies, districts, authorities, committees, trustees, boards, commissions, or similar entity of the Named Insured, while acting on behalf of the Named Insured;<br><br>C.   Any of your employees, servants, or volunteers while acting within the course and scope of their employment or duties as volunteers;…. | 12.  Undisputed. |
| 13.   The Policy includes the following pertinent definitions:<br><br>D.   Claim(s) means a demand for money.<br><br>G.   Employee includes a leased worker or a volunteer while acting within the scope of his/her duties as such.<br><br>GG.  Suit means a civil proceeding in which damages | 13.  Undisputed that the Policy contains these definitions.  However, Mr. Rizzo objects to the term "pertinent" and disputes that these are the only definitions in the Policy pertinent to the instant Motion. Additional pertinent definitions include, but are not limited to, the Policy's definitions for the terms "wrongful act" (Stipulation, Ex A., p.9) and "employee benefit wrongful act."  (*Id.* at p.4). |

8

| ICSOP'S ALLEGED UNCONTROVERTED FACTS: | MR. RIZZO'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| are alleged because of **bodily injury** or **property damage**, **wrongful act** or **employee benefit wrongful act** to which this insurance applies.  **Suit** includes:<br><br>1.   An arbitration proceeding in which such damages are claimed and to which **you** must submit or do submit with **our** consent; or<br><br>2.   Any other alternative dispute resolution proceeding in which such damages are claimed and to which **you** submit with **our** consent.<br><br>HH.   **Ultimate net loss** means the sum actually paid or payable due to a **claim** or **suit** for which **you** are liable either by a settlement to which **we** agreed or a final judgment, and shall include defense costs.  Such sum will include proper adjustments for recoveries and salvage. | |
| 14.   Under Section V, "**Exclusions**," the policy provides in relevant part:<br>**We** will not defend or pay under this Policy for **claims** or **suits** against **you**: | 14.  Undisputed that the Policy contains these exclusions.  However, Mr. Rizzo objects to ICSOP's use of the term "relevant" with respect to "Exclusions O and P" and disputes that "Exclusions O and P" are relevant to the instant Motion for the reasons |

*ROBERT A. RIZZO'S STATEMENT OF*
*GENUINE DISPUTES OF MATERIAL FACT*

Law Offices of James W. Spertus
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

Law Offices of James W. Spertus
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

| ICSOP'S ALLEGED UNCONTROVERTED FACTS: | MR. RIZZO'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| O.     Arising out of an alleged willful commission of a crime by you or other dishonest, fraudulent, or malicious act.  At **our** discretion, however, **we** will pay for defense costs until final adjudication, judgment, or settlement to which **we** have agreed.  If the judgment or final adjudication is adverse to you, you will reimburse us for all costs associated with the defense.<br><br>This exclusion shall not apply to any vicarious liability that any **insured** has with regard to the managerial, advisory, supervisory, or controlling obligations over the actions of another **insured**.<br><br>P.     Arising out of **your wrongful act** for gain, profit, or advantage to which you are not legally entitled.  At **our** discretion, however, **we** will pay for defense costs for any **claim** or **suit** arising from an alleged willful commission of a crime by you or other dishonor, fraudulent or malicious act, for any **claim** or **suit** arising out of **your wrongful act** for gain, profit, or advantage to which **you** are not legally entitled until final adjudication, judgment or settlement to which **we** have | set forth in Section III.D of Mr. Rizzo's concurrently filed Opposition Memorandum of Points and Authorities. |

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| ICSOP'S ALLEGED UNCONTROVERTED FACTS: | MR. RIZZO'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| agreed.  If the judgment or final adjudication is adverse to **you**, **you** will reimburse **us** for all costs associated with the defense;<br><br>     This exclusion shall not apply to any vicarious liability that any **insured** has with regard to the managerial, advisory, supervisory, or controlling obligations over the actions of another **insured**;<br><br>EE.   For injunctions, equitable relief, or any other form of relief other than the payment of money damages . . . | |
| 15.    Rizzo tendered the Civil Action and Criminal Actions to ICSOP for defense under ICSOP policy no. 6907991. | 15.  Undisputed.  However, Mr. Rizzo also tendered the actions under previously issued policies, and the parties have stipulated that since Policy No. 6907991 is a "renewal of previously issued policies . . . this is the Policy upon which they are relying and this Court should rely in determining the issues in these cross-motions.  (Stipulation, ¶ 2). |
| 16.    ICSOP initially agreed to defend Rizzo under a full reservation of rights against the Civil Action while ICSOP continued to investigate the claims. ICSOP advised Rizzo that significant coverage issues existed, and ICSOP's participation was | 16.  Undisputed that ICSOP initially agreed to defend Mr. Rizzo against the Civil Actions (which included, the AG's Civil Action against Mr. Rizzo, the City's Cross-Complaint against Mr. Rizzo, and Mr. Rizzo's Cross-Complaint against the City) under a full reservation of rights and that |

*ROBERT A. RIZZO'S STATEMENT OF*
*GENUINE DISPUTES OF MATERIAL FACT*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| ICSOP'S ALLEGED UNCONTROVERTED FACTS: | MR. RIZZO'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| subject to a full and complete reservation of all rights under the policy and the law.  ICSOP declined to defend Rizzo against the Criminal Actions. | ICSOP declined to defend Mr. Rizzo against the Criminal Actions.<br><br>Mr. Rizzo, however, disputes that ICSOP asserted in the December 16, 2010 letter (Stipulation, Ex. M) that ICSOP was "continu[ing] to investigate the claims" and "that significant coverage issues existed." |
| 17.  In light of the State's clarification of its claims in opposing Rizzo's demurrer, ICSOP withdrew from Rizzo's defense and declined to defend the State's appeal. | 17.  Undisputed that ICSOP's basis for withdrawing from Mr. Rizzo's defense and declining to defend the AG's appeal was statements made by the AG in opposing Mr. Rizzo's demurrer.<br><br>However, Mr. Rizzo disputes that the AG provided "clarification of its claims in opposing Rizzo's demurrer." The AG's opposition, in fact, confirmed that the AG's FAC seeks damages covered by the Policy.  The AG expressly argues in its opposition that Mr. Rizzo "failed to exercise due care in approving public expenditures, including . . . Spaccia and Adams employment contracts," and that under *Stanson v. Mott*, 17 Cal.3d 206, 226-27 (1976), Mr. Rizzo "'may be subject to personal liability for improper expenditures made in the absence of such due care.'"  (Stipulation, Ex. O (AG's Opposition), p.19, ln.19-p.20, ln.2). |

*ROBERT A. RIZZO'S STATEMENT OF*
*GENUINE DISPUTES OF MATERIAL FACT*

| ICSOP'S ALLEGED UNCONTROVERTED FACTS: | MR. RIZZO'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| 18.   Rizzo requested that ICSOP defend the State's appeal of the dismissal of its Civil Action. ICSOP denied any obligation to do so.  Rizzo requested that ICSOP reconsider its decision. ICSOP reconsidered and, while continuing to deny any obligation to defend, ICSOP agreed to defend the appeal under a full reservation of rights. | 18. Undisputed. |

Mr. Rizzo also submits the following statement of additional uncontroverted facts, together with references to supporting evidence, that support Mr. Rizzo's opposition to ICSOP's Motion for Summary Judgment.  Mr. Rizzo does not intend to repeat any facts already set forth in facts 1 through 18 above.

| MR. RIZZO'S ADDITIONAL UNCONTROVERTED FACTS: | MR. RIZZO'S SUPPORTING EVIDENCE: |
|---|---|
| 19.   In 1993, Mr. Rizzo became the Chief Administrative Officer ("CAO") for the City of Bell, California (the "City"), and held that position until July 2010. | 19.  Stipulation, ¶ 1. |
| 20.   At all times relevant to this Motion there was a valid and enforceable insurance contract between the City and Defendant The Insurance Company of the State of Pennsylvania ("ICSOP"). | 20.  Stipulation, ¶ 2. |

13

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR.., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| MR. RIZZO'S ADDITIONAL UNCONTROVERTED FACTS: | MR. RIZZO'S SUPPORTING EVIDENCE: |
|---|---|
| 21. There are allegations against Mr. Rizzo in both the Civil and Criminal Actions that relate to conduct by Mr. Rizzo while Mr. Rizzo was acting on behalf of the City or within the course and scope of his employment by the City. | 21. Stipulation, Ex. B (AG's Complaint, ¶¶ (1, 10, 23, 93, 104, 125, 127, 132-34); Ex. C (AG's FAC), ¶¶ (1, 10, 23, 93, 104, 126, 128, 133-35); Ex. D (City's Cross-Complaint), ¶¶ (3, 23, 31, 34, 38, 40, 44); Ex. E (City's FACC), ¶¶ (3, 23, 31, 34, 38, 40, 44, 56); Ex. F (City's SACC), ¶¶ (3, 28, 33, 41); Ex. G (City's TACC), ¶¶ 3, 19, 34, 36, 40, 56, 65; Ex. I (DA's first complaint), ¶¶ 1-53; Ex. J (DA's first Complaint (amended)), ¶¶ 1-54; Ex. K (DA's second Complaint), ¶¶ 1-2; Ex. L (DA's third Complaint), ¶¶ 1-8. |
| 22. Under the Policy, ICSOP must defend its insured against any claims or suits alleging (1) a "wrongful act" by the insured, which includes an "error or misstatement, omission, negligent act, or breach of duty including misfeasance, malfeasance, and nonfeasance," or (2) any "employee benefit wrongful acts," which includes a "negligent act, error, or omission in the administration of" an employee benefit program. ICSOP must defend the claim or suit "even if such claim or suit is groundless, false or fraudulent." | 22. Stipulation, Ex. A at p.1, Sections I.A.2 and I.A.3 (insuring agreements); p.1-2, Section I.B.1 (defense and defense costs); p.3, Section II.A (defining "administration"); p.3, Section II.D (defining "claim"); p.3, Section II.H (defining "employee benefit program"); p.4, Section II.I (defining "employee benefit wrongful acts"); p.4, Section II.J (defining "employment practice liability"); p.8, Section II.GG (defining "suit"); p.8, Section II.HH (defining "ultimate net loss"); p.9, Section II.MM (defining "wrongful act"). |

*ROBERT A. RIZZO'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| MR. RIZZO'S ADDITIONAL UNCONTROVERTED FACTS: | MR. RIZZO'S SUPPORTING EVIDENCE: |
|---|---|
| 23.   The Policy does not contain any exclusions disclaiming ICSOP's duty to defend against covered allegations seeking punitive or exemplary damages. | 23.  Stipulation, *see generally* Ex A. |
| 24.   Mr. Rizzo and the other individual defendants were all sued by the AG "in their official and personal capacities." | 24.  Stipulation, Ex. B (AG's Complaint), ¶¶ 10-17; Ex. C (AG's FAC), ¶¶ 10-17. |
| 25.   On November 4, 2010, Mr. Rizzo demurred to the Complaint, and the trial court sustained the demurrer with leave to amend.  On November 15, 2010, the AG filed a First Amended Complaint ("FAC"). The FAC consolidated two negligence causes of action pled in the original Complaint, but otherwise did not change the claims. | 25.  Stipulation, ¶ 3. |
| 26.   The FAC alleged the following six causes of action against Mr. Rizzo: (1) Waste of Public Funds under California Civil Procedure Code section 526a; (2) Negligence; (3) and (4) Fraudulent Deceit; (5) Conflict of Interest under California Government Code section 1090; and (6) Breach of Fiduciary Duty and Violation of Public Trust. | 26.  Stipulation, ¶ 3, Ex. C. |

15

*ROBERT A. RIZZO'S STATEMENT OF*
*GENUINE DISPUTES OF MATERIAL FACT*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| MR. RIZZO'S ADDITIONAL UNCONTROVERTED FACTS: | MR. RIZZO'S SUPPORTING EVIDENCE: |
|---|---|
| 27.   On November 24, 2010, in the Civil Action, the City of Bell filed a Cross-Complaint against Mr. Rizzo.  The City's Cross-Complaint alleged the following causes of action: (1) Intentional Misrepresentation; (2) Constructive Fraud; (3) Breach of Fiduciary Duty; (4) Negligence; (5) Violation of Government Code § 1090; (6) Declaratory Relief; and (7) Unjust Enrichment.  The City subsequently amended its Cross-Complaint three times after demurrers filed by Mr. Rizzo were each sustained with leave to amend.  (The City's original Cross-Complaint and its amended versions are collectively referred to as the "City's Cross-Complaint."). | 27.  Stipulation, ¶ 5, Exs. D, E, F, G. |
| 28.   There are allegations in the AG's FAC and the City's Cross-complaint that arise out of "wrongful acts" or "employee benefit wrongful acts." | 28.  Stipulation, Ex. C (AG's FAC), ¶¶ 1-3, 41, 49, 58, 88, 94-99, 103-04, 106-08, 116, 128, 132-34, 136; Ex. D (City's Cross-Complaint), ¶¶ 34, 39, 40-42; Ex. E, ¶¶ 34, 39, 40-42; Ex. F, ¶¶ 13-25, 34; Ex. G, ¶¶ 16-18, 20-23, 37.  *See also* UF Nos. 39 through 69. |
| 29.   The AG's FAC sought payment of money damages by Mr. Rizzo. | 29.  Stipulation, Ex. C, ¶¶ 93, 98, 106, 109, 117, 124, 130, 137. |

*ROBERT A. RIZZO'S STATEMENT OF*
*GENUINE DISPUTES OF MATERIAL FACT*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| MR. RIZZO'S ADDITIONAL UNCONTROVERTED FACTS: | MR. RIZZO'S SUPPORTING EVIDENCE: |
|---|---|
| 30. With regard to the AG's First Cause of Action for Waste of Public Funds, the AG alleged that it was seeking to hold Mr. Rizzo personally liable to pay an amount of money "to be proven at trial" that Mr. Rizzo allegedly "wastefully expended" when Mr. Rizzo approved "excess compensation to [City of Bell employees] Spaccia and Adams." | 30. Stipulation, Ex. C, ¶¶ 93, 98. |
| 31. With regard to the AG's Second Cause of Action for Negligence, the AG expressly alleged that "Rizzo failed to exercise due care and reasonable diligence in approving the employment contracts of Spaccia and Adams," and that Mr. Rizzo is personally "liable for damages to the City" as a result of his alleged approval of these expenditures. | 31. Stipulation, Ex. C, ¶¶ 106, 109. |
| 32. With regard to the AG's Third through Sixth Causes of Action, the AG alleged that Mr. Rizzo's actions caused damages to the City and to its citizens. | 32. Stipulation, Ex. C, ¶¶ 117, 124, 130, 137. |

*ROBERT A. RIZZO'S STATEMENT OF*
*GENUINE DISPUTES OF MATERIAL FACT*

Law Offices of James W. Spertus
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

| MR. RIZZO'S ADDITIONAL UNCONTROVERTED FACTS: | MR. RIZZO'S SUPPORTING EVIDENCE: |
|---|---|
| 33. With regard to all causes of action, in its prayer for relief, the AG sought "[a]n order requiring defendants, jointly and severally, to make restitution to the City for compensation they approved and/or accepted, and which was in excess of what was reasonable and appropriate, in an amount to be proven at trial." | 33. Stipulation, Ex C, p.20. |
| 34. The AG's FAC also sought "exemplary damages" to be paid by Mr. Rizzo. | 34. Stipulation, Ex C, p.21. |
| 35. The City's Cross-Complaint expressly seeks to recover from Mr. Rizzo general, special, incidental, consequential, and punitive damages. | 35. Stipulation, Ex. D, p.10; Ex. E, p.10; Ex. F, p.10; Ex. G, p.16. |
| 36. Most of the claims asserted against Mr. Rizzo in the Criminal Actions are based on the same facts asserted by the AG and/or the City in the Civil Actions. | 36. Stipulation, Ex. B, ¶¶ 22, 72-77, 86-90, 93-94, 126-29; Ex. C, ¶¶ 22, 44-49, 72-77, 86-90, 93-94, 127-30; Ex. D, ¶¶ 10, 12-15, 17, 33, 45; Ex. E, ¶¶ 10, 12-15, 17, 33, 45; Ex. F, ¶¶ 7, 10-11, 13-17, 19-26, 28, 34; Ex. G, ¶¶ 9, 14-17, 20-23, 26-28, 34, 37, 42-44, 47; Ex. I, ¶¶ 1-53; Ex. J, ¶¶ 1-54; Ex. L, ¶¶ 1-2, 5. |

*ROBERT A. RIZZO'S STATEMENT OF*
*GENUINE DISPUTES OF MATERIAL FACT*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| MR. RIZZO'S ADDITIONAL UNCONTROVERTED FACTS: | MR. RIZZO'S SUPPORTING EVIDENCE: |
|---|---|
| 37.   Of the 64 claims asserted against Mr. Rizzo in the Criminal Actions, 57 claims are based on the same facts asserted by the AG and/or the City in the Civil Actions. | 37.  Stipulation, Ex. B, ¶¶ 22, 72-77, 86-90, 93-94, 126-29; Ex. C, ¶¶ 22, 44-49, 72-77, 86-90, 93-94, 127-30; Ex. D, ¶¶ 10, 12-15, 17, 33, 45; Ex. E, ¶¶ 10, 12-15, 17, 33, 45; Ex. F, ¶¶ 7, 10-11, 13-17, 19-26, 28, 34; Ex. G, ¶¶ 9, 14-17, 20-23, 26-28, 34, 37, 42-44, 47; Ex. J, ¶¶ 1-54; Ex. L, ¶¶ 1-2, 5. |
| 38.   In the Civil Action, the AG and DA "brought a <u>joint</u> motion to stay the civil action pending resolution of the criminal actions . . . to prevent [Mr. Rizzo] from circumventing criminal discovery procedures by seeking civil discovery for the benefit of [his] criminal defense."  The AG and DA argued that "judicial economy" would be served by staying the Civil Action because "completion of the criminal action first would . . . possibly resolve the civil action without further litigation." | 38.  Stipulation, Ex. S, p.7-8, 46. |
| 39.   On April 28, 2011, ICSOP withdrew its agreement to defend the AG's Civil Action based on "Exclusion EE" of the Policy. | 39.  Stipulation, ¶ 19. |

*ROBERT A. RIZZO'S STATEMENT OF*
*GENUINE DISPUTES OF MATERIAL FACT*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| MR. RIZZO'S ADDITIONAL UNCONTROVERTED FACTS: | MR. RIZZO'S SUPPORTING EVIDENCE: |
|---|---|
| 40.   ICSOP informed Mr. Rizzo that the AG, in responding to Mr. Rizzo's demurrer to the AG's FAC, asserted that "[t]he claims alleged in the complaint are not claims for money or damages subject to the Tort Claims Act" since the AG is "seeking restitution of excessive and wasteful compensation." | 40.  Stipulation, ¶ 19, Ex. Q (April 28, 2011 letter); *see also generally* Stipulation, Ex. N (Mr. Rizzo's Demurrer), Ex. O (AG's Opposition), Ex. P (Mr. Rizzo's Reply). |
| 41.   ICSOP took the position that the AG's "statements in opposition to Rizzo's demurrer clearly indicate the State has no claim that would be covered by the ICSOP policy" since "all of the State's claims are for equitable relief including restitution." | 41.  Stipulation, Ex. Q. |
| 42.   ICSOP's April 28, 2011 withdrawal letter provided no explanation for withdrawing coverage for the defense against the City's Cross-Complaint and Mr. Rizzo's Cross-Complaint against the City. | 42.  Stipulation, Ex. Q. |

*ROBERT A. RIZZO'S STATEMENT OF*
*GENUINE DISPUTES OF MATERIAL FACT*

Law Offices of James W. Spertus
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

| MR. RIZZO'S ADDITIONAL UNCONTROVERTED FACTS: | MR. RIZZO'S SUPPORTING EVIDENCE: |
|---|---|
| 43.   In the trial court's May 2, 2011 ruling sustaining Mr. Rizzo's demurrer to the AG's FAC, the trial court held that Mr. Rizzo is entitled to legislative immunity against claims asserted by the AG.  The trial court held:  "[T]he principle of legislative immunity protects not only the conduct of municipal legislators, but also the acts of municipal administrators and executives taken in direct assistance of legislative activity.  [Citation omitted].  Here plaintiff alleges the excess compensation was approved by City ordinances.  These allegations therefore trigger the doctrine of legislative immunity." | 43.  ICSOP's Req. for Jud. Not., Ex. U, p.6, ln.20-p.7, ln.8 |

| UNCONTROVERTED FACTS FROM THE CIVIL ACTIONS: | PLAINTIFF'S SUPPORTING EVIDENCE: |
|---|---|
| 44.   The AG'S FAC expressly alleged: "The People bring this action against certain officers and employees of the City of Bell (the City), challenging their conduct both intentional **and negligent**, that enriched themselves at the expense of the City and its citizens whom they assumed an obligation to faithfully serve." | 44.  Stipulation, Ex. C, ¶ 1 (emphasis added). |

*ROBERT A. RIZZO'S STATEMENT OF*
*GENUINE DISPUTES OF MATERIAL FACT*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| UNCONTROVERTED FACTS FROM THE CIVIL ACTIONS: | PLAINTIFF'S SUPPORTING EVIDENCE: |
|---|---|
| 45. The AG'S FAC expressly alleged: "Among other things, the city council members and Chief Administrative Officer (Robert Rizzo) awarded to themselves and certain other City officers and employees, and took great pains to conceal, salaries and benefits that grossly exceeded **what were reasonable and commensurate with their respective offices and duties**, all in blatant disregard of the public trust confided in them." | 45.  Stipulation, Ex. C, ¶ 2 (emphasis added). |
| 46. The AG'S FAC expressly alleged: "Robert Rizzo dictated the terms of the employment contracts for the City officers and employees, and council members **negligently** approved those contracts without ever reviewing or even seeking to learn the terms of the contracts." | 46.  Stipulation, Ex. C, ¶ 3 (emphasis added). |
| 47. The AG'S FAC expressly alleged: "Defendant Robert A. Rizzo was the Chief Administrative Officer of the City from May 1993 through at least July 2010.  **Rizzo is named both in his official and personal capacities**." | 47.  Stipulation, Ex. C, ¶ 10 (emphasis added). |

22

*ROBERT A. RIZZO'S STATEMENT OF*
*GENUINE DISPUTES OF MATERIAL FACT*

| UNCONTROVERTED FACTS FROM THE CIVIL ACTIONS: | PLAINTIFF'S SUPPORTING EVIDENCE: |
|---|---|
| 48.   The AG'S FAC expressly alleged: "Upon information and belief, Rizzo authorized Spaccia's 2008 employment contract **without giving it the requisite deliberation, consideration, or due care** as to the appropriate compensation that was commensurate with her duties and responsibilities." | 48.  Stipulation, Ex. C, ¶ 41 (emphasis added). |
| 49.   The AG'S FAC expressly alleged: "Upon information and belief, Rizzo entered into Adams' 2009 employment agreement on behalf of the City **without giving the contract the requisite deliberation, consideration, or due care** as to the appropriate compensation that was commensurate with his duties and responsibilities." | 49.  Stipulation, Ex. C, ¶ 49 (emphasis added). |
| 50.   The AG'S FAC expressly alleged: "Rizzo approached Council Member defendants and proposed that the City become a charter city." | 50.  Stipulation, Ex. C, ¶ 58. |
| 51.   The AG'S FAC expressly alleged: "Rizzo and Spaccia modified the benefits under the Plan and also the amount of the City's contribution to the Plan based solely upon when they expected to retire." | 51.  Stipulation, Ex. C, ¶ 88. |

Law Offices of James W. Spertus
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

23

*ROBERT A. RIZZO'S STATEMENT OF*
*GENUINE DISPUTES OF MATERIAL FACT*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| UNCONTROVERTED FACTS FROM THE CIVIL ACTIONS: | PLAINTIFF'S SUPPORTING EVIDENCE: |
|---|---|
| 52.   The AG'S FAC expressly alleged: "Code of Civil Procedure section 526a provides that an action to obtain a judgment, restraining and preventing any illegal expenditure of, waste of, injury to, the estate, funds, or other properties of a county, town, city or city and county of a state, may be maintained against **any officer** thereof, or any agent, or other person, acting in its behalf." | 52.  Stipulation, Ex. C, ¶ 93 (emphasis added). |
| 53.   The AG'S FAC expressly alleged: "As set forth above, the compensation to all defendants beyond what was commensurate with their duties and responsibilities, and beyond what cities in the Los Angeles region with comparable populations were paying their officers and employees, was a waste of the public funds of the City and was illegally expended." | 53.  Stipulation, Ex. C, ¶ 94. |
| 54.   The AG'S FAC expressly alleged: "The excess compensation paid to defendants was authorized by City ordinances and/or defendants' employment contracts." | 54.  Stipulation, Ex. C, ¶ 95. |

*ROBERT A. RIZZO'S STATEMENT OF*
*GENUINE DISPUTES OF MATERIAL FACT*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| UNCONTROVERTED FACTS FROM THE CIVIL ACTIONS: | PLAINTIFF'S SUPPORTING EVIDENCE: |
|---|---|
| 55.   The AG'S FAC expressly alleged: "The excess compensation paid to Council Member defendants, Rizzo, and Spaccia (from 2003 to June 2008), was authorized by the Council Member defendants. The authorization of excess compensation to defendants was unreasonable, arbitrary, and a clear abuse of discretion by Council Member defendants, and was ultra vires." | 55.  Stipulation, Ex. C, ¶ 96. |
| 56.   The AG'S FAC expressly alleged: "The acceptance of such excess compensation was also unreasonable, arbitrary, and a clear abuse of discretion by the respective defendants." | 56.  Stipulation, Ex. C, ¶ 97. |
| 57.   The AG'S FAC expressly alleged: "The excess compensation paid to Spaccia (after June 2008) and Adams was authorized by Rizzo. **The authorization of excess compensation to Spaccia and Adams was unreasonable, arbitrary, and a clear abuse of discretion by Rizzo, and was ultra vires**." | 57.  Stipulation, Ex. C, ¶ 98 (emphasis added). |

25

*ROBERT A. RIZZO'S STATEMENT OF*
*GENUINE DISPUTES OF MATERIAL FACT*

| UNCONTROVERTED FACTS FROM THE CIVIL ACTIONS: | PLAINTIFF'S SUPPORTING EVIDENCE: |
|---|---|
| 58.   The AG'S FAC expressly alleged: "The acceptance of such excess compensation was also **unreasonable**, arbitrary, and a clear abuse of discretion by the respective defendants." | 58.  Stipulation, Ex. C, ¶ 99 (emphasis added). |
| 59.   The AG'S FAC expressly alleged: **"Council Member defendants and Rizzo were negligent in authorizing the wasteful expenditures of public funds."** | 59.  Stipulation, Ex. C, ¶ 103 (emphasis added). |
| 60.   The AG'S FAC expressly alleged: "As public officers and employee of the City, Council Member defendants and Rizzo **have a duty to use due care and reasonable diligence in authorizing the expenditure of public funds**." | 60.  Stipulation, Ex. C, ¶ 104 (emphasis added). |
| 61.   The AG'S FAC expressly alleged: "Similarly, and as set forth above, defendant **Rizzo failed to exercise due care and reasonable diligence in approving the employment contracts of Spaccia and Adams**.  Rizzo failed to determine whether the terms of the contracts were reasonable, appropriate, and commensurate with their respective duties and responsibilities." | 61.  Stipulation, Ex. C, ¶ 106 (emphasis added). |

Law Offices of James W. Spertus
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

26

*ROBERT A. RIZZO'S STATEMENT OF*
*GENUINE DISPUTES OF MATERIAL FACT*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR.., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| UNCONTROVERTED FACTS FROM THE CIVIL ACTIONS: | PLAINTIFF'S SUPPORTING EVIDENCE: |
|---|---|
| 62.  The AG'S FAC expressly alleged: "Council Member defendants and **Rizzo breached their duties of due care in authorizing the employment contracts, causing wasteful expenditures of the City's public funds**.  As a result of defendants' **breaches of their duties**, the authorization of the employment contracts was arbitrary and **unreasonable**, resulting in excessive and wasteful compensation." | 62.  Stipulation, Ex. C, ¶ 107 (emphasis added). |
| 63.  The AG'S FAC expressly alleged: "The City and its citizens suffered, and continue to suffer, damages as a result of the defendants' breaches of their duties." | 63.  Stipulation, Ex. C, ¶ 108. |
| 64.  The AG'S FAC expressly alleged: "Upon information and belief, Rizzo participated in this plan to defraud the public **by assisting in the drafting of Ordinance No. 1158**." | 64.  Stipulation, Ex. C, ¶ 116 (emphasis added). |

*ROBERT A. RIZZO'S STATEMENT OF*
*GENUINE DISPUTES OF MATERIAL FACT*

Law Offices of James W. Spertus
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

| UNCONTROVERTED FACTS FROM THE CIVIL ACTIONS: | PLAINTIFF'S SUPPORTING EVIDENCE: |
|---|---|
| 65. The AG'S FAC expressly alleged: "Rizzo, Spaccia, and other defendants **directed the modification of the City's Supplemental Retirement Plan in their official capacities and** had a cognizable financial interest in the Plan above and beyond other members of the Plan." | 65. Stipulation, Ex. C, ¶ 128 (emphasis added). |
| 66. The AG'S FAC expressly alleged: "Council members and other officers and employees of a city are charged with holding and preserving a public trust, and **owe a fiduciary duty to the City and its citizens**, and must act in the interest and for the benefit of the people they serve." | 66. Stipulation, Ex. C, ¶ 132 (emphasis added). |
| 67. The AG'S FAC expressly alleged: "**Defendants, as officers and employees of the City**, violated the public trust and **breached their fiduciary duties to the City and its citizens** when they awarded themselves and each other excessive and wasteful compensation that were not commensurate with their respective duties and responsibilities." | 67. Stipulation, Ex. C, ¶ 133 (emphasis added). |

*ROBERT A. RIZZO'S STATEMENT OF*
*GENUINE DISPUTES OF MATERIAL FACT*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| UNCONTROVERTED FACTS FROM THE CIVIL ACTIONS: | PLAINTIFF'S SUPPORTING EVIDENCE: |
|---|---|
| 68. The AG'S FAC expressly alleged: "**Defendants, as officers and employees of the City**, also violated the public trust and **breached their fiduciary duties to the City and its citizens** when they accepted the excessive and wasteful compensation that they awarded to themselves and to each other." | 68. Stipulation, Ex. C, ¶ 134 (emphasis added). |
| 69. The AG'S FAC expressly alleged: "Upon information and belief, each defendant intentionally violated the public trust and **breached his or her fiduciary duty to the City and its citizen**s, and actively encouraged and participated in the other defendants' violation of public trust and breach of their fiduciary duties." | 69. Stipulation, Ex. C, ¶ 136 (emphasis added). |
| 70. The City's Cross-Complaint expressly alleged: "The conduct that is described at paragraphs 17 and 33 constitute a **breach of fiduciary duty on the part of Rizzo**. Based on those actions, **Rizzo has violated his fiduciary duties owed to the City**, and, as a result of that breach, the City has **suffered millions of dollars in damages**." | 70. Stipulation, Ex. D, ¶ 34 (emphasis added). |

*ROBERT A. RIZZO'S STATEMENT OF*
*GENUINE DISPUTES OF MATERIAL FACT*

Law Offices of James W. Spertus
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

| UNCONTROVERTED FACTS FROM THE CIVIL ACTIONS: | PLAINTIFF'S SUPPORTING EVIDENCE: |
|---|---|
| 71.  The City's Cross-Complaint expressly alleged:  "**Rizzo breached his duties** by engaging in the actions described in paragraphs 17 and 33 and in addition, **he breached his duties by preparing and failing to correct Ordinance No. 1158** . . . ." | 71.  Stipulation, Ex. D, ¶ 39 (emphasis added). |
| 72.  The City's Cross-Complaint expressly alleged:  "The above-described actions by Rizzo constitute a **breach of his duty** to perform his Chief Administrator Officer duties and to the standards required of a similarly situated Chief Administrative Officer." | 72.  Stipulation, Ex. D, ¶ 40 (emphasis added). |
| 73.  The City's Cross-Complaint expressly alleged:  "**As a result of the breach of these duties, Rizzo is liable for negligence**." | 73.  Stipulation, Ex. D, ¶ 41 (emphasis added). |
| 74.  The City's Cross-Complaint expressly alleged:  "**As a legal and proximate result of this negligence, the City of Bell has suffered monetary losses in excess of millions of dollars**." | 74.  Stipulation, Ex. D, ¶ 42 (emphasis added). |

Dated:   August 31, 2012          LAW OFFICES OF JAMES W. SPERTUS

By:   /S_____
James W. Spertus
Ezra D. Landes
Amy M. Hinkley
Attorneys for Plaintiff Robert A. Rizzo

30