LAW OFFICES OF JAMES W. SPERTUS
James W. Spertus (SBN 159825)
Ezra D. Landes (SBN 253052)
Amy M. Hinkley (SBN 274571)
1990 South Bundy Dr., Suite 705
Los Angeles, California  90025
Telephone: (310) 826-4700
Facsimile:  (310) 826-4711
jim@spertuslaw.com
ezra@spertuslaw.com
amy@spertuslaw.com

Attorneys for Plaintiff Robert A. Rizzo

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. RIZZO, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a Pennsylvania corporation, and CHARTIS CLAIMS, INC., a Delaware corporation.<br><br>        Defendants. | Case No. CV-12-04347-DMG (FMOx)<br><br>Hon. Dolly M. Gee<br><br>**REPLY STATEMENT OF UNCONTROVERTED FACTS AND RESPONSES TO ADDITIONAL ALLEGED MATERIAL FACTS, FILED BY PLAINTIFF ROBERT A. RIZZO IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:        September 21, 2012<br>Time:        2:00 p.m.<br>Crtrm:       7 |

Law Offices of James W. Spertus
1990 South Bundy Dr.., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

TO THIS HONORABLE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Plaintiff Robert A. Rizzo ("Plaintiff" or "Mr. Rizzo") submits this Reply Statement of Uncontroverted Facts and Responses to Defendant The Insurance Company of the State of Pennsylvania's ("ICSOP") Additional Alleged Material Facts, in support of Mr. Rizzo's Motion for Partial Summary Judgment.

| MR. RIZZO'S UNCONTROVERTED MATERIAL FACTS AND SUPPORTING EVIDENCE | ICSOP'S RESPONSE AND MR. RIZZO'S REPLY: |
| --- | --- |
| 1.   In 1993, Mr. Rizzo became the Chief Administrative Officer ("CAO") for the City of Bell, California (the "City"), and held that position until July 2010.<br><br>Stipulation of Undisputed Material Facts in Support of Cross-Motions for Partial Summary Judgment ("Stipulation"), ¶ 1. | 1.   Undisputed. |
| 2.   At all times relevant to this Motion there was a valid and enforceable insurance contract between the City and Defendant The Insurance Company of the State of Pennsylvania ("ICSOP").<br><br>Stipulation, ¶ 2. | 2.   Undisputed. |
| 3.   The policy triggered by the underlying tenders in the instant action is Policy No. 6907991, dated July 1, 2010 to July 1, 2011 (the "Policy"), which is a renewal of previously issued policies.<br><br>Stipulation, ¶ 2. | 3.   Undisputed. |

Law Offices of James W. Spertus
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

2

*ROBERT A. RIZZO'S REPLY STATEMENT OF UNCONTROVERTED FACTS AND RESPONSES TO ADDITIONAL ALLEGED MATERIAL FACTS*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| MR. RIZZO'S UNCONTROVERTED MATERIAL FACTS AND SUPPORTING EVIDENCE | ICSOP'S RESPONSE AND MR. RIZZO'S REPLY: |
|---|---|
| 4.    Under the Policy, the insured is the City and (1) "[t]hose individuals who were or now are elected or appointed officials of the [City], including members of its governing body or any other agencies, districts, authorities, committees, trustees, boards, commissions, or similar entity of the [City], while acting on behalf of the [City]" and (2) "[a]ny of [the City's] employees . . . while acting within the course and scope of their employment."<br><br>Stipulation, Ex. A (Policy) at p.12, Sections IV.B, IV.C (defining "insured"). | 4.    Undisputed. |
| 5.    Mr. Rizzo was an appointed official and employee of the City.<br><br>Stipulation, ¶ 1. | 5.    Undisputed. |
| 6.    There are allegations against Mr. Rizzo in both the Civil and Criminal Actions that relate to conduct by Mr. Rizzo while Mr. Rizzo was acting within the course and scope of his employment by the City.<br><br>Stipulation, Ex. B (AG's Complaint, ¶¶ (1, 10, 23, 93, 104, 125, 127, 132-34); Ex. C (AG's FAC), ¶¶ (1, 10, 23, 93, 104, 126, 128, 133-35); Ex. D (City's Cross-Complaint), ¶¶ (3, 23, 31, 34, 38, 40, 44); Ex. E (City's FACC), ¶¶ (3, 23, 31, 34, 38, 40, 44, 56); Ex. F (City's SACC), ¶¶ (3, 28, | 6.    Objection.  This is not a "fact" but a legal conclusion.  Undisputed that Rizzo was allegedly acting as an official and employee of the City.  Also undisputed that the State and City allege Rizzo's actions were antagonistic to and not in the best interests of the City.<br><br><u>Supporting Evidence</u><br><br>Rizzo's Statement of Uncontroverted Material Facts  ("UMF") # 14, 39, 40 (FAC at ¶¶ 1, 2, 6; TACC at ¶¶ 1, 68). |

*ROBERT A. RIZZO'S REPLY STATEMENT OF UNCONTROVERTED FACTS AND RESPONSES TO ADDITIONAL ALLEGED MATERIAL FACTS*

| MR. RIZZO'S UNCONTROVERTED MATERIAL FACTS AND SUPPORTING EVIDENCE | ICSOP'S RESPONSE AND MR. RIZZO'S REPLY: |
|---|---|
| 33, 41); Ex. G (City's TACC), ¶¶ 3, 19, 34, 36, 40, 56, 65; Ex. I (DA's first complaint), ¶¶ 1-53; Ex. J (DA's first Complaint (amended)), ¶¶ 1-54; Ex. K (DA's second Complaint), ¶¶ 1-2; Ex. L (DA's third Complaint), ¶¶ 1-8. | **Mr. Rizzo's Reply:**<br><br>The allegations alleged in the underlying complaints are not capable of being disputed.  "Summary judgment is appropriate where, as here, the undisputed evidence supports only one reasonable inference." *Caliber One Indem. Co. v. Wade Cook Fin. Corp.*, 491 F.3d 1079, 1085 (9th Cir. 2007).  The only reasonable inference supported by the undisputed evidence is that the allegations in the complaints constitute alleged conduct falling within the course and scope of Mr. Rizzo's employment, as the phrase "within the course and scope of employment" is defined under California law.  *See Alma W. v. Oakland Unified School Dist.*, 123 Cal.App.3d 133, 139 (1981); *White v. County of Orange*, 166 Cal.App.3d 566, 570-71 (1985); *Cassady v. Morgan, Lewis & Brockius LLP*, 145 Cal.App.4th 220, 230-31 (2006).<br><br>ICSOP's statement that it is "undisputed that the State and City allege Rizzo's actions were antagonistic to and not in the best interests of the City" is non-responsive to Fact No. 6 since Fact No. 6 does not assert that Mr. Rizzo's actions "were antagonistic to and not in the best interests of the City."  Also, it is irrelevant whether Mr. Rizzo's alleged conduct was "antagonistic" to the City, since, under California law, that does |

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

Law Offices of James W. Spertus
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

| MR. RIZZO'S UNCONTROVERTED MATERIAL FACTS AND SUPPORTING EVIDENCE | ICSOP'S RESPONSE AND MR. RIZZO'S REPLY: |
|---|---|
| | not determine whether conduct falls within the course and scope of one's employment. |
| | Moreover, the statement by ICSOP is false.  The trial court for the Civil Actions sustained Mr. Rizzo's demurrer to the AG's FAC and dismissed the AG's case because Mr. Rizzo engaged in conduct that was approved by the City Council, and the trial court held that such conduct could not be second guessed by the trial court under the separation of powers doctrine.  (ICSOP's Req. for Jud. Notice, Ex. U, p.5, lns.25-p.6, ln.19).  The trial court further held that Mr. Rizzo had immunity because his conduct was "in direct assistance of legislative activity."  (*Id.* at p.6, lns.26-27).  Mr. Rizzo's conduct was not antagonistic to the City and Mr. Rizzo was at all times carrying out the will of the City Council.  In fact, Mr. Rizzo's co-defendants in the AG's Civil Action are members of the City Council and the City itself. (Stipulation, Ex. C, ¶¶ 13-19). |
| 7.     Under the Policy, ICSOP must defend its insured against any claims or suits alleging (1) a "wrongful act" by the insured, which includes an "error or misstatement, omission, negligent act, or breach of duty including misfeasance, malfeasance, and nonfeasance," or (2) any | 7.     Undisputed that the policy provisions referenced are in the ICSOP Policy, but not all of these provisions are relevant to determining whether there is a duty to defend the civil and criminal lawsuits Rizzo seeks to have defended.  Object to this "fact" as being multiple facts, confusing, taken |

| MR. RIZZO'S UNCONTROVERTED MATERIAL FACTS AND SUPPORTING EVIDENCE | ICSOP'S RESPONSE AND MR. RIZZO'S REPLY: |
|---|---|
| "employee benefit wrongful acts," which includes a "negligent act, error, or omission in the administration of" an employee benefit program.  ICSOP must defend the claim or suit "even if such claim or suit is groundless, false or fraudulent."<br><br>Stipulation, Ex. A at p.1, Sections I.A.2 and I.A.3 (insuring agreements); p.1-2, Section I.B.1 (defense and defense costs); p.3, Section II.A (defining "administration"); p.3, Section II.D (defining "claim"); p.3, Section II.H (defining "employee benefit program"); p.4, Section II.I (defining "employee benefit wrongful acts"); p.4, Section II.J (defining "employment practice liability"); p.8, Section II.GG (defining "suit"); p.8, Section II.HH (defining "ultimate net loss"); p.9, Section II.MM (defining "wrongful act"). | out of context, and irrelevant.<br><br>Supporting Evidence<br><br>ICSOP Policy No. 6907991, at pp. 1-3, 8, 16, 18, attached as Exhibit A to Stipulation of Undisputed Material Facts ("Fact Stip") at ¶ 2; Additional Material Fact ("AMF") # 71-74, Declaration of Michelle Duluc ("Duluc Dec.") at ¶ 4, attached to as Exhibit 1 to Declaration of Vanessa Beary ("Beary Decl.").<br><br>**Mr. Rizzo's Reply:**<br><br>ICSOP contends that "not all of these provisions are relevant to determining whether there is a duty to defend" but ICSOP fails to identify which of the eleven provisions cited are irrelevant.<br><br>ICSOP omits from its Opposition the definitions for "wrongful act" and "employee benefit wrongful act," which are cited by Mr. Rizzo in Fact No. 7.  ICSOP then proceeds to make arguments that fail in light of these definitions, which are conveniently omitted from ICSOP's opposition and ICSOP's cross-motion.  (*See, e.g.*, Rizzo's Opposition (Doc. No. 21), p.12, lns.5-22). |
| 8.    The Policy contains the following exclusion: "We will not defend or pay under this Policy for | 8.    Undisputed. |

Law Offices of James W. Spertus<br>1990 South Bundy Dr., Suite 705<br>Los Angeles, CA 90025<br>Telephone 310-826-4700; Facsimile 310-826-4711

*ROBERT A. RIZZO'S REPLY STATEMENT OF UNCONTROVERTED FACTS AND RESPONSES TO ADDITIONAL ALLEGED MATERIAL FACTS*

| MR. RIZZO'S UNCONTROVERTED MATERIAL FACTS AND SUPPORTING EVIDENCE | ICSOP'S RESPONSE AND MR. RIZZO'S REPLY: |
|---|---|
| claims or suits against you: . . . EE. For injunctions, equitable relief, or any other form of relief other than the payment of money damages[.]"<br><br>Stipulation, Ex. A, p.13, 18, Section V.EE. | |
| 9.      The Policy does not contain any exclusions disclaiming ICSOP's duty to defend against covered allegations seeking punitive or exemplary damages.<br><br>Stipulation, *see generally* Ex A. | 9.      Disputed.  This is not a "fact," it is a legal contention.  Undisputed that Exclusion O in the ICSOP policy provides there is no duty to defend or pay claims "arising out of an alleged wilful commission of a crime by [Rizzo] or other dishonest, fraudulent, or malicious act."  California law requires proof that the defendant acted with malice or fraud in order to award punitive damages.  Therefore, there cannot be coverage under the ICSOP policy for punitive damages. *Waller v. Truck Ins. Exch.,* 11 Cal.4th 1, 19 (1995); *Montrose Chem. Corp. v. Sup. Ct.,* 6 Cal.4th 287, 300-301 (1993).   In addition, there cannot be coverage for punitive damages, since they cannot be covered as a matter of public policy. *PPG Industries, Inc. v. Transamerica Ins. Co.*, 20 Cal.4th 310, 317-318 (1999).<br><br><br>Supporting Evidence<br><br>Fact Stip at ¶ 2, Exhibit A; AMF # 74 (Duluc Dec. at ¶ 4, Policy No. 6907991, at pp. 16, 18). |

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

*ROBERT A. RIZZO'S REPLY STATEMENT OF UNCONTROVERTED FACTS AND RESPONSES TO ADDITIONAL ALLEGED MATERIAL FACTS*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR.., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| MR. RIZZO'S UNCONTROVERTED MATERIAL FACTS AND SUPPORTING EVIDENCE | ICSOP'S RESPONSE AND MR. RIZZO'S REPLY: |
| --- | --- |
| | **Mr. Rizzo's Reply:**<br><br>Even though "California public policy bars *indemnification* against punitive damage awards . . . the insurer's obligation to *defend* extends to punitive damage claims, provided the policy does not conspicuously disclaim this duty." (Motion, p.12, lns.4-7 (quoting *J.B. Aguerre, Inc. v. Am. Guarantee & Liability Ins. Co.*, 59 Cal.App.4th 6, 14 (1997)). "[A]bsent a <u>clear and conspicuous exclusion</u> in the policy to the contrary" it is reasonable for the insured to expect that the insurer's duty to defend includes the defense of a punitive damages claim. *Ohio Casualty Ins. Co. v. Hubbard*, 162 Cal.App.3d 939, 948 (1984).<br><br>With respect to ICSOP's reliance on "Exclusion O" in the Policy, first, "Exclusion O" is not a clear and conspicuous exclusion of punitive damages claims since it requires an insured to have personal knowledge outside of the Policy of California Civil Code section 3294 and the elements for a punitive damages claim. Additionally, "Exclusion O" does not refer to "oppression," a basis for punitive damages. Third, "Exclusion O" cannot apply until there has been a final adjudication of "fraudulent or malicious" conduct by Mr. Rizzo. |

*ROBERT A. RIZZO'S REPLY STATEMENT OF UNCONTROVERTED FACTS AND RESPONSES TO ADDITIONAL ALLEGED MATERIAL FACTS*

| MR. RIZZO'S UNCONTROVERTED MATERIAL FACTS AND SUPPORTING EVIDENCE | ICSOP'S RESPONSE AND MR. RIZZO'S REPLY: |
|---|---|
| 10.     On September 15, 2010, the Attorney General of the State of California (the "AG") filed in Los Angeles Superior Court ("LASC") a civil action against Mr. Rizzo, the City of Bell, and seven other city officials for the City of Bell (LASC Case No. BC445497) (the "Civil Action").<br><br>Stipulation, ¶ 3. | 10.     Undisputed. |
| 11.     Mr. Rizzo and the other individual defendants were all sued "in their official and personal capacities."<br><br>Stipulation, Ex. B (AG's Complaint), ¶¶ 10-17; Ex. C (AG's FAC), ¶¶ 10-17. | 11.     Undisputed that Rizzo and defendants were sued as officials of the City and employees of the City. Undisputed that the allegations against Rizzo are that his acts were antagonistic and not in the interests of the City.<br><br><u>Supporting Evidence</u><br><br>UMF # 14, 39, 40 (FAC at ¶¶ 1, 2, 6; (TACC at ¶¶ 1, 68).<br><br>**<u>Mr. Rizzo's Reply:</u>**<br><br>ICSOP adds a second sentence to its "response" that is non-responsive to Fact No. 11 since Fact No. 11 does not assert that "the allegations against Rizzo are that his acts were antagonistic and not in the interests of the City."  Also, it is irrelevant whether Mr. Rizzo's alleged conduct was "antagonistic" to the City since, under California law, that does not determine whether conduct falls within the course and scope of one's employment.  *See Alma W. v. Oakland* |

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

9

*ROBERT A. RIZZO'S REPLY STATEMENT OF UNCONTROVERTED FACTS AND RESPONSES TO ADDITIONAL ALLEGED MATERIAL FACTS*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| MR. RIZZO'S UNCONTROVERTED MATERIAL FACTS AND SUPPORTING EVIDENCE | ICSOP'S RESPONSE AND MR. RIZZO'S REPLY: |
|---|---|
| | *Unified School Dist.*, 123 Cal.App.3d 133, 139 (1981); *White v. County of Orange*, 166 Cal.App.3d 566, 570-71 (1985); *Cassady v. Morgan, Lewis & Brockius LLP*, 145 Cal.App.4th 220, 230-31 (2006). |
| | Moreover, the statement by ICSOP is false.  The trial court for the Civil Actions sustained Mr. Rizzo's demurrer to the AG's FAC and dismissed the AG's case because Mr. Rizzo engaged in conduct that was <u>approved</u> by the City Council, and the trial court held that such conduct could not be second guessed by the trial court under the separation of powers doctrine.  (ICSOP's Req. for Jud. Notice, Ex. U, p.5, lns.25-p.6, ln.19). The trial court further held that Mr. Rizzo had immunity because his conduct was "in direct assistance of legislative activity."  (*Id.* at p.6, lns.26-27).  Mr. Rizzo's conduct was not antagonistic to the City and Mr. Rizzo was at all times carrying out the will of the City Council.  In fact, Mr. Rizzo's co-defendants in the AG's Civil Action are members of the City Council and the City itself.  (Stipulation, Ex. C, ¶¶ 13-19). |
| 12.     On November 4, 2010, Mr. Rizzo demurred to the Complaint, and the trial court sustained the demurrer with leave to amend.  On November 15, 2010, the AG filed a First | 12.     Undisputed. |

10

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| MR. RIZZO'S UNCONTROVERTED MATERIAL FACTS AND SUPPORTING EVIDENCE | ICSOP'S RESPONSE AND MR. RIZZO'S REPLY: |
|---|---|
| Amended Complaint ("FAC"). The FAC consolidated two negligence causes of action pled in the original Complaint, but otherwise did not change the claims. Stipulation, ¶ 3. | |
| 13.    The FAC alleged the following six causes of action against Mr. Rizzo: (1) Waste of Public Funds under California Civil Procedure Code section 526a; (2) Negligence; (3) and (4) Fraudulent Deceit; (5) Conflict of Interest under California Government Code section 1090; and (6) Breach of Fiduciary Duty and Violation of Public Trust. Stipulation, ¶ 3, Ex. C. | 13.    Undisputed. |
| 14.    On November 24, 2010, in the Civil Action, the City of Bell filed a Cross-Complaint against Mr. Rizzo. The City's Cross-Complaint alleged the following causes of action: (1) Intentional Misrepresentation; (2) Constructive Fraud; (3) Breach of Fiduciary Duty; (4) Negligence; (5) Violation of Government Code § 1090; (6) Declaratory Relief; and (7) Unjust Enrichment. The City subsequently amended its Cross-Complaint three times after demurrers filed by Mr. Rizzo were each sustained with leave to amend. (The City's original Cross-Complaint and its | 14.    Undisputed. |

*ROBERT A. RIZZO'S REPLY STATEMENT OF UNCONTROVERTED FACTS AND RESPONSES TO ADDITIONAL ALLEGED MATERIAL FACTS*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| MR. RIZZO'S UNCONTROVERTED MATERIAL FACTS AND SUPPORTING EVIDENCE | ICSOP'S RESPONSE AND MR. RIZZO'S REPLY: |
|---|---|
| amended versions are collectively referred to as the "City's Cross-Complaint."). <br><br> Stipulation, ¶ 5, Exs. D, E, F, G. | |
| 15.    There are allegations in the AG's FAC and the City's Cross-complaint that arise out of "wrongful acts" or "employee benefit wrongful acts." <br><br> Stipulation, Ex. C (AG's FAC), ¶¶ 1-3, 41, 49, 58, 88, 94-99, 103-04, 106-08, 116, 128, 132-34, 136; Ex. D (City's Cross-Complaint), ¶¶ 34, 39, 40-42. *See also* UF Nos. 39 through 69. | 15.    Undisputed that the claims against Rizzo include acts that potentially fit the definitions of "wrongful act" and "employee benefit wrongful act" in the ICSOP Policy. However, not relevant since the claims are not otherwise covered by the Policy since Rizzo does not qualify as an insured, the claims do not seek damages, and the conduct is otherwise excluded. <br><br> Supporting Evidence <br><br> UMF # 12 (FAC at ¶¶ 1-3); UMF # 14 (TACC at ¶¶ 1, 9-15, 68);  UMF # 4 (Policy No. 6907991, at p. 4); Fact Stip at ¶ 2, Exhibit A, AMF # 72, 74 (Policy at pp. 1-3, 8, 16, 18). <br><br> **Mr. Rizzo's Reply:** <br><br> It is only significant that ICSOP does not dispute "that the claims against Rizzo include acts that potentially fit the definitions of 'wrongful acts' and 'employee benefit wrongful acts' in the ICSOP Policy.  The remainder of ICSOP's response does not constitute a proper objection and is non-responsive to Mr. Rizzo's Fact No. 15. |

*ROBERT A. RIZZO'S REPLY STATEMENT OF UNCONTROVERTED FACTS AND RESPONSES TO ADDITIONAL ALLEGED MATERIAL FACTS*

| MR. RIZZO'S UNCONTROVERTED MATERIAL FACTS AND SUPPORTING EVIDENCE | ICSOP'S RESPONSE AND MR. RIZZO'S REPLY: |
|---|---|
| 16.    The AG's FAC sought payment of money damages by Mr. Rizzo.<br><br>Stipulation, Ex. C, ¶¶ 93, 98, 106, 109, 117, 124, 130, 137. | 16.    Disputed. The State seeks orders requiring restitution, precluding Rizzo from receiving retirement benefits, appointing a receiver, and prohibiting the City from paying excess salaries, making retirement contributions or disbursing benefits.  The State seeks rulings that Rizzo's employment contract is null and void, and an award of costs and punitive damages.  The State's prayer does not seek damages. The State takes the position it is not seeking damages.<br><br><u>Supporting Evidence</u><br><br>UMF #12 (FAC, Prayer for Relief, ¶¶ 1-18); Fact Stip at ¶ 17, AMF # 70 (State's Opposition to Demurrer at pp. 2, 10-11, 15); UMF # 35 (Opening Brief ["OB"] at 1, 5-6, 28-31).<br><br>**Mr. Rizzo's Reply:**<br><br>ICSOP contends that the AG "takes the position that it is not seeking damages," and cites to portions of the AG's opposition to Mr. Rizzo's demurrer to the AG's FAC and the AG's opening brief on appeal in support of that contention.  ICSOP, however, ignores the portions of the same pleadings in which the AG takes the opposite position and confirms that it is seeking to recover money damages.  (Stipulation, Ex. O, p.19, ln.19-p.20, ln.2; Stipulation, Ex. S, p.37-38). |

Law Offices of James W. Spertus
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

13

*ROBERT A. RIZZO'S REPLY STATEMENT OF UNCONTROVERTED FACTS AND RESPONSES TO ADDITIONAL ALLEGED MATERIAL FACTS*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| MR. RIZZO'S UNCONTROVERTED MATERIAL FACTS AND SUPPORTING EVIDENCE | ICSOP'S RESPONSE AND MR. RIZZO'S REPLY: |
|---|---|
| | ICSOP also ignores the holding in *Los Osos Cmty. Servs. Dist. v. Am. Alternative Ins. Corp. (Los Osos)*, 585 F. Supp. 2d 1195, 1205-06 (C.D. Cal. 2008), that monetary claims under Civil Procedure Code section 526a, the same cause of action asserted by the AG as its First Cause of Action in the instant case, is "within the definition of 'damages' . . . [and] even if the damages sought by [] plaintiffs might in some contexts be called 'restitution'. . . they are 'damages' for the purpose of interpreting the insurance policy." |
| | ICSOP also ignores the fact that punitive damages are a form of money damages. |
| 17.    With regard to the AG's First Cause of Action for Waste of Public Funds, the AG alleged that it was seeking to hold Mr. Rizzo personally liable to pay an amount of money "to be proven at trial" that Mr. Rizzo allegedly "wastefully expended" when Mr. Rizzo approved "excess compensation to [City of Bell employees] Spaccia and Adams." <br><br> Stipulation, Ex. C, ¶¶ 93, 98. | 17.    Undisputed but incomplete. The State takes the position that it is not seeking damages. <br><br> <u>Supporting Evidence</u> <br><br> UMF #12 (FAC, ¶¶ 93, 98); Fact Stip at ¶ 17, AMF # 70 (State's Opposition to Demurrer at pp. 2, 10-11, 15); UMF # 35 (OB at 1, 5-6, 28-31). <br><br> **<u>Mr. Rizzo's Reply:</u>** <br><br> ICSOP contends that the AG "takes the position that it is not seeking damages," and cites to portions of the AG's opposition to Mr. Rizzo's demurrer to the AG's FAC and the |

*ROBERT A. RIZZO'S REPLY STATEMENT OF UNCONTROVERTED FACTS*
*AND RESPONSES TO ADDITIONAL ALLEGED MATERIAL FACTS*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| MR. RIZZO'S UNCONTROVERTED MATERIAL FACTS AND SUPPORTING EVIDENCE | ICSOP'S RESPONSE AND MR. RIZZO'S REPLY: |
|---|---|
| | AG's opening brief on appeal in support of that contention.  ICSOP, however, ignores the portions of the same pleadings in which the AG takes the opposite position and confirms that it is seeking to recover money damages.  (Stipulation, Ex. O, p.19, ln.19-p.20, ln.2; Stipulation, Ex. S, p.37-38). |
| | ICSOP also ignores the holding in *Los Osos Cmty. Servs. Dist. v. Am. Alternative Ins. Corp. (Los Osos)*, 585 F. Supp. 2d 1195, 1205-06 (C.D. Cal. 2008), that monetary claims under Civil Procedure Code section 526a, the same cause of action asserted by the AG as its First Cause of Action in the instant case, is "within the definition of 'damages' . . . [and] even if the damages sought by [] plaintiffs might in some contexts be called 'restitution'. . . they are 'damages' for the purpose of interpreting the insurance policy." |
| | ICSOP also ignores the fact that punitive damages are a form of money damages. |
| 18.     With regard to the AG's Second Cause of Action for Negligence, the AG expressly alleged that "Rizzo failed to exercise due care and reasonable diligence in approving the employment contracts of Spaccia and Adams," and that Mr. Rizzo is | 18.     Undisputed but incomplete. The State takes the position that it is not seeking damages. <u>Supporting Evidence</u> UMF #12 (FAC, ¶¶ 106, 109); Fact Stip at ¶ 17; AMF # 70 (State's Opposition to Demurrer at pp. 2, 10- |

*ROBERT A. RIZZO'S REPLY STATEMENT OF UNCONTROVERTED FACTS AND RESPONSES TO ADDITIONAL ALLEGED MATERIAL FACTS*

| MR. RIZZO'S UNCONTROVERTED MATERIAL FACTS AND SUPPORTING EVIDENCE | ICSOP'S RESPONSE AND MR. RIZZO'S REPLY: |
|---|---|
| personally "liable for damages to the City" as a result of his alleged approval of these expenditures. Stipulation, Ex. C, ¶¶ 106, 109. | 11, 15); UMF # 35 (OB at 1, 5-6, 28-31). |

**Mr. Rizzo's Reply:**

ICSOP contends that the AG "takes the position that it is not seeking damages," and cites to portions of the AG's opposition to Mr. Rizzo's demurrer to the AG's FAC and the AG's opening brief on appeal in support of that contention.  ICSOP, however, ignores the portions of the same pleadings in which the AG takes the opposite position and confirms that it is seeking to recover money damages.  (Stipulation, Ex. O, p.19, ln.19-p.20, ln.2; Stipulation, Ex. S, p.37-38).

ICSOP also ignores the holding in *Los Osos Cmty. Servs. Dist. v. Am. Alternative Ins. Corp. (Los Osos)*, 585 F. Supp. 2d 1195, 1205-06 (C.D. Cal. 2008), that monetary claims under Civil Procedure Code section 526a, the same cause of action asserted by the AG as its First Cause of Action in the instant case, is "within the definition of 'damages' . . . [and] even if the damages sought by [] plaintiffs might in some contexts be called 'restitution'. . . they are 'damages' for the purpose of interpreting the insurance policy."

ICSOP also ignores the fact that punitive damages are a form of money damages.

Law Offices of James W. Spertus
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

*ROBERT A. RIZZO'S REPLY STATEMENT OF UNCONTROVERTED FACTS AND RESPONSES TO ADDITIONAL ALLEGED MATERIAL FACTS*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| MR. RIZZO'S UNCONTROVERTED MATERIAL FACTS AND SUPPORTING EVIDENCE | ICSOP'S RESPONSE AND MR. RIZZO'S REPLY: |
|---|---|
| 19.     With regard to the AG's Third through Sixth Causes of Action, the AG alleged that Mr. Rizzo's actions caused damages to the City and to its citizens.<br><br>Stipulation, Ex. C, ¶¶ 117, 124, 130, 137. | 19.     Disputed that the allegations constitute "damages" covered under the ICSOP policy.  The State<br><br>Supporting Evidence<br><br>UMF # 4 (Policy at p. 12); Fact Stip at ¶ 17, AMF # 70 (State's Opposition to Demurrer at pp. 2, 10-11, 15); UMF # 35 (OB at 1, 5-6, 28-31); Fact Stip at ¶ 2, AMF # 72, 74 (Policy at pp. 1-3, 8, 16, 18).<br><br>**Mr. Rizzo's Reply:**<br><br>ICSOP cites to portions of the AG's opposition to Mr. Rizzo's demurrer to the AG's FAC and the AG's opening brief on appeal to support its contention that the allegations do not constitute "damages" covered under the Policy.  ICSOP, however, ignores the portions of the same pleadings in which the AG takes the opposite position and confirms that it is seeking to recover money damages. (Stipulation, Ex. O, p.19, ln.19-p.20, ln.2; Stipulation, Ex. S, p.37-38).<br><br>ICSOP also ignores the holding in *Los Osos Cmty. Servs. Dist. v. Am. Alternative Ins. Corp. (Los Osos)*, 585 F. Supp. 2d 1195, 1205-06 (C.D. Cal. 2008), that monetary claims under Civil Procedure Code section 526a, the same cause of action asserted by the AG as its First Cause of Action in the instant case, is "within the definition of 'damages' . . . [and] even if the damages sought by [] plaintiffs might |

17

| MR. RIZZO'S UNCONTROVERTED MATERIAL FACTS AND SUPPORTING EVIDENCE | ICSOP'S RESPONSE AND MR. RIZZO'S REPLY: |
|---|---|
| | in some contexts be called 'restitution'. . . they are 'damages' for the purpose of interpreting the insurance policy." ICSOP also ignores the fact that punitive damages are a form of money damages. |
| 20.     With regard to all causes of action, in its prayer for relief, the AG sought "[a]n order requiring defendants, jointly and severally, to make restitution to the City for compensation they approved and/or accepted, and which was in excess of what was reasonable and appropriate, in an amount to be proven at trial." Stipulation, Ex C, p.20. | 20.     Undisputed. |
| 21.     The AG's FAC also sought "exemplary damages" to be paid by Mr. Rizzo. Stipulation, Ex C, p.21. | 21.     Undisputed, except that the AG's prayer for judgment sought exemplary damages from all defendants, not just Rizzo. |
| 22.     The City's Cross-Complaint expressly seeks to recover from Mr. Rizzo general, special, incidental, consequential, and punitive damages. Stipulation, Ex. D, p.10; Ex. E, p.10; Ex. F, p.10; Ex. G, p.16. | 22.     Undisputed. |
| 23.     On October 15, 2010, in the Civil Action, Mr. Rizzo filed a Cross-Complaint for declaratory relief | 23.     Undisputed. |

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

*ROBERT A. RIZZO'S REPLY STATEMENT OF UNCONTROVERTED FACTS AND RESPONSES TO ADDITIONAL ALLEGED MATERIAL FACTS*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| MR. RIZZO'S UNCONTROVERTED MATERIAL FACTS AND SUPPORTING EVIDENCE | ICSOP'S RESPONSE AND MR. RIZZO'S REPLY: |
|---|---|
| against the City.  Mr. Rizzo asserted three causes of action against the City for a defense of the Civil and Criminal Actions based on his employment contract with the City and his statutory rights pursuant to California Government Code section 995 and California Labor Code section 2802.  Stipulation, Ex. H. | |
| 24.    On September 20, 2010, October 20, 2010, and March 29, 2011, the Los Angeles District Attorney's Office ("DA") filed complaints against Mr. Rizzo (LASC Case Nos. BA376026, BA377197 and BA382701) (the "Criminal Actions").  The September 20, 2010 complaint was amended on February 4, 2011.  Stipulation, ¶¶ 9, 11, 12, 13, Exs. I, J, K, L. | 24.    Undisputed. |
| 25.    The Criminal Actions allege violations of: (1) Penal Code § 424(a) (Misappropriation of Public Funds); (2) Government Code §§ 1090 and 1097 (Conflict of Interest); (3) Government Code § 6200(c) (Falsification of Public Records by an Official Custodian); and (4) Penal Code § 182(a)(1) (Conspiracy to Misappropriate Public Funds (§ 424(a))).  Stipulation, Exs. I, J, K, L. | 25.    Undisputed. |
| 26.    Most of the claims asserted against Mr. Rizzo in the Criminal | 26.    Undisputed. |

19

*ROBERT A. RIZZO'S REPLY STATEMENT OF UNCONTROVERTED FACTS AND RESPONSES TO ADDITIONAL ALLEGED MATERIAL FACTS*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| MR. RIZZO'S UNCONTROVERTED MATERIAL FACTS AND SUPPORTING EVIDENCE | ICSOP'S RESPONSE AND MR. RIZZO'S REPLY: |
|---|---|
| Actions are based on the same facts asserted by the AG and/or the City in the Civil Actions. Stipulation, Ex. B, ¶¶ 22, 72-77, 86-90, 93-94, 126-29; Ex. C, ¶¶ 22, 44-49, 72-77, 86-90, 93-94, 127-30; Ex. D, ¶¶ 10, 12-15, 17, 33, 45; Ex. E, ¶¶ 10, 12-15, 17, 33, 45; Ex. F, ¶¶ 7, 10-11, 13-17, 19-26, 28, 34; Ex. G, ¶¶ 9, 14-17, 20-23, 26-28, 34, 37, 42-44, 47; Ex. I, ¶¶ 1-53; Ex. J, ¶¶ 1-54; Ex. L, ¶¶ 1-2, 5. | |
| 27.     Of the 64 claims asserted against Mr. Rizzo in the Criminal Actions, 57 claims are based on the same facts asserted by the AG and/or the City in the Civil Actions. Stipulation, Ex. B, ¶¶ 22, 72-77, 86-90, 93-94, 126-29; Ex. C, ¶¶ 22, 44-49, 72-77, 86-90, 93-94, 127-30; Ex. D, ¶¶ 10, 12-15, 17, 33, 45; Ex. E, ¶¶ 10, 12-15, 17, 33, 45; Ex. F, ¶¶ 7, 10-11, 13-17, 19-26, 28, 34; Ex. G, ¶¶ 9, 14-17, 20-23, 26-28, 34, 37, 42-44, 47; Ex. J, ¶¶ 1-54; Ex. L, ¶¶ 1-2, 5. | 27.     Undisputed that the claims in the Criminal Actions are based on the same facts asserted by the AG and/or the City in the Civil Actions.  Disagree that only 57 claims are based on the same facts asserted by the AG and/or the City in the Civil Actions, but immaterial. |
| 28.     Mr. Rizzo tendered the AG's Civil Action, the City's Cross-Complaint, and the DA's first complaint to ICSOP for a defense.  Mr. Rizzo also tendered his own Cross-Complaint to ICSOP.  The parties agree that whether and when Mr. Rizzo tendered the DA's second and third complaints to ICSOP is not a disputed issue of material fact, and the | 28.     Undisputed. |

*ROBERT A. RIZZO'S REPLY STATEMENT OF UNCONTROVERTED FACTS AND RESPONSES TO ADDITIONAL ALLEGED MATERIAL FACTS*

| MR. RIZZO'S UNCONTROVERTED MATERIAL FACTS AND SUPPORTING EVIDENCE | ICSOP'S RESPONSE AND MR. RIZZO'S REPLY: |
|---|---|
| Court may treat the Criminal Actions as tendered for purposes of ruling on the duty to defend.<br><br>Stipulation, ¶¶ 4, 6, 8, 10, 14. | |
| 29.   On December 16, 2010, ICSOP informed Mr. Rizzo in writing that ICSOP would defend Mr. Rizzo against the Civil Actions, including Mr. Rizzo's Cross-Complaint against the City.  ICSOP informed Mr. Rizzo that ICSOP would not defend Mr. Rizzo against the Criminal Actions.<br><br>Stipulation, ¶ 15, Ex. M. | 29.   Undisputed.  Further, ICSOP reserved all rights in agreeing to defend, including the right to withdraw from defending and obtain reimbursement of defense costs.<br><br>Supporting Evidence<br><br>Fact Stip at ¶ 15, AMF # 75 (Duluc Decl., ¶ 5, Exhibit M, attached to as Exhibit 1 to Beary Dec). |
| 30.   On April 28, 2011, ICSOP withdrew its agreement to defend the AG's Civil Action based on "Exclusion EE" of the Policy.<br><br>Stipulation, ¶ 19. | 30.   Undisputed that ICSOP withdrew its defense, but inaccurate as to the basis for the decision to withdraw from that defense.<br><br>ICSOP's April 28, 2011 withdrawal letter stated, "[I]t has come to our attention that the State has explained that it is not seeking money or damages from Rizzo; all of the State's claims are for equitable relief including restitution.  Therefore, the State's claims cannot be covered by the ICSOP policy and there is no duty to defend.  In addition, Rizzo does not qualify as an insured for claims that allege he was not acting on behalf of the City or outside his scope of employment.  Further, there are exclusions that apply to the State's |

*ROBERT A. RIZZO'S REPLY STATEMENT OF UNCONTROVERTED FACTS AND RESPONSES TO ADDITIONAL ALLEGED MATERIAL FACTS*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| MR. RIZZO'S UNCONTROVERTED MATERIAL FACTS AND SUPPORTING EVIDENCE | ICSOP'S RESPONSE AND MR. RIZZO'S REPLY: |
|---|---|
| | claims....In addition, there is no coverage for claims excluded pursuant to Insurance Code § 533.  There is no coverage for punitive damages."<br><br>Supporting Evidence<br><br>Fact Stip at ¶ 19, AMF # 76 (Duluc Decl., ¶ 6, Exhibit Q, attached to as Exhibit 1 to Beary Dec).<br><br>**Mr. Rizzo's Reply:**<br><br>The Duluc Declaration cited by ICSOP does not support ICSOP's argument that the withdrawal of its defense was based on any grounds other than "Exclusion EE" of the Policy.  In her declaration, Ms. Duluc states:  "I subsequently reviewed the State of California's opposition to Rizzo's demurrer  in the civil lawsuit, in which the state clarified that it was not seeking damages from Rizzo, and only sought equitable relief.  On April 28, 2011, in light of the State's clarification, ICSOP withdrew from Rizzo's defense."  (Duluc Decl., (Ex. 1 to Beary Decl.; Doc. No. 24-2), ¶ 6, lns.24-27).  This fact is also confirmed in Fact No. 17 of ICSOP's Separate Statement in support of its own Motion for Summary Judgment.  (Doc. No. 17-2, p.10).<br><br>The other bases set forth in the April 28, 2011 letter simply restated ICSOP's position that it was reserving its rights with respect to these |

*ROBERT A. RIZZO'S REPLY STATEMENT OF UNCONTROVERTED FACTS AND RESPONSES TO ADDITIONAL ALLEGED MATERIAL FACTS*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| MR. RIZZO'S UNCONTROVERTED MATERIAL FACTS AND SUPPORTING EVIDENCE | ICSOP'S RESPONSE AND MR. RIZZO'S REPLY: |
|---|---|
| | additional grounds for denying Mr. Rizzo a defense to the extent certain claims or damages fell within those categories.  However, the April 28, 2011 letter confirmed that the basis for withdrawing the defense was the statements made by the AG in in its opposition to Mr. Rizzo's demurrer, and ICSOP's erroneous belief that those statements triggered "Exclusion EE." |
| 31.    ICSOP informed Mr. Rizzo that the AG, in responding to Mr. Rizzo's demurrer to the AG's FAC, asserted that "[t]he claims alleged in the complaint are not claims for money or damages subject to the Tort Claims Act" since the AG is "seeking restitution of excessive and wasteful compensation."<br><br>Stipulation, ¶ 19, Ex. Q (April 28, 2011 letter); *see also generally* Stipulation, Ex. N (Mr. Rizzo's Demurrer), Ex. O (AG's Opposition), Ex. P (Mr. Rizzo's Reply). | 31.    Undisputed that the letter contains these quotations, disputed that this constitutes a complete and accurate reproduction of the statements in ICSOP's April 28, 2011 withdrawal letter or the State's Opposition to Rizzo's demurrer.<br><br>Supporting Evidence<br><br>Fact Stip at ¶ 17, AMF # 70 (Opp. at pp. 2, 10, 11, 15); Fact Stip at ¶ 19, AMF # 76 (Duluc Decl., ¶ 6, Exhibit Q, attached to as Exhibit 1 to Beary Dec). |
| 32.    ICSOP took the position that the AG's "statements in opposition to Rizzo's demurrer clearly indicate the State has no claim that would be covered by the ICSOP policy" since "all of the State's claims are for equitable relief including restitution."<br><br>Stipulation, Ex. Q. | 32.    Undisputed but incomplete.<br><br>ICSOP's April 28, 2011 withdrawal letter stated:  "[I]t has come to our attention that the State has explained that it is not seeking money or damages from Rizzo; all of the State's claims are for equitable relief including restitution.  Therefore, the State's claims cannot be covered by |

*ROBERT A. RIZZO'S REPLY STATEMENT OF UNCONTROVERTED FACTS AND RESPONSES TO ADDITIONAL ALLEGED MATERIAL FACTS*

| MR. RIZZO'S UNCONTROVERTED MATERIAL FACTS AND SUPPORTING EVIDENCE | ICSOP'S RESPONSE AND MR. RIZZO'S REPLY: |
|---|---|
| | the ICSOP policy and there is no duty to defend.  In addition, Rizzo does not qualify as an insured for claims that allege he was not acting on behalf of the City or outside his scope of employment.  Further, there are exclusions that apply to the State's claims." <br><br> Supporting Evidence <br><br> Fact Stip at ¶ 19, AMF # 76 (Duluc Decl., ¶ 6, Exhibit Q, attached to as Exhibit 1 to Beary Dec). <br><br> **Mr. Rizzo's Reply:** <br><br> The Duluc Declaration cited by ICSOP does not support ICSOP's argument that the withdrawal of its defense was based on any grounds other than "Exclusion EE" of the Policy.  In her declaration, Ms. Duluc states:  "I subsequently reviewed the State of California's opposition to Rizzo's demurrer  in the civil lawsuit, in which the state clarified that it was not seeking damages from Rizzo, and only sought equitable relief.  On April 28, 2011, in light of the State's clarification, ICSOP withdrew from Rizzo's defense."  (Duluc Decl., (Ex. 1 to Beary Decl.; Doc. No. 24-2), ¶ 6, lns.24-27).  This fact is also confirmed in Fact No. 17 of ICSOP's Separate Statement in support of its own Motion for Summary Judgment.  (Doc. No. 17-2, p.10). |

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

*ROBERT A. RIZZO'S REPLY STATEMENT OF UNCONTROVERTED FACTS*
*AND RESPONSES TO ADDITIONAL ALLEGED MATERIAL FACTS*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| MR. RIZZO'S UNCONTROVERTED MATERIAL FACTS AND SUPPORTING EVIDENCE | ICSOP'S RESPONSE AND MR. RIZZO'S REPLY: |
|---|---|
| | The other bases set forth in the April 28, 2011 letter simply restated ICSOP's position that it was reserving its rights with respect to these additional grounds for denying Mr. Rizzo a defense to the extent certain claims or damages fell within those categories.  However, the April 28, 2011 letter confirmed that the basis for withdrawing the defense was the statements made by the AG in in its opposition to Mr. Rizzo's demurrer, and ICSOP's erroneous belief that those statements triggered "Exclusion EE." |
| 33.    ICSOP's April 28, 2011 withdrawal letter provided no explanation for withdrawing coverage for the defense against the City's Cross-Complaint and Mr. Rizzo's Cross-Complaint against the City.<br><br>Stipulation, Ex. Q. | 33.    Disputed.<br><br>ICSOP's April 28, 2011 withdrawal letter stated:  "[I]t has come to our attention that the State has explained that it is not seeking money or damages from Rizzo; all of the State's claims are for equitable relief including restitution.  Therefore, the State's claims cannot be covered by the ICSOP policy and there is no duty to defend.  In addition, Rizzo does not qualify as an insured for claims that allege he was not acting on behalf of the City or outside his scope of employment.  Further, there are exclusions that apply to the State's claims….In addition, there is no coverage for claims excluded pursuant to Insurance Code § 533.  There is no coverage for punitive damages." |

*ROBERT A. RIZZO'S REPLY STATEMENT OF UNCONTROVERTED FACTS AND RESPONSES TO ADDITIONAL ALLEGED MATERIAL FACTS*

| MR. RIZZO'S UNCONTROVERTED MATERIAL FACTS AND SUPPORTING EVIDENCE | ICSOP'S RESPONSE AND MR. RIZZO'S REPLY: |
|---|---|
| | **Supporting Evidence**<br><br>Fact Stip at 19, AMF # 76 (Duluc Decl., ¶ 6, Exhibit Q, attached to as Exhibit 1 to Beary Dec).<br><br>**Mr. Rizzo's Reply:**<br><br>The Duluc Declaration cited by ICSOP does not support ICSOP's argument that ICSOP provided a basis for withdrawing a defense against the City's Cross-Complaint against Mr. Rizzo and Mr. Rizzo's Cross-Complaint against the City.   The declaration makes no reference to Cross-Complaints, nor does the letter.<br><br>The April 28, 2011 letter restated ICSOP's position that it was reserving its rights with respect to these additional grounds for denying Mr. Rizzo a defense to the extent certain claims or damages fell within those categories.  However, the April 28, 2011 letter confirmed that the basis for withdrawing the defense was the statements made by the AG in in its opposition to Mr. Rizzo's demurrer, and ICSOP's erroneous belief that those statements triggered "Exclusion EE."  The letter does not provide a basis for withdrawing a defense of the Cross-Complaints. |
| 34.     On May 2, 2011, the trial court sustained without leave to amend Mr. Rizzo's demurrer to the AG's FAC with respect to the First through Fourth and Sixth Causes of Action, and | 34.     Undisputed. |

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

*ROBERT A. RIZZO'S REPLY STATEMENT OF UNCONTROVERTED FACTS AND RESPONSES TO ADDITIONAL ALLEGED MATERIAL FACTS*

Law Offices of James W. Spertus
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

| MR. RIZZO'S UNCONTROVERTED MATERIAL FACTS AND SUPPORTING EVIDENCE | ICSOP'S RESPONSE AND MR. RIZZO'S REPLY: |
|---|---|
| sustained with leave to amend Mr. Rizzo's demurrer to the Fifth Cause of Action.  The AG elected not to amend the Fifth Cause of Action and, on July 26, 2011, the trial court dismissed the AG's FAC in its entirety.<br><br>Stipulation, ¶ 20. | |
| 35.     On September 26, 2011, the AG filed a Notice of Appeal of the July 26, 2011 Order of Dismissal of the FAC.<br><br>Stipulation, ¶ 21. | 35.     Undisputed. |
| 36.     On September 28, 2011, Mr. Rizzo's counsel separately tendered the appeal to ICSOP for a defense of the appeal.  On October 7, 2011, ICSOP sent a letter to Mr. Rizzo's counsel, denying a defense for the appeal.<br><br>Stipulation, ¶ 22, Ex. R (October 7, 2011 letter). | 36.     Undisputed. |
| 37.     On June 6, 2012, the AG filed its opening brief on appeal.<br><br>Stipulation, ¶ 23, Ex. S (opening brief on appeal). | 37.     Undisputed. |
| 38.     On July 27, 2012, ICSOP changed its prior determination and informed Mr. Rizzo that, although ICSOP maintains that there is no duty to defend the AG's Civil Action or the appeal, ICSOP would nonetheless, under a full reservation of rights, defend the AG's appeal. | 38.     Undisputed. |

27
*ROBERT A. RIZZO'S REPLY STATEMENT OF UNCONTROVERTED FACTS*
*AND RESPONSES TO ADDITIONAL ALLEGED MATERIAL FACTS*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| MR. RIZZO'S UNCONTROVERTED MATERIAL FACTS AND SUPPORTING EVIDENCE | ICSOP'S RESPONSE AND MR. RIZZO'S REPLY: |
|---|---|
| Stipulation, ¶ 24, Ex. T (July 27, 2012 letter). | |
| 39.    The AG'S FAC expressly alleged: "The People bring this action against certain officers and employees of the City of Bell (the City), challenging their conduct both intentional **and negligent**, that enriched themselves at the expense of the City and its citizens whom they assumed an obligation to faithfully serve."<br><br>Stipulation, Ex. C, ¶ 1 (emphasis added). | 39.    Undisputed. |
| 40.    The AG'S FAC expressly alleged: "Among other things, the city council members and Chief Administrative Officer (Robert Rizzo) awarded to themselves and certain other City officers and employees, and took great pains to conceal, salaries and benefits that grossly exceeded **what were reasonable and commensurate with their respective offices and duties**, all in blatant disregard of the public trust confided in them."<br><br>Stipulation, Ex. C, ¶ 2 (emphasis added). | 40.    Undisputed. |
| 41.    The AG'S FAC expressly alleged: "Robert Rizzo dictated the terms of the employment contracts for the City officers and employees, and | 41.    Undisputed. |

28

*ROBERT A. RIZZO'S REPLY STATEMENT OF UNCONTROVERTED FACTS AND RESPONSES TO ADDITIONAL ALLEGED MATERIAL FACTS*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| MR. RIZZO'S UNCONTROVERTED MATERIAL FACTS AND SUPPORTING EVIDENCE | ICSOP'S RESPONSE AND MR. RIZZO'S REPLY: |
|---|---|
| council members **negligently** approved those contracts without ever reviewing or even seeking to learn the terms of the contracts."<br><br>Stipulation, Ex. C, ¶ 3 (emphasis added). | |
| 42. The AG'S FAC expressly alleged: "Defendant Robert A. Rizzo was the Chief Administrative Officer of the City from May 1993 through at least July 2010. **Rizzo is named both in his official and personal capacities**."<br><br>Stipulation, Ex. C, ¶ 10 (emphasis added). | 42. Undisputed. |
| 43. The AG'S FAC expressly alleged: "Upon information and belief, Rizzo authorized Spaccia's 2008 employment contract without giving it the requisite deliberation, consideration, or due care as to the appropriate compensation that was commensurate with her duties and responsibilities."<br><br>Stipulation, Ex. C, ¶ 41 (emphasis added). | 43. Undisputed. |
| 44. The AG'S FAC expressly alleged: "Upon information and belief, Rizzo entered into Adams' 2009 employment agreement on behalf of the City **without giving the contract the requisite deliberation, consideration, or due care** as to the | 44. Undisputed. |

*ROBERT A. RIZZO'S REPLY STATEMENT OF UNCONTROVERTED FACTS AND RESPONSES TO ADDITIONAL ALLEGED MATERIAL FACTS*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| MR. RIZZO'S UNCONTROVERTED MATERIAL FACTS AND SUPPORTING EVIDENCE | ICSOP'S RESPONSE AND MR. RIZZO'S REPLY: |
|---|---|
| appropriate compensation that was commensurate with his duties and responsibilities." Stipulation, Ex. C, ¶ 49 (emphasis added). | |
| 45.    The AG'S FAC expressly alleged: "Rizzo approached Council Member defendants and proposed that the City become a charter city." Stipulation, Ex. C, ¶ 58. | 45.    Disputed.  This is not material, and it does not constitute a complete and accurate statement of the allegations in paragraph 58 of the State's First Amended Complaint. Object to this "fact" as being irrelevant, confusing and taken out of context. Supporting Evidence UMF #12 (FAC, ¶ 58). Mr. Rizzo's Reply: The allegations in paragraph 58 of the AG's FAC read in their entirety:  "In reaction to the proposed law, Rizzo approached Council Member defendants and proposed that the City become a charter city.  Upon information and belief, Rizzo told the Council Member defendants that if the City became a charter city, they could increase their own salaries and not be restricted by the statutory salary guidelines."  (Stipulation, Ex. C, ¶ 58). These allegations establish that the conduct alleged against Mr. Rizzo occurred within the course and scope of Mr. Rizzo's employment, constitutes an alleged "wrongful act," |

*ROBERT A. RIZZO'S REPLY STATEMENT OF UNCONTROVERTED FACTS AND RESPONSES TO ADDITIONAL ALLEGED MATERIAL FACTS*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| MR. RIZZO'S UNCONTROVERTED MATERIAL FACTS AND SUPPORTING EVIDENCE | ICSOP'S RESPONSE AND MR. RIZZO'S REPLY: |
|---|---|
| | as that term is defined in the Policy, was approved by the City and its City Council, and was "in direct assistance of legislative activity," as the trial court in the Civil Actions found when sustaining Mr. Rizzo's demurrer to the FAC.  (ICSOP's Req. for Jud. Notice, Ex. U, p.6, lns.26-27). |
| 46.    The AG'S FAC expressly alleged: "Rizzo and Spaccia modified the benefits under the Plan and also the amount of the City's contribution to the Plan based solely upon when they expected to retire."<br><br>Stipulation, Ex. C, ¶ 88. | 46.    Undisputed but incomplete.<br><br>This paragraph in the FAC further alleges:  "The modifications thus provided a *unique benefit to them* that was not available to other Plan members."<br><br><u>Supporting Evidence</u><br><br>UMF #12 (FAC, ¶ 88), emphasis added. |
| 47.    The AG'S FAC expressly alleged: "Code of Civil Procedure section 526a provides that an action to obtain a judgment, restraining and preventing any illegal expenditure of, waste of, injury to, the estate, funds, or other properties of a county, town, city or city and county of a state, may be maintained against **any officer** thereof, or any agent, or other person, acting in its behalf."<br><br>Stipulation, Ex. C, ¶ 93 (emphasis added). | 47.    Undisputed but incomplete.<br><br>This paragraph in the FAC further alleges:  "The purpose of this statute is to restrain or prevent an illegal or wasteful expenditure of public money. An action may also be prosecuted under this statute to recover illegally or wastefully expended money."<br><br><u>Supporting Evidence</u><br><br>UMF #12 (FAC, ¶ 93).<br><br>**Mr. Rizzo's Reply:**<br><br>These additional allegations cited by ICSOP further confirm that the AG's |

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| MR. RIZZO'S UNCONTROVERTED MATERIAL FACTS AND SUPPORTING EVIDENCE | ICSOP'S RESPONSE AND MR. RIZZO'S REPLY: |
|---|---|
|  | FAC alleges that Mr. Rizzo "wastefully expended" money when he approved payments to others, and that the AG seeks to recover from Mr. Rizzo such "wastefully expended money." |
| 48.   The AG'S FAC expressly alleged: "As set forth above, the compensation to all defendants beyond what was commensurate with their duties and responsibilities, and beyond what cities in the Los Angeles region with comparable populations were paying their officers and employees, was a waste of the public funds of the City and was illegally expended."  Stipulation, Ex. C, ¶ 94. | 48.   Undisputed but incomplete.  This paragraph in the FAC further alleges:  "Such excess compensation paid to defendants, in an amount to be proven at trial, provided no benefit to the City and its citizens."  Supporting Evidence  UMF #12 (FAC, ¶ 94). |
| 49.   The AG'S FAC expressly alleged: "The excess compensation paid to defendants was authorized by City ordinances and/or defendants' employment contracts."  Stipulation, Ex. C, ¶ 95. | 49.   Undisputed but incomplete.  This paragraph further alleges: "The actions of defendants in approving and/or accepting the excess compensation *were not within their scope of duties in their respective capacities as City officials*, and were ultra vires."  Supporting Evidence  UMF #12 (FAC, ¶ 95), emphasis added.  **Mr. Rizzo's Reply:**  These additional allegations cited by ICSOP further confirm that the AG's FAC alleges that Mr. Rizzo |

*ROBERT A. RIZZO'S REPLY STATEMENT OF UNCONTROVERTED FACTS AND RESPONSES TO ADDITIONAL ALLEGED MATERIAL FACTS*

| MR. RIZZO'S UNCONTROVERTED MATERIAL FACTS AND SUPPORTING EVIDENCE | ICSOP'S RESPONSE AND MR. RIZZO'S REPLY: |
|---|---|
| | "wastefully expended" money when he approved payments to others, and that the AG seeks to recover from Mr. Rizzo such "wastefully expended money." |
| 50.    The AG'S FAC expressly alleged: "The excess compensation paid to Council Member defendants, Rizzo, and Spaccia (from 2003 to June 2008), was authorized by the Council Member defendants.  The authorization of excess compensation to defendants was unreasonable, arbitrary, and a clear abuse of discretion by Council Member defendants, and was ultra vires."<br><br>Stipulation, Ex. C, ¶ 96. | 50.    Undisputed. |
| 51.    The AG'S FAC expressly alleged: "The acceptance of such excess compensation was also unreasonable, arbitrary, and a clear abuse of discretion by the respective defendants."<br><br>Stipulation, Ex. C, ¶ 97. | 51.    Undisputed. |
| 52.    The AG'S FAC expressly alleged: "The excess compensation paid to Spaccia (after June 2008) and Adams was authorized by Rizzo.  **The** | 52.    Undisputed. |

*ROBERT A. RIZZO'S REPLY STATEMENT OF UNCONTROVERTED FACTS AND RESPONSES TO ADDITIONAL ALLEGED MATERIAL FACTS*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| MR. RIZZO'S UNCONTROVERTED MATERIAL FACTS AND SUPPORTING EVIDENCE | ICSOP'S RESPONSE AND MR. RIZZO'S REPLY: |
|---|---|
| **authorization of excess compensation to Spaccia and Adams was unreasonable, arbitrary, and a clear abuse of discretion by Rizzo, and was ultra vires**." Stipulation, Ex. C, ¶ 98 (emphasis added). | |
| 53.    The AG'S FAC expressly alleged: "The acceptance of such excess compensation was also **unreasonable**, arbitrary, and a clear abuse of discretion by the respective defendants." Stipulation, Ex. C, ¶ 99 (emphasis added). | 53.    Undisputed. |
| 54.    The AG'S FAC expressly alleged: "Council Member defendants and Rizzo were negligent in authorizing the wasteful expenditures of public funds." Stipulation, Ex. C, ¶ 103 (emphasis added). | 54.    Undisputed. |
| 55.    The AG'S FAC expressly alleged: "As public officers and employee of the City, Council Member defendants and Rizzo **have a duty to use due care and reasonable diligence in authorizing the expenditure of public funds**." Stipulation, Ex. C, ¶ 104 (emphasis added). | 55.    Undisputed. |

34

*ROBERT A. RIZZO'S REPLY STATEMENT OF UNCONTROVERTED FACTS AND RESPONSES TO ADDITIONAL ALLEGED MATERIAL FACTS*

| MR. RIZZO'S UNCONTROVERTED MATERIAL FACTS AND SUPPORTING EVIDENCE | ICSOP'S RESPONSE AND MR. RIZZO'S REPLY: |
|---|---|
| 56.    The AG'S FAC expressly alleged: "Similarly, and as set forth above, defendant **Rizzo failed to exercise due care and reasonable diligence in approving the employment contracts of Spaccia and Adams**.  Rizzo failed to determine whether the terms of the contracts were reasonable, appropriate, and commensurate with their respective duties and responsibilities."<br><br>Stipulation, Ex. C, ¶ 106 (emphasis added). | 56.    Undisputed. |
| 57.    The AG'S FAC expressly alleged: "Council Member defendants and Rizzo breached their duties of due care in authorizing the employment contracts, causing wasteful expenditures of the City's public funds.  As a result of defendants' breaches of their duties, the authorization of the employment contracts was arbitrary and unreasonable, resulting in excessive and wasteful compensation."<br><br>Stipulation, Ex. C, ¶ 107 (emphasis added). | 57.    Undisputed. |
| 58.    The AG'S FAC expressly alleged: "The City and its citizens suffered, and continue to suffer, damages as a result of the defendants' breaches of their duties."<br><br>Stipulation, Ex. C, ¶ 108. | 58.    Undisputed but incomplete.<br><br>This paragraph in the FAC further alleges:  "The excess compensation that defendants awarded to themselves and each other provided no use or benefit to the City and constituted |

*ROBERT A. RIZZO'S REPLY STATEMENT OF UNCONTROVERTED FACTS*
*AND RESPONSES TO ADDITIONAL ALLEGED MATERIAL FACTS*

Law Offices of James W. Spertus
1990 South Bundy Dr.., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

| MR. RIZZO'S UNCONTROVERTED MATERIAL FACTS AND SUPPORTING EVIDENCE | ICSOP'S RESPONSE AND MR. RIZZO'S REPLY: |
|---|---|
| | wasteful expenditures of public funds." <br><br> Supporting Evidence <br><br> UMF #12 (FAC, ¶ 108). <br><br> **Mr. Rizzo's Reply:** <br><br> These additional allegations cited by ICSOP further confirm that the AG's FAC alleges that Mr. Rizzo "wastefully expended" money when he approved payments to others, and that the AG seeks to recover from Mr. Rizzo such "wastefully expended money." |
| 59.    The AG'S FAC expressly alleged: "Upon information and belief, Rizzo participated in this plan to defraud the public **by assisting in the drafting of Ordinance No. 1158**." <br><br> Stipulation, Ex. C, ¶ 116 (emphasis added). | 59.    Undisputed but incomplete. <br><br> This paragraph in the FAC further alleges: "Rizzo conspired with the Council Member defendants to defraud the public." <br><br> Supporting Evidence <br><br> UMF #12 (FAC, ¶ 116). |
| 60.    The AG'S FAC expressly alleged: "Rizzo, Spaccia, and other defendants **directed the modification of the City's Supplemental Retirement Plan in their official capacities** and had a cognizable financial interest in the Plan above and beyond other members of the Plan." | 60.    Undisputed. |

Law Offices of James W. Spertus
1990 South Bundy Dr.., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

*ROBERT A. RIZZO'S REPLY STATEMENT OF UNCONTROVERTED FACTS AND RESPONSES TO ADDITIONAL ALLEGED MATERIAL FACTS*

| MR. RIZZO'S UNCONTROVERTED MATERIAL FACTS AND SUPPORTING EVIDENCE | ICSOP'S RESPONSE AND MR. RIZZO'S REPLY: |
|---|---|
| Stipulation, Ex. C, ¶ 128 (emphasis added). | |
| 61.    The AG'S FAC expressly alleged: "Council members and other officers and employees of a city are charged with holding and preserving a public trust, and **owe a fiduciary duty to the City and its citizens**, and must act in the interest and for the benefit of the people they serve."<br><br>Stipulation, Ex. C, ¶ 132 (emphasis added). | 61.    Undisputed but incomplete.<br><br>This paragraph in the FAC further alleges: "These duties include the duties of undivided loyalty and allegiance to the city they are obligated to serve, and the faithful execution of the public trust confided in them."<br><br>Supporting Evidence<br>UMF #12 (FAC, ¶ 132). |
| 62.    The AG'S FAC expressly alleged: "**Defendants, as officers and employees of the City**, violated the public trust and **breached their fiduciary duties to the City and its citizens** when they awarded themselves and each other excessive and wasteful compensation that were not commensurate with their respective duties and responsibilities."<br><br>Stipulation, Ex. C, ¶ 133 (emphasis added). | 62.    Undisputed. |
| 63.    The AG'S FAC expressly alleged: "**Defendants, as officers and employees of the City**, also violated the public trust and **breached their fiduciary duties to the City and its citizens** when they accepted the excessive and wasteful compensation | 63.    Undisputed. |

*ROBERT A. RIZZO'S REPLY STATEMENT OF UNCONTROVERTED FACTS AND RESPONSES TO ADDITIONAL ALLEGED MATERIAL FACTS*

| MR. RIZZO'S UNCONTROVERTED MATERIAL FACTS AND SUPPORTING EVIDENCE | ICSOP'S RESPONSE AND MR. RIZZO'S REPLY: |
|---|---|
| that they awarded to themselves and to each other." Stipulation, Ex. C, ¶ 134 (emphasis added). | |
| 64.　The AG'S FAC expressly alleged: "Upon information and belief, each defendant intentionally violated the public trust and **breached his or her fiduciary duty to the City and its citizen**s, and actively encouraged and participated in the other defendants' violation of public trust and breach of their fiduciary duties." Stipulation, Ex. C, ¶ 136 (emphasis added). | 64.　Undisputed but incomplete. This paragraph in the FAC further alleges: "Defendants conspired to breach their fiduciary duties owed to the City and its citizens." Supporting Evidence UMF #12 (FAC, ¶ 136). |
| 65.　The City's Cross-Complaint expressly alleged:  "The conduct that is described at paragraphs 17 and 33 constitute a **breach of fiduciary duty on the part of Rizzo**.  Based on those actions, **Rizzo has violated his fiduciary duties owed to the City**, and, as a result of that breach, the City has **suffered millions of dollars in damages**." Stipulation, Ex. D, ¶ 34 (emphasis added). | 65.　Undisputed. |
| 66.　The City's Cross-Complaint expressly alleged: "**Rizzo breached his duties** by engaging in the actions described in paragraphs 17 and 33 and in addition, **he breached his duties by preparing and failing to correct** | 66.　Undisputed but incomplete. Supporting Evidence UMF #14 (City's Cross-Complaint, ¶ 39). |

*ROBERT A. RIZZO'S REPLY STATEMENT OF UNCONTROVERTED FACTS AND RESPONSES TO ADDITIONAL ALLEGED MATERIAL FACTS*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR.., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| MR. RIZZO'S UNCONTROVERTED MATERIAL FACTS AND SUPPORTING EVIDENCE | ICSOP'S RESPONSE AND MR. RIZZO'S REPLY: |
|---|---|
| **Ordinance No. 1158 . . . ."** <br><br> Stipulation, Ex. D, ¶ 39 (emphasis added). | |
| 67.    The City's Cross-Complaint expressly alleged: "The above-described actions by Rizzo constitute a **breach of his duty** to perform his Chief Administrator Officer duties and to the standards required of a similarly situated Chief Administrative Officer." <br><br> Stipulation, Ex. D, ¶ 40 (emphasis added). | 67.    Undisputed. |
| 68.    The City's Cross-Complaint expressly alleged:  "As a result of the breach of these duties, Rizzo is liable for negligence." <br><br> Stipulation, Ex. D, ¶ 41 (emphasis added). | 68.    Undisputed that the City's initial Cross-Complaint includes this allegation, but irrelevant and immaterial.  The City subsequently amended its Cross-Complaint three times after demurrers filed by Mr. Rizzo were each sustained with leave to amend.  The City's Second Amended Cross-Complaint and Third Amended Cross-Complaint do not include any allegations relating to a cause of action for negligence. <br><br> <u>Supporting Evidence</u> <br><br> Fact Stip, ¶ 5, Exhibits F and G. <br><br> **<u>Mr. Rizzo's Reply:</u>** <br> Although the City's negligence claim was ultimately relabeled as breach of covenant of good faith and fair dealing, the negligence and breach of covenant claims are based on the same facts and both seek to recover money |

Law Offices of James W. Spertus<br>1990 SOUTH BUNDY DR., SUITE 705<br>LOS ANGELES, CA 90025<br>TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

*ROBERT A. RIZZO'S REPLY STATEMENT OF UNCONTROVERTED FACTS AND RESPONSES TO ADDITIONAL ALLEGED MATERIAL FACTS*

| MR. RIZZO'S UNCONTROVERTED MATERIAL FACTS AND SUPPORTING EVIDENCE | ICSOP'S RESPONSE AND MR. RIZZO'S REPLY: |
|---|---|
| | damages from Mr. Rizzo for professional negligence.  (Stipulation, Ex. G, ¶ 37 & p.16). |
| 69.    The City's Cross-Complaint expressly alleged:  "As a legal and proximate result of this negligence, the City of Bell has suffered monetary losses in excess of millions of dollars."  Stipulation, Ex. D, ¶ 42 (emphasis added). | 69.    Undisputed that the City's initial Cross-Complaint includes this allegation.  However, irrelevant and immaterial.  The City subsequently amended its Cross-Complaint three times after demurrers filed by Mr. Rizzo were each sustained with leave to amend.  The City's Second Amended Cross-Complaint and Third Amended Cross-Complaint do not include any allegations relating to a cause of action for negligence.  Supporting Evidence  Fact Stip, ¶ 5, Exhibits F and G.  **Mr. Rizzo's Reply:**  Although the City's negligence claim was ultimately relabeled as breach of covenant of good faith and fair dealing, the negligence and breach of covenant claims are based on the same facts and both seek to recover money damages from Mr. Rizzo for professional negligence.  (Stipulation, Ex. G, ¶ 37 & p.16). |

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

*ROBERT A. RIZZO'S REPLY STATEMENT OF UNCONTROVERTED FACTS*
*AND RESPONSES TO ADDITIONAL ALLEGED MATERIAL FACTS*

Mr. Rizzo also submits the following responses to ICSOP's additional alleged material facts:

| ICSOP'S ADDITIONAL ALLEGED MATERIAL FACTS AND SUPPORTING EVIDENCE: | MR. RIZZO'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| 70.    On November 30, 2011, Rizzo filed a demurrer to the FAC in the State's Civil Action, which the State opposed.<br><br>Notice of Demurrer and Demurrer to First Amended Complaint; Memorandum of Points and Authorities in Support Thereof, filed on November 30, 2010 in the civil action captioned *People of the State of California ex rel Edmund G. Brown Jr. v. Robert Rizzo*, LASC Case No. BC445497, attached as Exhibit N to Fact Stip at ¶ 16.  Plaintiffs' Memorandum of Points and Authorities in Opposition to the Demurrers, filed on January 21, 2011, attached as Exhibit O to Fact Stip at ¶ 17. | 70.  Undisputed.  However, the correct date is November 30, 2010. (Stipulation, ¶ 16, Ex. N). |
| 71.    Under Section I, "What We Shall Pay On Your Behalf," the policy provides:<br><br>**A.      INSURING AGREEMENTS**<br><br>  1.    **BODILY INJURY** AND **PROPERTY DAMAGE** LIABILITY | 71.  Undisputed. |

*ROBERT A. RIZZO'S REPLY STATEMENT OF UNCONTROVERTED FACTS AND RESPONSES TO ADDITIONAL ALLEGED MATERIAL FACTS*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR.., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

Law Offices of James W. Spertus
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

| ICSOP'S ADDITIONAL ALLEGED MATERIAL FACTS AND SUPPORTING EVIDENCE: | MR. RIZZO'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| **We** shall pay **you**, or on **your** behalf, the **ultimate net loss**, in excess of the retained limit, that the **insured** becomes legally obligated to pay by reason of liability imposed by law or assumed under an **insured contract** because of **bodily injury** or **property damage** arising out of an **occurrence** during the policy period.<br><br>2.   ERRORS AND OMISSIONS LIABILITY<br><br>**We** shall pay **you**, or on **your** behalf, the **ultimate net loss**, in excess of the retained limit, that the **insured** becomes legally obligated to pay to compensate others for loss arising out of **your wrongful act** that takes place during the Policy Period and arises solely in performing or failing to perform duties of the **public entity**.<br><br>3.   **EMPLOYEE BENEFIT** LIABILITY<br><br>**We** shall pay **you**, or on **your** behalf, the **ultimate net loss**, in excess of the retained limit, that the **insured** becomes legally obligated to compensate others for loss arising out of **your employee benefit wrongful act** that takes place during the Policy Period, in the **administration** of **your employee benefit program.**<br><br>ICSOP Policy No. 6907991, at p. 1, attached as Exhibit A to Fact Stip at ¶ 2; Duluc Dec. at ¶ 4, attached to as | |

*ROBERT A. RIZZO'S REPLY STATEMENT OF UNCONTROVERTED FACTS AND RESPONSES TO ADDITIONAL ALLEGED MATERIAL FACTS*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| ICSOP'S ADDITIONAL ALLEGED MATERIAL FACTS AND SUPPORTING EVIDENCE: | MR. RIZZO'S RESPONSE AND SUPPORTING EVIDENCE: |
| --- | --- |
| Exhibit 1 to Beary Dec. | |
| 72.    The Policy provides under "Defense and Defense Costs": **We** shall have the right and duty to defend, investigate and settle any **claim** or **suit** seeking damages covered by the terms and conditions of this Policy when the applicable limits of insurance of the **underlying insurance** listed in the Schedule of **Underlying Insurance**, the limits of insurance of any other **underlying insurance** providing coverage to **you**, or **your** self insured retention of the **retained limit** have been exhausted by payment to a third party of judgments, settlements, or defense costs, or by payment of covered first party automobile expenses. Policy No. 6907991, at pp. 1-2, Fact Stip at ¶ 2, Exhibit A; Duluc Dec. at ¶ 4, attached to as Exhibit 1 to Beary Dec. | 72.  Undisputed. |
| 73.    The Policy includes the following pertinent definitions: **D.    Claim(s)** means a demand for money. **G.    Employee** includes a **leased worker** or a volunteer while acting within the scope of | 73.  Undisputed that the Policy contains these definitions.  However, Mr. Rizzo objects to the term "pertinent" and disputes that these are the only definitions in the Policy pertinent to the instant Motion. Additional pertinent definitions include, but are not limited to, the Policy's definitions for the terms |

43

| ICSOP'S ADDITIONAL ALLEGED MATERIAL FACTS AND SUPPORTING EVIDENCE: | MR. RIZZO'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| his/her duties as such. | "wrongful act" (Stipulation, Ex A., p.9) and "employee benefit wrongful act." (*Id.* at p.4). |
| GG. **Suit** means a civil proceeding in which damages are alleged because of **bodily injury** or **property damage**, **wrongful act** or **employee benefit wrongful act** to which this insurance applies. **Suit** includes: | |
| 1.   An arbitration proceeding in which such damages are claimed and to which **you** must submit or do submit with **our** consent; or | |
| 2.   Any other alternative dispute resolution proceeding in which such damages are claimed and to which **you** submit with **our** consent. | |
| HH. **Ultimate net loss** means the sum actually paid or payable due to a **claim** or **suit** for which **you** are liable either by a settlement to which **we** agreed or a final judgment, and shall include defense costs. Such sum will include proper adjustments for recoveries and salvage. | |
| Policy No. 6907991, at pp. 3, 8, Fact Stip at ¶ 2, Exhibit A; Duluc Dec. at ¶ 4, attached to as Exhibit 1 to Beary Dec. | |

Law Offices of James W. Spertus
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

*ROBERT A. RIZZO'S REPLY STATEMENT OF UNCONTROVERTED FACTS AND RESPONSES TO ADDITIONAL ALLEGED MATERIAL FACTS*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| ICSOP'S ADDITIONAL ALLEGED MATERIAL FACTS AND SUPPORTING EVIDENCE: | MR. RIZZO'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| 74.      Under Section V, "**Exclusions**," the policy provides in relevant part:<br><br>**We** will not defend or pay under this Policy for **claims** or **suits** against **you**:<br><br>O.      Arising out of an alleged willful commission of a crime by you or other dishonest, fraudulent, or malicious act.  At **our** discretion, however, **we** will pay for defense costs until final adjudication, judgment, or settlement to which **we** have agreed.  If the judgment or final adjudication is adverse to **you**, **you** will reimburse **us** for all costs associated with the defense.<br><br>This exclusion shall not apply to any vicarious liability that any **insured** has with regard to the managerial, advisory, supervisory, or controlling obligations over the actions of another **insured**.<br><br>P.      Arising out of **your wrongful act** for gain, profit, or advantage to which you are not legally entitled.  At **our** discretion, however, **we** will pay for defense costs for any **claim** or **suit** arising from an alleged willful commission of a crime by you or other dishonor, fraudulent or malicious act, for any **claim** or **suit** arising out of | 74.  Undisputed that the Policy contains these exclusions.  However, Mr. Rizzo objects to ICSOP's use of the term "relevant" with respect to "Exclusions O and P" and disputes that "Exclusions O and P" are relevant to the instant Motion for the reasons set forth in Section II.D of Mr. Rizzo's concurrently filed Reply Memorandum. |

*ROBERT A. RIZZO'S REPLY STATEMENT OF UNCONTROVERTED FACTS*
*AND RESPONSES TO ADDITIONAL ALLEGED MATERIAL FACTS*

| ICSOP'S ADDITIONAL ALLEGED MATERIAL FACTS AND SUPPORTING EVIDENCE: | MR. RIZZO'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| **your wrongful act** for gain, profit, or advantage to which **you** are not legally entitled until final adjudication, judgment or settlement to which **we** have agreed. If the judgment or final adjudication is adverse to **you**, **you** will reimburse **us** for all costs associated with the defense;<br><br>This exclusion shall not apply to any vicarious liability that any **insured** has with regard to the managerial, advisory, supervisory, or controlling obligations over the actions of another **insured**;<br><br>EE.     For injunctions, equitable relief, or any other form of relief other than the payment of money damages . . .<br><br>Policy No. 6907991, at pp. 16, 18, Fact Stip at ¶ 2, Exhibit A; Duluc Dec. at ¶ 4, attached to as Exhibit 1 to Beary Dec. | |
| 75.    ICSOP initially agreed to defend Rizzo under a full reservation of rights against the Civil Action while ICSOP continued to investigate the claims. ICSOP advised Rizzo that significant coverage issues existed, and ICSOP's participation was subject to a full and complete reservation of all rights under the policy and the law. ICSOP declined to defend Rizzo against the | 75.    Undisputed that ICSOP initially agreed to defend Mr. Rizzo against the Civil Actions (which included, the AG's Civil Action against Mr. Rizzo, the City's Cross-Complaint against Mr. Rizzo, and Mr. Rizzo's Cross-Complaint against the City) under a full reservation of rights and that ICSOP declined to defend Mr. Rizzo against the Criminal Actions. |

*ROBERT A. RIZZO'S REPLY STATEMENT OF UNCONTROVERTED FACTS
AND RESPONSES TO ADDITIONAL ALLEGED MATERIAL FACTS*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

| ICSOP'S ADDITIONAL ALLEGED MATERIAL FACTS AND SUPPORTING EVIDENCE: | MR. RIZZO'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| Criminal Actions.<br><br>December 16, 2010 letter from ICSOP to Rizzo, attached as Exhibit M to Fact Stip at ¶ 15; Duluc Dec. at ¶ 5, attached as Exhibit 1 to Beary Dec. | Mr. Rizzo, however, disputes that ICSOP asserted in the December 16, 2010 letter (Stipulation, Ex. M) that ICSOP was "continu[ing] to investigate the claims" and "that significant coverage issues existed." |
| 76.     In light of the State's clarification of its claims in opposing Rizzo's demurrer, ICSOP withdrew from Rizzo's defense and declined to defend the State's appeal.<br><br>April 28, 2011 letter from ICSOP to Rizzo, attached as Exhibit Q to Fact Stip at ¶ 19; Duluc Dec. at ¶ 6; October 7, 2011 letter sent by ICSOP to Rizzo, Exhibit R to Fact Stip at ¶ 22; Duluc Dec. at ¶ 7, attached as Exhibit 1 to Beary Dec. | 76.  Undisputed that ICSOP's basis for withdrawing from Mr. Rizzo's defense and declining to defend the AG's appeal was statements made by the AG in opposing Mr. Rizzo's demurrer.<br><br>However, Mr. Rizzo disputes that the AG provided "clarification of its claims in opposing Rizzo's demurrer." The AG's opposition, in fact, confirmed that the AG's FAC seeks damages covered by the Policy.  The AG expressly argues in its opposition that Mr. Rizzo "failed to exercise due care in approving public expenditures, including . . . Spaccia and Adams employment contracts," and that under *Stanson v. Mott*, 17 Cal.3d 206, 226-27 (1976), Mr. Rizzo "'may be subject to personal liability for improper expenditures made in the absence of such due care.'"  (Stipulation, Ex. O (AG's Opposition), p.19, ln.19-p.20, ln.2). |
| 77.     Rizzo requested that ICSOP defend the State's appeal of the dismissal of its Civil Action.  ICSOP denied any obligation to do so.  Rizzo | 77.  Undisputed. |

*ROBERT A. RIZZO'S REPLY STATEMENT OF UNCONTROVERTED FACTS*
*AND RESPONSES TO ADDITIONAL ALLEGED MATERIAL FACTS*

| ICSOP'S ADDITIONAL ALLEGED MATERIAL FACTS AND SUPPORTING EVIDENCE: | MR. RIZZO'S RESPONSE AND SUPPORTING EVIDENCE: |
| --- | --- |
| requested that ICSOP reconsider its decision.  ICSOP reconsidered and, while continuing to deny any obligation to defend, ICSOP agreed to defend the appeal under a full reservation of rights.<br><br>October 7, 2011 letter from ICSOP to Rizzo, attached as Exhibit R to Fact Stip at ¶ 22; July 27, 2012 letter from ICSOP to Rizzo, attached as Exhibit T to Fact Stip at ¶ 24; Duluc Dec. at ¶¶ 7, 8, attached as Exhibit 1 to Beary Dec. | |

Dated:   September 7, 2012      LAW OFFICES OF JAMES W. SPERTUS


                                By:    /S_____
                                       James W. Spertus
                                       Ezra D. Landes
                                       Amy M. Hinkley
                                       Attorneys for Plaintiff Robert A. Rizzo

Law Offices of James W. Spertus
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

*ROBERT A. RIZZO'S REPLY STATEMENT OF UNCONTROVERTED FACTS AND RESPONSES TO ADDITIONAL ALLEGED MATERIAL FACTS*