1  LAW OFFICES OF JAMES W. SPERTUS
James W. Spertus (SBN 159825)
2  Ezra D. Landes (SBN 253052)
1990 South Bundy Dr., Suite 705
3  Los Angeles, California  90025
Telephone: (310) 826-4700
4  Facsimile:  (310) 826-4711
jim@spertuslaw.com
5  ezra@spertuslaw.com

6  Attorneys for Plaintiff Robert A. Rizzo

7

8                 UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11  ROBERT A. RIZZO, an individual,          Case No. CV-12-04347-DMG
                                             (FMOx)
         Plaintiff,
12                                           Hon. Dolly M. Gee
     v.
13                                           **SUPPLEMENTAL
    THE INSURANCE COMPANY OF                 MEMORANDUM IN SUPPORT
14  THE STATE OF PENNSYLVANIA,               OF PLAINTIFF ROBERT A.
    a Pennsylvania corporation, and          RIZZO'S MOTION FOR
15  CHARTIS CLAIMS, INC., a                  SUMMARY JUDGMENT**
    Delaware corporation.
16                                           Date:        October 12, 2012
         Defendants.                         Time:        2:00 p.m.
17                                           Crtrm:       7

18

19

20

21

22

23

24

25

26

27

28

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

*SUPPLEMENTAL MEMORANDUM*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

1    At the summary judgment hearing on October 12, 2012, the Court

2    questioned whether Mr. Rizzo could qualify as an insured if he was not acting

3    "for the benefit" of the City when doing the things alleged to be wrongful.

4    Respectfully, the test for determining whether Mr. Rizzo is entitled to a defense

5    from ICSOP under *Gray v. Zurich Ins. Co.*, 65 Cal.2d 263, 275 (1966), and its

6    progeny is not whether Mr. Rizzo was acting "for the benefit" of the City, but

7    whether he could potentially be an insured as defined under the ICSOP policy at

8    issue.  The ICSOP policy defines an insured as any appointed official or

9    employee acting (1) "on behalf" of the City or (2) "within the course and scope

10   of employment."  Each and every allegation against Mr. Rizzo in both the Civil

11   and Criminal Cases involves alleged acts performed within the course and scope

12   of his employment: passing ordinances, approving salaries, approving loans,

13   responding to Public Records Act requests.  That is what a Chief Administrative

14   Officer of a City does, and that is why the trial court dismissed the AG's action

15   on the ground that Mr. Rizzo had legislative immunity for those acts alleged to

16   be wrongful.  (ICSOP's Req. for Jud. Not. (Doc. No. 17-3), Ex. U, p.5, lns.25-27,

17   p.6, ln.20-p.7, ln.6).  Mr. Rizzo only has legislative immunity for acts performed

18   within the course and scope of his employment, and whether or not those acts

19   were executed "for the benefit" of the City is irrelevant to the immediate

20   determination of whether the acts occurred within the course and scope of Mr.

21   Rizzo's employment, which is one of the two ways Mr. Rizzo is an insured under

22   the ICSOP policy.

23   At the summary judgment hearing, the Court appeared persuaded by

24   ICSOP's citation to four partnership/officer-director liability cases (*Milazo,*

25   *Lomes, Farr,* and *Wolfes*) for ICSOP's proposition that an insured must act for

26   the benefit of the insured to fall within the definition of insured under the Policy,

27   but it is critical to recognize that those cases involved policy language that was

28   far narrower than the language at issue in the Policy.  The powers of directors,

1.

*SUPPLEMENTAL MEMORANDUM*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

1    officers, and partners are delineated by statute, but the ICSOP policy is far

2    broader and defines an insured as any appointed official or employee acting

3    within the "course and scope of employment," not the more limited definition

4    applied to partners and directors in the policies at issue in *Milazo, Lomes,*

5    *Farr,* and *Wolfes.*

6          The allegations in the Civil and Criminal complaints expressly allege that

7    Mr. Rizzo was negligent while acting as an "official," and the vicarious liability

8    cases cited by Mr. Rizzo accurately define "course and scope of employment" as

9    that phrase is defined under California law.  In *Alma W. v. Oakland Unified*

10   *School Dist.*, 123 Cal.App.3d 133, 139 (1981), the court ruled that a tort falls

11   within the course and scope of one's employment when the act performed is

12   either required or incidental to the employee's duties.  In *White v. County of*

13   *Orange*, 166 Cal.App.3d 566, 570-71 (1985), the court applied the *Alma W.* test

14   to find that threats made by a deputy sheriff to rape and murder a motorist he had

15   stopped was within the course and scope of the deputy sheriff's employment.

16   The key to the court's holding was that the police officer was using the authority

17   inherent in his position to commit the offense.  "The officer's method of dealing

18   with this authority is certainly incidental to his duties; indeed, it is an integral

19   part of them."  *White*, 166 Cal.App.3d at 571; *see also Mary M. v. City of Los*

20   *Angeles*, 54 Cal.3d 202, 209, 221 (1991).  At the October 14, 2012 hearing, the

21   Court appeared to discount the applicability of these case, but these are the cases

22   that define "course and scope of employment" in California, and the ICSOP

23   policy defines an insured by referencing this language.

24          The trial court in the Civil Cases found that Mr. Rizzo was entitled to

25   legislative immunity *because* he was an official acting within the course and

26   scope of his employment.  (ICSOP's Req. for Jud. Not. (Doc. No. 17-3), Ex. U,

27   p.5, lns.25-27, p.6, ln.20-p.7, ln.6).  There is no dispute that the Criminal Cases

28   similarly allege official misconduct, and such conduct therefore falls within the

2.

*SUPPLEMENTAL MEMORANDUM*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

definition of "course and scope of employment." If Mr. Rizzo had been sued in the Civil and Criminal cases for throwing a rock through his neighbor's window while serving as Chief Administrative Officer for the City of Bell, obviously ICSOP could then credibly argue that Mr. Rizzo is not be entitled to a defense because the alleged misconduct was not "official" misconduct. Because Mr. Rizzo is alleged to have been acting in his official capacity while doing the things alleged to be wrongful, however, he falls within the definition of insured in the ICSOP policy. There is simply no language in the ICSOP policy that would condition a defense on a preliminary finding that Mr. Rizzo was acting "for the benefit" of the City when doing the things alleged to be wrongful. Because the conduct at issue in the Civil and Criminal Cases involves passing ordinances, approving salaries, approving loans, and responding to Public Records Act requests, Mr. Rizzo is an insured under the ICSOP policy.

Furthermore, to grant summary judgment in Mr. Rizzo's favor on the instant motion for summary judgment requires only a finding that Mr. Rizzo was potentially acting within the course and scope of his employment when doing the things alleged to be wrongful in the Civil and Criminal Actions. ICSOP was putting the cart before the horse when it argued at the hearing that it owed no defense because Mr. Rizzo's conduct was not for the "benefit" of the City. *Gray v. Zurich Ins. Co.*, 65 Cal.2d 263, 275 (1966) and its progeny expressly prohibit reaching the merits of the allegations when evaluating whether an insurer has a duty to defend its insured. A defense is excused only when "the third party complaint can *by no conceivable theory raise a single issue* which could bring it within the policy." *Id.* at 275 n.15. At the very least, a "conceivable theory" here is that Mr. Rizzo was acting in his official capacity to carry out the will of the City Council, and the Civil Cases (for which ICSOP refuses to pay for the defense) have already established that Mr. Rizzo had legislative immunity for the conduct underlying the allegations. There are similarly many defenses that will

3.

be raised in the Criminal Cases that are derivative of this holding, and it appears

that the plaintiffs will succeed in their goal of ensuring that the Criminal Cases

proceed to trial first so that the trial of the Criminal Cases will resolve the

pending Civil Cases. Both the AG and the DA have argued this position to the

trial and appellate courts in the Civil Cases.

The parties agree that the Civil and Criminal Cases are based on the exact

same facts. The vast majority of the charges in the Criminal Case are

misappropriation counts that require the plaintiff to establish that Mr. Rizzo

lacked authority to approve certain loans to City employees, and Mr. Rizzo could

be found guilty of those counts without any finding of "willfulness" whatsoever.

All misappropriation counts in the criminal cases are, effectively, negligence

claims. *Stark v. Super. Ct.*, 52 Cal.4th 368, 400 (2011) ("[W]e agree with the

People that we should construe the applicable subdivisions of section 424 to

require actual knowledge or criminal negligence."). The AG's FAC, like the

Criminal Cases, is permeated with allegations of negligence by Mr. Rizzo, and in

the Policy ICSOP promised to defend Mr. Rizzo against negligence claims

arising from acts done in the course and scope of Mr. Rizzo's employment. The

defense of the Criminal Cases is necessary for the defense of the Civil Cases for

the reasons briefed in Mr. Rizzo's Reply (Docket No. 25), so ICSOP must

defend the Criminal Cases as part of its defense of the Civil Cases. *Aerojet-*

*General Corp. v. Transport Indem. Co.*, 17 Cal.4th 38, 61 (1997); *see also NextG*

*Networks, Inc. v. One Beacon Am. Ins. Co.*, 2012 WL 440885 (N.D. Cal. Feb. 10,

2012); *Kla-Tencor Corp. v. Travelers Indem. Co. of Il.*, 2004 WL 1737297, at *7

(N.D. Cal. Aug. 4, 2004). ICSOP's citation to *Stein v. International Insurance*

*Co.*, 217 Cal.App.3d 609, 614 (1990) and *United Pacific Ins. Co. v. Hall (United*

*Pacific)*, 199 Cal.App.3d 551, 556, (1988) confirm this obligation. In *Stein*,

there was no pending civil case at the time the criminal case was tendered for a

defense, and the court in *Stein* simply held that "[a defense] was not warranted

4.

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

1   by the nebulous possibility of a future civil suit." *Stein*, 217 Cal.App.3d at 615

2   (emphasis added). In *United Pacific Ins. Co.* the court simply held that

3   representing a juvenile in an unrelated criminal case was not "necessary" to

4   defend the covered civil action because the stated purpose for the criminal

5   representation was to observe the demeanor of witnesses, which could have been

6   accomplished through depositions. In Mr. Rizzo's case, however, there are

7   pending covered Civil Cases based on the exact same facts as the Criminal

8   Cases, and civil liability would follow *automatically* from any finding of

9   criminal responsibility, which is far different from the "nebulous possibility of a

10  future civil suit" at issue in *Stein*.

11      For these reasons, ICSOP must defend Mr. Rizzo in both the Civil and

12  Criminal Cases.

13  Dated:   October 15, 2012          LAW OFFICES OF JAMES W. SPERTUS

14

15                                      By:    /S _____

16                                             James W. Spertus
                                               Ezra D. Landes
17                                             Attorneys for Plaintiff Robert A. Rizzo

18

19

20

21

22

23

24

25

26

27

28

---

5.

*SUPPLEMENTAL MEMORANDUM*