**SARA M. THORPE (SBN: 146529)**
**VANESSA O. BEARY (SBN: 225699)**
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant
THE INSURANCE COMPANY OF
THE STATE OF PENNSYLVANIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. RIZZO, an Individual, | Case No.: CV-12-04347 DMG (FMOx) |
| Plaintiff, | |
| vs. | ICSOP'S OBJECTION AND RESPONSE TO SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF ROBERT RIZZO'S MOTION FOR SUMMARY JUDGMENT |
| THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a Pennsylvania corporation, and CHARTIS CLAIMS, INC., a Delaware corporation, | |
| | Complaint filed: May 18, 2012 |
| Defendants. | MSJ Hearing Date: October 12, 2012 Time: 2:00 p.m. Ctrm: 7 Hon. Dolly M. Gee |

The Insurance Company of the State of Pennsylvania ("ICSOP") submits its objection and response to the Supplemental Memorandum filed in Support of Robert Rizzo's Motion for Summary Judgment (Docket #39) ("Rizzo Supp."). ICSOP objects because Rizzo's filing is not permitted under the Federal Rules of Civil Procedure or local rules, and the Court did not request supplemental briefing. Rizzo's filing should be disregarded. However, if considered, ICSOP respectfully requests this response also be considered by the Court.

The parties are before the Court on cross-motions for summary judgment on whether there is a duty to defend Rizzo under a liability policy ICSOP issued to the City of Bell. The issue upon which the Court focused at the hearing was whether Rizzo qualifies as an insured under the ICSOP policy. Rizzo's Supp. re-argues his position, but fails to provide any new authority, and ignores the considerable contrary authority presented to the Court on the subject.

This is a matter of contract interpretation. The plain meaning of the policy wording and common sense govern its interpretation. Cal. Civ. Code § 1644; *Waller v. Truck Ins. Exch.*, 11 Cal.4th 1, 18 (1995). It should be interpreted consistent with the insured's reasonable expectations at the time of contracting. Cal. Civ. Code § 1649; *Bank of the West v. Sup. Ct.,* 2 Cal.4th 1254, 1264 (1992).

The City purchased the ICSOP policy to cover liability to third parties. That coverage extends to City officials and employees who are sued while acting "on behalf of" the City, or in the "course and scope of their employment" with the City. It is beyond belief that the City would reasonably expect or intend its insurance policy to fund the defense of an official/employee <u>the City sued</u> for conduct completely antagonistic, harmful, and at cross-purposes with the City's interests.

*All* the claims in the Civil Action and Criminal Actions (Rizzo argues all the allegations are the same) are that Rizzo acted in a manner that was for his benefit, and not the City's. The City's and State's lawsuit allege Rizzo's conduct (alone

and in concert with his colleagues) was for his own personal, financial purposes.

There is ample authority that a director, officer, or partner sued for conduct that is not on behalf of the company or partnership, does not qualify as an insured under that company/partnership's insurance policy. *Milazo v. Gulf Ins. Co.*, 224 Cal.App.3d 1528, 1539 (1990); *Lomes v. Hartford Fin. Serv. Group, Inc.*, 88 Cal.App.4th 127 (2001); *Farr v. Farm Bureau Ins. Co.*, 61 F.3d 677, 681 (8th Cir. 1995); *Wolfes v. Burlington Ins. Co.,* 2010 U.S. Dist. LEXIS 21753 (N.D. Cal. 2010). Those cases hold, in a variety of different situations, that there is no duty to defend one (like Rizzo) whose conduct is "antagonistic" to (*Farr, supra,* 61 F.3d at 881), or "against the very business organization that give him his status as an insured person" (*Milazo, supra,* 224 Cal.App.3d at 1539).

Rizzo ignores in its submission additional authorities ICSOP cited in its brief and discussed at the hearing relating to the duty to defend an employee who is not acting in the "scope of employment." *Farmers Ins. Group v. County of Santa Clara*, 11 Cal.4th 992, 1002 (1995); *State Farm Fire & Cas. Co. v. Century Indem. Co.,* 59 Cal.App.4th 648 (1997). While the Court noted those cases involved the question of whether there was the duty to indemnify, the duty of one insurer to indemnify the other was based on whether there was a duty to defend the employee who was acting in a manner that was not part of the job he was employed to do. In both cases, the employee was defended by his own homeowners' insurer and that insurer sought recovery of defense costs from the employers' insurer. In both cases the courts found no obligation on the part of the employer's insurer to defend the employee because the employee, while wearing the hat of his employment, was not performing acts within the scope of that employment. *Farmers, supra,* 11 Cal.4th at 1019-1020; *State Farm, supra,* 59 Cal.App.4th at 665 (noting no duty to defend sexual molestation, but may be duty to defend unrelated conduct).

As was explained in the briefing and at the hearing, Rizzo's citations to

-2-
ICSOP'S OBJECTION AND RESPONSE TO RIZZO'S SUPPLEMENTAL MEMORANDUM
CASE NO.: CV-12-04347 DMG (FMOX)

*Alma* and *White* are not on point. *Alma W. v. Oakland Unified School Dist.*, 123 Cal.App.3d 133, 144 (1981); *White v. County of Orange,* 166 Cal.App.3d 566, 571 (1985). Neither case concerns an insurer's duty to defend. Both analyze whether an employer can be held vicariously liable for an employee's tortuous conduct during employment, which turns on whether: 1) the act was required or incident to the employee's duties, or 2) reasonably foreseeable by the employer. *Alma, supra,* 123 Cal.App.3d at 129. Even if that test were applicable to deciding this insurance coverage issue, there is no question but that allegedly embezzling, stealing, and misappropriating millions of dollars in City funds, as the City and State accuse Rizzo of doing, are neither "required or incident" to Rizzo's job nor reasonably foreseeable by the City as conduct expected of its employee.

Rizzo argues he was carrying out the "will of the City council" (Rizzo Supp. at 3:25-26), so he should qualify as an insured for liability for those actions. But the "City council" is not the insured; the City council is the group of individuals who, working with Rizzo, implemented the alleged scheme to steal from the City. Nowhere in the City's and State's pleadings do they allege Rizzo was "carry[ing] out the will of the City" in embezzling, stealing, and misappropriating City funds.

Under California contract interpretation law and guidance from the case law, there cannot be any duty to defend Rizzo against his employer's lawsuit. Again, borrowing from *Milazo*, requiring the City's insurance policy to defend Rizzo against the City's claims makes no sense:

> To hold that a partner could be covered under a partnership general liability policy for his acts *against* the very business organization that gives him his status as an insured person would turn the concept of partnership coverage on its head. *Milazo, supra,* 224 Cal.App.3d at 1539.

Further, there cannot be any duty to defend the Criminal Actions despite Rizzo's attempt to generalize the criminal allegations against Rizzo as "effectively negligence claims." (Rizzo's Supp. at 4:11-12.) (The criminal pleadings allege

-3-

criminal, not negligent, conduct.)  This very argument was rejected by the California Supreme Court in *Foster-Gardner, Inc. v. National Union Fire Ins. Co.*, 18 Cal.4th 857, 883 (1998), cited in ICSOP's pleadings:

> It is well established that an insurer is not required to provide a criminal defense to an insured under a liability policy obligating the insurer to pay 'damages' for which the insured is found liable.  Nevertheless, a guilty verdict against the insured in the criminal proceeding may well affect the insured's ability to meaningfully defend any subsequent civil action.  The fact that damaging, perhaps even irrefutable, findings will be made does not mean that a duty to defend arises in the criminal proceeding. *Id.* (citation omitted).

There is simply no duty under the ICSOP policy to defend the Criminal Actions for the many reasons set forth in the motion papers.  Further, any attempt to bootstrap a requirement to defend is against California law and public policy.  Cal. Ins. Code § 533.5.

For these reasons and those set forth in ICSOP's motion papers, there is no duty to defend Rizzo against the City and State's lawsuits.

Dated: October 16, 2012         GORDON & REES LLP

                                By:  /s/ *Sara M. Thorpe*_____
                                     Sara M. Thorpe
                                Attorneys for Defendant
                                THE INSURANCE COMPANY OF
                                THE STATE OF PENNSYLVANIA