SARA M. THORPE (SBN: 146529)
Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant
THE INSURANCE COMPANY OF
THE STATE OF PENNSYLVANIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. RIZZO, an Individual,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, et al.,<br><br>　　　　　Defendants. | Case No.: CV-12-04347 DMG (FMOx)<br><br>**RESPONSE TO RIZZO'S SUPPLEMENTAL MEMORANDUM**<br><br>Complaint filed: May 18, 2012 |

The Insurance Company of the State of Pennsylvania ("ICSOP") submits its response to the Supplemental Memorandum and Notice of Lodgment (Docket #45) ("Rizzo Supp.") which Rizzo filed in support of his Motion for Summary Judgment. To the extent the Court considers Rizzo's submission, ICSOP respectfully requests the Court also consider this response.

The Court of Appeal's recent opinion in *People v. Rizzo, et al.*, Court of Appeal Case No. B236246 (the "Opinion") supports ICSOP's position that there is no duty to defend Rizzo under the ICSOP policy. The Court of Appeal describes all of Rizzo's alleged conduct as antagonistic to the interests of the City (the named insured on the ICSOP policy under which Rizzo seeks insurance coverage). Thus Rizzo does not qualify as an insured. The Opinion confirms the remedy the State sought was not damages. Further, the Opinion makes clear that all of the State's claims were for Rizzo's "gain" and "profit" and based on Rizzo's "dishonesty." These claims fall squarely within Exclusions O and P in the ICSOP policy. Finally, nothing in the Court of Appeal's Opinion suggests that there would be a duty to defend the criminal action against Rizzo. The criminal action is not covered by the ICSOP policy, and California Insurance Code section 533.5 prohibits imposing such a duty.

I. **Rizzo Is Not an Insured: The State's Claims That Rizzo Allegedly Looted the City are Antagonistic to the City's Interests and the Doctrine of Legislative Immunity Does Not Change This**

ICSOP's policy insures the City of Bell and its "elected or appointed officials," but *only* while "acting on behalf of the [City]," and its employees, but *only* "while acting within the scope of their employment." (Docket #17-2: UMF #9, 12.)

The Court of Appeal described the issue before it as:

> When it appears that a charter city is under the control of individuals who are looting the city's coffers *for their own benefit*, can the Attorney General, on behalf of the city, bring an action against the allegedly corrupt individuals, to remove the city from

> their control and require them to pay restitution to the city? . . . (Opinion at 3; emphasis added.)

The Court of Appeal described that

> The operative complaint focuses on the excessive salaries and benefits paid defendants, as well as efforts to hide those salaries and benefits from public knowledge. (Opinion at 5.)

There simply is no aspect of the State's complaint that alleged Rizzo was acting on behalf of or in the interests of the City. Thus, Rizzo does not qualify as an insured.

The person seeking coverage cannot be an insured under an insurance policy where that person's conduct is antagonistic to the policy's named insured's interests. *See, Lomes v. Hartford Financial Services Group, Inc.*, 88 Cal.App.4th 127, 134-135 (2001) (director was not acting in insured capacity in defaming named insured corporation); *Farr v. Farm Bureau Ins. Co.*, 61 F.3d 677, 681 (8th Cir. 1995) ("The policies are ... designed to protect the officer who act[s] to advance the business interests of the corporation, not the officer who acts in a manner that is antagonistic toward the corporation's business interests"); *Milazo v. Gulf Insurance Co.*, 224 Cal.App.3d 1528, 1539 (1990) (it would "turn the concept of partnership coverage on its head" to hold the partnership's policy covered a partner who was stealing from it). As one court summed it up: one who "acts in a manner that is antagonistic toward [his principal's] business interests" is simply not acting on its behalf. *Lomes, supra,* 88 Cal.App.4th at 134.

Rizzo's alleged conduct is outside the "course and scope" of what is expected of an employee. *See, Farmers Ins. Group v. County of Santa Clara*, 11 Cal.4th 992, 1004 (1995) (no duty to defend county employee who "substantially deviate[d] from the employment duties for personal purposes."); *State Farm Fire & Cas. Co. v. Century Indem. Co.*, 59 Cal.App.4th 648, 658 (1997) (same).[1]

---

[1] Rizzo again cites *Cassady v. Morgan, Lewis & Bockius, LLP,* 145 Cal.App.4th 220 (2006) and *Alma W. v. Oakland Unified School Dist.*, 123 Cal.App.3d 133, 144 (1981), neither of which

-2-

Rizzo contends that the appellate court's finding that legislative immunity bars certain claims means he qualifies as an insured because, for legislative immunity to apply, one must be acting in an official capacity. (Rizzo Supp. at 3-5.) However, the two concepts are not the same.

The Tort Claims Act generally "affords a public employee personal immunity from suit when the act or omission for which recovery is sought resulted from 'the exercise of the discretion vested in him.'" *Caldwell v. Montoya*, 10 Cal.4th 972, 976 (1995). Immunity applies to discretionary acts, "whether or not such discretion be abused." Government Code § 820.2.

The Court of Appeal concluded some of the State's allegations "constituted *both* abuses of discretion *and* unauthorized ultra vires acts," not merely errors in city management. (Opinion at 10.) Abuse of discretion is subject to legislative immunity, while ultra vires acts are not. (*Id.* at 40.) However, contrary to Rizzo's assertion, allegations of abuse of discretion (particularly, relating to stealing from one's employer) do not equate with acting on the employer's behalf or in the course and scope of that employment.

The "misleading ordinance" illustrates the distinction. Discussing the third cause of action for fraud against all defendants, the Court of Appeal stated: "We can conceive of few statements which come so completely within the scope of the legislative privilege more than the title and text of actual legislation." (Opinion at 29.) The Court of Appeal concluded that legislative immunity bars any claims based on the "misleading ordinance." (*Id.*) Nevertheless, the "misleading ordinance" was an ordinance titled as "*limiting* compensation for members of the City Council ... when, in fact, [it] nearly *doubled* their compensation." (*Id.*)

---

supports Rizzo's position. As ICSOP pointed out before, in *Cassady*, a legal malpractice case, there was no dispute the attorney was acting in the course and scope of his employment when sued for malpractice; the issue was whether the acts occurred while at that law firm or another law firm. In *Alma*, a sexual misconduct case, the court held the employee was *not* acting in the scope of his employment because his sexual misconduct was neither required nor an incident of his employment and not a reasonably foreseeable consequence of the educational enterprise.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Although subject to immunity, the "misleading ordinance" cannot by any stretch of the imagination be considered an act "on behalf of the [City]" or "within the scope of ... employment," as is required to be an insured under the ICSOP policy.

The fact that governmental immunity bars some of the State's claims does not establish that those claims involved acts on behalf of the City or in the scope of employment; it simply means the State cannot pursue Rizzo on that theory of liability. The claims (under any label) are that Rizzo stole from the City to enrich himself. The City (through the State) is suing him. It is contrary to reason to hold that the City's own policy should have to defend the party the City is suing. The Court of Appeal's Opinion reinforces this conclusion.

## II. No Potentially Covered Claim: The State was not Seeking Damages

ICSOP's policy only covers "damages." (Docket # 17-2: UMF #11, 14.)

Rizzo argues, based on the Court of Appeal's Opinion, that the State will "obviously abandon" its prior pleading and file an amended complaint seeking damages. (Rizzo Supp. at 9.) Rizzo suggests the State's characterization of its claims as solely restitution claims was a tactical decision to plead around the potential bar of the Tort Claims Act. (*Id.*) Claims for money or damages have to first be presented through the Tort Claims Act (if the Act applies to the entity filing suit). Gov. Code § 905. (Opinion at 20.)

The simple fact remains that the State's claims up to now have been for restitution. Whether the State will now choose to pursue a damage claim will have to be reviewed when and if it is made.[2] ICSOP does not have, and has not had, any duty to defend Rizzo.

The State sought restitution and other equitable relief (*i.e.*, constructive trust, declarations of rights, appointment of a receiver, and an injunction prohibiting

---

[2] Even if the State were to amend its complaint to include a claim for damages, the ICSOP policy will still not cover the claim because Rizzo is not an insured [see above] and policy exclusions preclude coverage [see below].

-4-

RESPONSE TO RIZZO'S SUPPLEMENTAL MEMORANDUM

CASE NO.: CV-12-04347 DMG (FMOX)

additional payments). (Docket #17-2: UMF #2 [FAC Prayer, ¶¶ 1-18].) The State sought to recover excessive funds paid to Rizzo and his colleagues and to enjoin them from harming the City further. The State sought various orders requiring restitution, precluding Rizzo from receiving retirement benefits, appointing a receiver, and prohibiting the City from paying excess salaries, making retirement contributions or disbursing benefits. Its prayer for relief did not include damages. (*Id.*)

In opposing Rizzo's demurrer, the State explained it was *not* seeking money damages, but rather sought restitution and other equitable relief. (Docket #17-2: UMF # 6, 17.) The State reiterated this in its opening brief when appealing the trial court's order sustaining the demurrer. (Docket #17-2: UMF #8.) Disclaimers of any intent to seek damages are a sound basis for finding that an insurer has no duty to defend. *Low v. Golden Eagle Ins. Co.*, 99 Cal.App.4th 109, 114 (2002); *Sony Computer Enter. America, Inc. v. American Home Assur. Co.*, 532 F.3d 1007, 1020. (9th Cir. 2008).

While a claim labeled as "restitution" can, in some circumstances, represent damages, this is not the case here. *See, The Los Osos Community Services District v. American Alternative Ins. Corp.*, 585 F.Supp.2d 1195, 1208 (C.D. Cal. 2008) (waste claim based on excessive payments to others presented a "potential for monetary liability *in the absence of personal benefit* trigger[ed a] duty to defend" [emphasis added]).

*Los Osos* is distinguishable from the case at bar. There is no question that here, unlike *Los Osos*, all of the State's claims against Rizzo were that he was acting for his own personal benefit. (*See e.g.,* Opinion at 3, 5-6.) Thus, the State's claims for restitution do not constitute damages in this instance.

Restitution is not "damages" under the ICSOP policy. *Bank of the West v. Superior Court,* 2 Cal.4th 1254, 1266 (1992). The Court of Appeal's Opinion should lay that argument to rest.

-5-
RESPONSE TO RIZZO'S SUPPLEMENTAL MEMORANDUM

CASE NO.: CV-12-04347 DMG (FMOX)

### III. Claims All Excluded: Personal Gain and Dishonest Acts

The ICSOP policy provides that ICSOP will not defend or pay for claims or suits "arising out of an alleged willful commission of a crime by you or other dishonest, fraudulent, or malicious act" (Exclusion O), or "arising out of your wrongful act for gain, profit, or advantage to which you are not legally entitled" (Exclusion P). (Docket #17-2: UMF #14.)

"Arising out of" is construed broadly. *Continental Cas. Co. v. City of Richmond*, 763 F.2d 1076, 1080 (9th Cir. 1985) (exclusion applied to all claims that "originat[e] ... or flow from" excluded conduct); *Medill v. Westport Ins. Co.*, 143 Cal.App.4th 819, 831 (2006) (all causes of action, including negligence, breach of fiduciary duty, and concealment, arose from excluded breach of contract).

The Court of Appeal's Opinion makes clear there is not a single claim by the State that is not "arising out of" allegations Rizzo acted for his own gain or profit. (See, Opinion at 5.) All of the State's claims allege Rizzo acted dishonestly. Rizzo does not dispute this - he reiterates (as he did in the motion proceedings) that the claims in both the civil and criminal actions "are identical." (Rizzo Supp. at 11.)

ICSOP's policy excludes all of the State's claims.

### IV. Criminal Action: No Duty to Defend

Even though the Court of Appeal's Opinion addressed the State's civil lawsuit and only mentions the pending criminal lawsuit in connection with whether the civil lawsuit should be stayed, Rizzo uses the Opinion to again argue ICSOP should defend the criminal lawsuit. (Rizzo Supp. at 10.)

As has been fully briefed and argued, there is no obligation under the ICSOP policy to defend the criminal lawsuit because Rizzo does not qualify as an insured, the criminal action is not a "claim" or "suit," it does not seek damages, and all the claims are excluded. *See e.g., Jaffe v. Cranford Ins. Co.*, 168 Cal.App.3d 930, 934

-6-

(1985) ("neither imprisonment nor a fine constitutes 'damages' for insurance purposes"); *State Farm Fire and Casualty Co. v. Superior Court*, 191 Cal.App.3d 74, 77 (1987) (homeowners' policy did not cover any liability the court could impose in criminal action against insured).

Further, it is well-settled by California statute, law, and public policy that an insurer cannot be required to defend a criminal action under a policy covering an insured's liability for "damages." Calif. Ins. Code § 533.5; Calif. Civ. Code § 1668; *Stein v. International Ins. Co.*, 217 Cal.App.3d 609, 614 (1990).

Rizzo argues the insurer should defend the criminal lawsuit because it is a "parallel proceeding" and if he prevails, there may not be a civil suit. (Rizzo Supp. at 10.) California courts have categorically rejected this argument. *United Pacific Ins. Co. v. Hall,* 199 Cal.App.3d 551, 555-556 (1988) (no duty to defend juvenile criminal proceeding despite defense of related civil action); *Stein, supra,* 217 Cal.App.3d at 614 (no duty to defend criminal charges even if defense was necessary to defense of a potential civil claim); *Foster-Gardner, Inc. v. National Union Fire Ins. Co.*, 18 Cal. 4th 857, 883 (1998) (same).

For all the reasons set forth above, and those set forth in ICSOP's motion papers, there is no duty to defend Rizzo in the State's civil lawsuit, the City's cross-complaint, or the criminal lawsuit.

Dated: March 27, 2013            GORDON & REES LLP

By: /s/ *Sara M. Thorpe*
Sara M. Thorpe
Attorneys for Defendant ICSOP