SARA M. THORPE (SBN: 146529)
sthorpe@gordonrees.com
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorney for Defendant
THE INSURANCE COMPANY OF
THE STATE OF PENNSYLVANIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. RIZZO, an Individual,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a Pennsylvania corporation, and CHARTIS CLAIMS, INC., a Delaware corporation,<br><br>　　　　　Defendant. | Case No.: CV-12-04347 DMG (FMOx)<br><br>**ICSOP'S RESPONSE TO RIZZO'S "PERTINENT AND SIGNIFICANT AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT"**<br><br>**Complaint filed:** May 18, 2012<br><br>**MSJ Hearing**<br>Date: October 12, 2012<br>Time: 2:00 p.m.<br>Ctrm: 7<br><br>**Hon. Dolly M. Gee** |

## I.   INTRODUCTION

The Insurance Company of the State of Pennsylvania ("ICSOP") submits its response to Plaintiff Robert Rizzo's "Pertinent and Significant Authorities in Support of Plaintiff's Motion for Summary Judgment (FRAP 28(J) Analogy)" (Docket #48) (hereinafter "Rizzo Supp."). To the extent the Court considers Rizzo's supplemental filing, ICSOP respectfully requests the Court also consider this response.

The additional "new" authorities submitted by Rizzo do not establish a duty on the part of ICSOP to defend Rizzo in either the Civil or Criminal Actions that are the subject of the parties' respective motions for summary judgment.

Specifically, *Mt. Hawley Insurance Co. v. Lopez*, 215 Cal.App.4th 1385 (2013) has no bearing on whether ICSOP owes Rizzo a duty to defend the Criminal Action. *Mt. Hawley* interpreted an insurance policy that specifically required that insurer to defend criminal proceedings and investigations against its insured. *Id*. at 1391. In contrast, the ICSOP Policy issued to the City of Bell under which Rizzo seeks a defense does not provide that ICSOP has a duty to defend criminal proceedings or investigations. Rather, the ICSOP Policy provides that ICSOP only has a duty to defend *civil* proceedings seeking damages.

*Lu v. United States*, 2013 U.S. Dist. LEXIS 109795 (C.D. Cal. 2013) ("*Lu*")[1] is inapplicable to the issue of whether Rizzo is an insured under the ICSOP Policy. *Lu* concerns whether an employer can be held *vicariously liable* for an employee's sexual misconduct against a *third-party*, not whether Rizzo fits within the definition of an insured under the City's liability policy when the City is suing Rizzo for stealing from the City.

## II. ICSOP HAS NO DUTY TO DEFEND THE CRIMINAL ACTION

In his Supplemental Brief, Rizzo again argues that ICSOP should defend the Criminal Action because it is a "parallel proceeding" and if he prevails, there may not be a civil suit. (Rizzo Supp. at 2:3-8.) Again, California courts have categorically rejected this argument. *United Pacific Ins. Co. v. Hall*, 199 Cal.App.3d 551, 555-556 (1988) (no duty to defend juvenile criminal proceeding despite defense of related civil action); *Stein v. International Ins. Co.*, 217 Cal.App.3d 609, 614 (1990) (no duty to defend criminal charges even if defense

---

[1] While Rizzo refers to the August 5, 2013 district court decision in *Lu*, Rizzo's filing primarily discusses a decision from the Ninth Circuit rendered several years previously, *Xue Lu v. Powell*, 621 F.3d 944 (9th Cir. 2010) ("*Xue Lue*"), which, obviously, is not a "new decision."

was necessary to defense of a potential civil claim); *Foster-Gardner, Inc. v. National Union Fire Ins. Co.*, 18 Cal. 4th 857, 883 (1998) (same).

Rizzo argues that a recently decided case, *Mt. Hawley*, gives rise to a duty to defend the Criminal Action because the court in that case held California Insurance Code section 533.5 "does not preclude an insurer from *agreeing* to provide a defense for criminal actions against its insured brought by federal prosecutors." *Mt. Hawley*, *supra*, 215 Cal.App.4th at 1390 (emphasis added).  In *Mt. Hawley*, the insurer issued an executive liability policy in which the insurer agreed to defend the insured against certain claims.  An endorsement to the policy defined those claims to include "a criminal proceeding against any Insured commenced by return of an indictment" or a "formal civil, criminal, administrative or regulatory investigation against the Insured."  *Id*. at 1391.  Based on that policy language, and that California Insurance Code section 533.5 does not forbid an insurer from *agreeing* to defend certain criminal proceedings, the court found Mt. Hawley had a duty to defend the criminal proceeding.  *Id.* at 1421-4123.

The ICSOP Policy is quite different.  It does not promise to defend against criminal proceedings.  The ICSOP Policy provides for a "duty to defend … any 'claim' or 'suit' seeking damages covered by the terms and conditions of the Policy." (Docket 17-2: Uncontroverted Material Facts ["UMF"] #11.)  "Claim" is defined as a demand for money and "suit" as a "civil proceeding" in which damages are alleged.  (*Id*. at UMF #13.)  The ICSOP Policy expressly excludes from coverage a claim for "any other form of relief other than the payment of money damages."  (*Id*. at UMF #14.)

"It is well-established under California law that an insurer is not obligated to defend criminal proceedings when its policy covers only claims seeking 'damages'" since criminal actions (like the one against Rizzo) do not seek damages. *Bodell v. Wallbrook Ins. Co.,* 119 F.3d 1411, 1418 (9th Cir. 1997); *see also Stein, supra*, 217 Cal.App.3d at 614 ("It is well established that an insurer is

-3-
ICSOP'S RESPONSE TO RIZZO'S "PERTINENT AND SIGNIFICANT AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT"

not required to provide a criminal defense to an insured under a liability policy obligating the insurer to pay 'damages' for which the insured is found liable."); *State Farm Fire and Casualty Co. v. Superior Court*, 191 Cal.App.3d 74, 77 (1987) (homeowners' policy only obligating the insurer to pay for "damages" did not cover any liability the court could impose in criminal action against insured); *Perzik v. St. Paul Fire & Marine Ins. Co.*, 228 Cal.App.3d 1273, 1277 (1991) ("Where the language of an insurance policy plainly obligates an insurer to defend an action for damages against the insured, the insurer has no obligation to defend an insured in criminal or administrative proceedings where damages are not sought."); *Jaffe v. Cranford Ins. Co.*, 168 Cal.App.3d 930, 934 (1985) ("[N]either imprisonment nor a fine constitutes 'damages' for insurance purposes . . . .").

Thus, the *Mt. Hawley* case does not support Rizzo's position. The ICSOP Policy does not provide a defense for criminal proceedings.

### III. RIZZO IS NOT AN INSURED UNDER THE ICSOP POLICY

The ICSOP Policy insures the City and its "elected or appointed officials," but *only* while "acting on behalf of the [City]," and its employees, but *only* "while acting within the course and scope of their employment." (Docket #17-2: UMF #9, 12.) As has been submitted to the Court before, California courts consistently hold that, where the conduct of an official, officer, or employee is antagonistic to the partnership or employer, that individual is neither acting on behalf of the partnership or employer nor in the course and scope of his duties to the partnership or employer for purposes of insurance coverage under the partnership's or employer's insurance policy. *See, e.g., Lomes v. Hartford Financial Services Group, Inc.,* 88 Cal.App.4th 127 (2001); *Milazo v. Gulf Insurance Co.,* 224 Cal.App.3d 1528 (1990); *Farr v. Farm Bureau Insurance Co.,* 61 F.3d 677 (8th Cir. 1995) (cited in *Lomes); Wolfes v. Burlington Ins. Co.,* 2010 U.S. Dist. LEXIS 21753 (N.D. Cal. 2010).

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

The case Rizzo brings to the Court's attention, *Lu*, is not contrary to the above-cited law, and is factually and legally distinguishable from Rizzo's situation. *Lu* does not address the issue of whether an employer's liability policy requires an insurer to defend an official and employee of the employer against *the employer's* claims that the official/employee was acting in a manner antagonistic to the *employer's interests*. Rather, *Lu* concerns whether an entity can be held vicariously liable for an employee's misconduct against a *third party*.

In *Lu*, the district court ruled the United States was liable for an asylum officer's demand of sexual favors and money in exchange for granting asylum applications for two Chinese female refugees. That ruling arose after the district court had previously dismissed the claim on the basis that the asylum officer was not acting within the course and scope of his employment. The Ninth Circuit then reserved and remanded the case back to the district court. *Xue Lu*, *supra*, 621 F.3d 944.

In analyzing whether the United States should be liable for the asylum officer's misconduct, the Ninth Circuit evaluated the following policy considerations supporting the rule of *respondeat superior*: "(1) to increase the vigilance and precautions of the employer; (2) to insure compensation for the injury; and (3) to spread the risk of loss." *Id*. at 949. Based on that criteria, the Ninth Circuit concluded that "[t]o compensate his victims, spread the loss, and stimulate the government to greater vigilance in controlling aberrant behavior, California law makes the United States bear the cost of Powell's conduct, unauthorized but incidental to the asylum system." *Id*.

The *Lu* case has nothing to do with the question before this Court. As has been pointed out before in the parties' briefing to the Court, public policy considerations relevant to an employer's vicarious liability for its employee's misconduct towards a third party (e.g., to make sure the injured party is compensated, increasing the vigilance and precautions of employers, and spreading

the risk of loss) are not considerations present where an employee's misconduct is directed toward his employer.

The State's Complaint and City's Cross-Complaint allege Rizzo's conduct was antagonistic to the interests of Rizzo's employer, the City.[2]  The *Lu* case does not say anything different.  Rizzo does not qualify as an insured under the ICSOP Policy and, therefore, there is no duty to defend Rizzo.

## IV.  CONCLUSION

For these reasons, and those set forth in ICSOP's motion papers, there is no duty to defend Rizzo in either the Civil or Criminal Actions.  ICSOP respectively requests the Court deny Rizzo's motion for summary judgment and grant ICSOP's motion for summary judgment.

Dated: August 23, 2013         GORDON & REES LLP


By___/s/ *Sara M. Thorpe*_____
         Sara M. Thorpe
Attorney for Defendant
THE INSURANCE COMPANY OF
THE STATE OF PENNSYLVANIA

---

[2] That Rizzo's alleged conduct is antagonistic to the interests of the City is further evidenced by the ongoing dispute between the City and Rizzo regarding whether the City has an obligation to defend Rizzo against the Civil and Criminal Actions pursuant to an employment contract.  This dispute is currently before the Court of Appeal of the State of California, Second Appellate District, Division Three, Case No. B247362, on the City's writ.  Attached here are an Order to Show Cause (**Ex. A**) and July 26, 2013 letter from the Court of Appeal (**Ex. B**), regarding the nature of that dispute.  ICSOP requests the Court take judicial notice of these documents and this dispute pursuant to Federal Rules of Evidence 201.  *See Schweitzer v. Scott*, 469 F.Supp. 1017, 1020 (C.D. Cal. 1979) (court may take judicial notice of court files and records); *Garcia v. Harrington*, 2010 U.S. Dist. LEXIS 104325 at *5-6 (C.D. Cal. 2010) (same).

CHCV/1080788/16664718v.1

-6-
ICSOP'S RESPONSE TO RIZZO'S "PERTINENT AND SIGNIFICANT AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT"

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111