SPERTUS, LANDES & UMHOFER, LLP
James W. Spertus (SBN 159825)
Ezra D. Landes (SBN 253052)
1990 South Bundy Dr., Suite 705
Los Angeles, California 90025
Telephone: (310) 826-4700
Facsimile: (310) 826-4711
jim@spertuslaw.com
ezra@spertuslaw.com

Attorneys for Plaintiff Robert A. Rizzo

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. RIZZO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a Pennsylvania corporation, and CHARTIS CLAIMS, INC., a Delaware corporation.<br><br>Defendants. | Case No. CV-12-04347-DMG (FMOx)<br><br>Hon. Dolly M. Gee<br><br>**ROBERT A. RIZZO'S RESPONSE TO REQUEST FOR JUDICIAL NOTICE**<br><br>Date:    October 12, 2012<br>Time:   2:00 p.m.<br>Crtrm:   7 |

In its "Response to Rizzo's 'Pertinent and Significant Authorities in Support of Plaintiff's Motion for Summary Judgment'" (Docket No. 50), ICSOP requests that the Court take judicial notice of two documents related to the writ proceedings now pending before the California Court of Appeal in *City of Bell v. Superior Court of Los Angeles County (Robert A. Rizzo, Real Party in Interest)*, Case No. B247362. (ICSOP's Response, Docket No. 50, at p.6 n.2). ICSOP requests that the Court take judicial notice of a May 8, 2013 order (Docket No. 50-1) and a July 26, 2013 letter (Docket No. 50-2) from the Court of Appeal setting forth the specific issues for which the Court of Appeal requested briefing in connection with the writ proceedings. ICSOP argues that the Court should

1  take judicial notice of these documents because they purportedly evidence "[t]hat
2  Rizzo's alleged conduct is antagonistic to the interests of the City." (*Id.*)

3        Mr. Rizzo objects to the Court taking judicial notice of these documents
4  for what amounts to an improper purpose under FRE 201.  Contrary to ICSOP's
5  argument, the Court cannot infer from the Court of Appeal's questions in the
6  order and letter that Mr. Rizzo's "conduct is antagonistic to the interests of the
7  City" because that is "subject to reasonable dispute." (FRE 201(b)).  Separately,
8  as briefed extensively by Mr. Rizzo, in determining whether Mr. Rizzo was
9  acting within the course and scope of his employment it is irrelevant whether Mr.
10 Rizzo's conduct was "antagonistic to the interests of the City." *Xue Lu v.*
11 *Powell*, 621 F.3d 944, 948 (9th Cir. 2010) (quoting *Lisa M. v. Henry Mayo*
12 *Newhall Memorial Hospital*, 12 Cal.4th 291, 296-97 (1995) ("'California no
13 longer follows the traditional rule that an employee's actions are within the scope
14 of employment only if motivated, in whole or part, by a desire to serve the
15 employer's interests.'").

16       The exhibits attached to ICSOP's response only evidence that the City,
17 like ICSOP, is also attempting to take advantage of the storm of negative
18 publicity against Mr. Rizzo to avoid its clear contractual duty to defend Mr.
19 Rizzo, and these documents are not relevant to Mr. Rizzo's instant motion for
20 summary adjudication.  Nonetheless, to the extent that the Court decides to take
21 judicial notice of these documents, Mr. Rizzo respectfully requests that the Court
22 also take judicial notice of the trial court's April 30, 2012 Order in the action
23 underlying the writ proceedings (attached hereto as Exhibit A), in which the trial
24 court held that the City is obligated to defend Mr. Rizzo pursuant to the express
25 terms of Mr. Rizzo's employment agreement with the City.  Additionally, Mr.
26 Rizzo also requests that the Court take judicial notice of Mr. Rizzo's brief filed
27 on August 23, 2013 in response to the Court of Appeal's July 26, 2013 letter
28 (attached hereto as Exhibit B), in which Mr. Rizzo sets forth detailed points and

2.

ROBERT A. RIZZO'S RESPONSE TO REQUEST FOR JUDICIAL NOTICE

authorities establishing the correctness of the trial court's April 30, 2012 ruling, which held that Mr. Rizzo is entitled to a defense from the City.

Dated: August 23, 2013          SPERTUS, LANDES & UMHOFER, LLP

By: /S_____
James W. Spertus
Attorneys for Plaintiff Robert A. Rizzo

3.
ROBERT A. RIZZO'S RESPONSE TO REQUEST FOR JUDICIAL NOTICE